UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTERS, LLC,:
LONG-LINE LEASING, LLC,         :
HELOG AG and HELI-AIR ZAGEL     :
LUFTTRANSPORT AG,               :
                                :
           Plaintiffs,           :
                                :
vs.                             :
                                :   CASE NO. 3:01CV1746 (AVC)
KAMAN AEROSPACE CORPORATION     :
and JOHN DOES I THROUGH V,      :   April 16, 2004
                                :
Defendants.                     :

## ANSWER AND DEFENSES OF KAMAN AEROSPACE CORPORATION

Defendant Kaman Aerospace Corporation ("Kaman"), by and through its undersigned attorneys, responds to plaintiffs' complaint dated September 11, 2001 (the "Complaint") as follows:

1.  Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1 and so leaves plaintiff to its proof.

2.  Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 2 and so leaves plaintiff to its proof.

3.  Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 3 and so leaves plaintiff to its proof.

4.  Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 4 and so leaves plaintiff to its proof.

5.  Kaman admits that it is a Delaware corporation with a principal place of business in Connecticut.

6.  Kaman admits that it participated in the design, manufacture, and sale of the model K-1200 helicopters bearing serial number A94-0014 (registered as N164KA) and serial number A94-0018 (registered as D-HFZA). Kaman denies the remaining allegations in paragraph no. 6.

7.  Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 7 and so leaves plaintiff to its proof.

8.  Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 8 and so leaves plaintiff to its proof.

9.  Kaman does not plead in response to paragraph no. 9 as it is addressed to other "defendants" (i.e., "John Does I through V").

10. The allegations in paragraph no. 10 state a legal conclusion to which no response is required.

11. Kaman neither admits nor denies the allegations in paragraph no. 11 and refers to the agreements which speak for themselves.

12. Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 12 and so leaves plaintiffs to their proof.

13. The allegations in paragraph no. 13 state a legal conclusion to which no response is required.

14. The allegations in paragraph no. 14 state a legal conclusion to which no response is required.

15. Admit.

16. Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 16 and so leaves plaintiff to its proof.

17. Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 17 and so leaves plaintiff to its proof.

18. Kaman admits that Kaman K-1200 model helicopters are designed, manufactured, marketed and sold for use in external lift operations. Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 18 and so leaves plaintiff to its proof.

19. Kaman denies the allegations contained in paragraph no. 19, except to admit that on September 13, 1999, a Kaman K-1200 model helicopter bearing serial number A94-0018 and registered as D-HFZA was involved in an accident in or near Flirsch, Austria.

20. Kaman denies the allegations contained in paragraph no. 20, except to admit that on September 13, 1999, a Kaman K-1200 model helicopter bearing serial number A94-0018 and registered as D-HFZA performed an emergency landing with subsequent damage to the helicopter.

21.     Kaman admits that on September 13, 1999, a Kaman K-1200 model helicopter bearing serial number A94-0018 and registered as D-HFZA performed an emergency landing with subsequent damage to the helicopter. Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 21 and so leaves plaintiff to its proof.

22.     Admit.

23.     Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 23 and so leaves plaintiff to its proof.

24.     Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 24 and so leaves plaintiff to its proof.

25.     Kaman admits that Kaman K-1200 model helicopters are designed, manufactured, marketed and sold for use in external lift operations. Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 25 and so leaves plaintiff to its proof.

26.     Kaman denies the allegations contained in paragraph no. 26, except to admit that on November 4, 1999, a Kaman K-1200 model helicopter bearing serial number A94-0014 and registered as N164KA was involved in an accident in or near Emida, Idaho.

27.     Kaman denies the allegations contained in paragraph no. 27, except to admit that on November 4, 1999, a Kaman K-1200 model helicopter bearing serial number A94-0014 and registered as N164KA performed a hard landing resulting in some damage to the helicopter.

28. Kaman admits that on November 4, 1999, a Kaman K-1200 model helicopter bearing serial number A94-0014 and registered as N164KA performed a hard landing resulting in some damage to the helicopter. Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 28 and so leaves plaintiff to its proof.

29. Deny.

30. Kaman denies that it is liable to plaintiffs for any damages related to the helicopter accidents. Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 30 and so leaves plaintiffs to their proof.

31. Kaman incorporates herein its responses to paragraph nos. 1 through 30 above.

32. Kaman admits that it participated in the design, manufacture, and sale of model K-1200 helicopters; one bearing serial number A94-0014 and registered as N164KA and one bearing serial number A94-0018 and registered as D-HFZA. Because the remaining allegations are vague and ambiguous, Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 32 and so leaves plaintiffs to their proof.

33. Kaman admits that it participated in the design, manufacture, and sale of model K-1200 helicopters; one bearing serial number A94-0014 and registered as N164KA and one bearing serial number A94-0018 and registered as D-HFZA. Kaman denies the remainder of the allegations contained in paragraph no. 33. Because the remaining allegations are vague and

ambiguous, Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 33 and so leaves plaintiffs to their proof.

34. Because the allegations are vague and ambiguous, Kaman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 34 and so leaves plaintiffs to their proof.

35. Kaman admits that it participated in providing certain product support and product support materials for model K-1200 helicopters. Because the remaining allegations are vague and ambiguous, Kaman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 35 and so leaves plaintiffs to their proof.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Kaman incorporates herein its responses to paragraph nos. 1 through 30 above.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Kaman incorporates herein its responses to paragraph nos. 1 through 30 above.

49. Kaman admits that it provided certain limited warranties in connection with model K-1200 helicopters and refers to the terms of the warranties which speak for themselves. Kaman denies the remaining allegations in paragraph no. 49.

50. Deny.

51. Deny.

52. Deny.

53. Kaman incorporates herein its responses to paragraph nos. 1 through 30 above.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Kaman incorporates herein its responses to paragraph nos. 1 through 30 above.

60. Deny.

61. Deny.

62. Deny.

63. – 94. Kaman does not plead in response to paragraph nos. 63-94 as they are addressed to other "defendants" (i.e., "John Does I through V").

95. Kaman incorporates herein its responses to paragraph nos. 1 through 94 above.

96.    Deny.

97.    Deny.

Prayer for Relief.    Kaman denies that it is liable for any of the amounts set forth in plaintiffs' prayer for relief.

### SPECIAL DEFENSES OF KAMAN AEROSPACE CORPORATION

#### FIRST SPECIAL DEFENSE

The Complaint and each of the counts in it fail to state a claim against upon which relief may be granted.

#### SECOND SPECIAL DEFENSE

Plaintiffs' damages, if any, were caused or contributed to by plaintiffs' negligence or fault, or by the fault or negligence of persons or entities in privity with plaintiffs, and plaintiffs recovery, if any, should therefore be barred or diminished in accordance with applicable law.

#### THIRD SPECIAL DEFENSE

Plaintiffs' claims are barred by plaintiffs' conduct in voluntarily assuming an unreasonable risk with knowledge of that risk.

#### FOURTH SPECIAL DEFENSE

Plaintiffs' claims are barred or reduced by plaintiffs' failure to mitigate damages.

#### FIFTH SPECIAL DEFENSE

Plaintiffs' claims are barred because its damages were proximately caused by the negligent acts or omissions of third persons over whom Kaman exercised no control and for

whose conduct Kaman bears no responsibility. Said acts or omissions intervened between the acts or omissions of Kaman, if any, and the occurrence of the incident, and were the sole, direct and proximate cause of plaintiffs' damages.

### SIXTH SPECIAL DEFENSE

Plaintiffs' claims are barred because plaintiffs' damages, if any, were caused by the misuse or abuse and/or the failure to properly repair or maintain the helicopters or their component parts, and such misuse contributed to the incident, for which recovery against Kaman should be barred or reduced, in accordance with applicable law.

### SEVENTH SPECIAL DEFENSE

Plaintiffs' damages, if any, were caused or contributed to by the negligence or fault of other individuals, firms, corporations, or entities over whom Kaman have or had no control or right of control, and for whom it is not responsible. Kaman places in issue the negligence, fault, and responsibility, if any, of all persons or entities who contributed in any degree to the damages and/or losses alleged to have been sustained by plaintiffs, in proportion to each person's or entity's negligence, fault or responsibility. Judgment, if any, against Kaman should be diminished to an amount that represents its degree of negligence, fault, or responsibility, if any.

## EIGHTH SPECIAL DEFENSE

Plaintiffs' breach of warranty claim is barred, in whole or in part, by the warranty exclusions and/or remedy limitations applicable to any warranty given.

**DEFENDANT**
KAMAN AEROSPACE CORPORATION

By: _____
Shaun S. Sullivan
Timothy A. Diemand
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
(203) 782-2889 fax
Juris No. 67700

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent this 16th day of April 2004, by first class mail, postage prepaid, to:

Robert S. Young, Esq.
Law Offices of Robert S. Young
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Timothy A. Bishop, Esq.
Bishop & Jackson, LLC
80 Ferry Blvd., Suite 103
Stratford, CT 06615

Timothy A. Diemand

\14658\2\458586.3