UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTERS, LLC,: 
LONG-LINE LEASING, LLC, :
HELOG AG and HELI-AIR ZAGEL :
LUFTTRANSPORT AG, :
 :
         Plaintiffs, :
 :
vs. :
 :   CASE NO. 3:01-CV-1746 (AVC)
KAMAN AEROSPACE CORPORATION :
and JOHN DOES I THROUGH V, :   June 8, 2004
 :
Defendants. :

**KAMAN AEROSPACE CORPORATION'S MOTION FOR SCHEDULING ORDER**

On March 9, 2004 the Court issued its ruling on Kaman Aerospace Corporation's ("Kaman") motion to dismiss. Although denying Kaman's motion, the Court noted that some of the damages claimed by Plaintiffs are not recoverable. See March 9 Ruling at 14, n.4 ("The plaintiffs also seek damages for various consequential economic losses. There is generally no dispute . . . that such claims are not permitted . . ."). However, the Court indicated that it will not "pick through the complaint" to determine what claims for damages are and are not recoverable, as such an exercise was "for another day." Id. Kaman proposes the following streamlined approach for reaching that day and respectfully asks the Court to issue the scheduling order outlined below.

Before embarking on an expensive and protracted trial related to the cause of two separate helicopter accidents (one in Austria and one in Idaho), Kaman proposes conducting limited damage discovery and then moving for summary judgment to determine the damages Plaintiffs can recover in this case. This approach is consistent with the Court's guidance in its

March 9 Ruling. See id. at 15, n.5 (stating that on a motion to dismiss the Court cannot consider the evidence submitted by Kaman that much of Plaintiffs' damages are not recoverable because Plaintiffs were reimbursed for those damages by their insurers; indicating that such evidence needs to be presented as part of a motion for summary judgment); id. at 17 (review of affidavits related to warranty damage claim is "outside of the court's review at this stage"). This approach is also consistent with the Court's inherent power to control its docket and issue scheduling orders appropriate for the unique circumstances of each case. See, e.g., Simon v. Philip Morris, 200 F.R.D. 21, 25 (E.D.N.Y. 2001) (appropriate for court to consider damages before liability, a process known as "reverse bifurcation", to encourage settlement and shortening of the trial).

Determining plaintiffs potential recovery will necessarily impact the manner in which the liability portion of the case will proceed and could result in the parties resolving this dispute without the need for a trial, thereby conserving scarce judicial resources.

Kaman believes that damage discovery and briefing on the motion for summary judgment related to damages can be done in short order and proposes the following schedule:

(1)     Plaintiffs shall provided Kaman with the calculation of damages required under Fed. R. Civ. P. 26(a)(1)(C) by June 21, 2004.

(2)     Kaman shall serve damage interrogatories, document requests and/or requests to admit by June 21, 2004.

(3)     Plaintiffs shall respond to Kaman's damage discovery by July 21, 2004.

(4)     Kaman shall file its motion for summary judgment by July 30, 2004.

(5)     Plaintiffs shall file any opposition to Kaman's motion for summary judgment by August 13, 2004.

(6) Kaman shall file any reply in support of its motion for summary judgment by August 23, 2004.

(7) A status conference with the Court will be held within ten (10) days after the Court's ruling on the motion for summary judgment to discuss what, if any, further proceedings are needed in this case.

Respectfully submitted,

DEFENDANT
KAMAN AEROSPACE CORPORATION

By: _____
Shaun S. Sullivan (ct 04883)
Timothy A. Diemand (ct 18075)
Wiggin and Dana LLP
One CityPlace
Hartford, CT 06103-3402
ph. (860) 297-3700
fax (860) 525-9380
e-mail ssullivan@wiggin.com
       tdiemand@wiggin.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this 8th day of June 2004, by first class mail, postage prepaid, to:

Robert S. Young, Esq.
Law Offices of Robert S. Young
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Timothy A. Bishop, Esq.
Bishop & Jackson, LLC
80 Ferry Blvd., Suite 103
Stratford, CT 06615

_____
Timothy A. Diemand

\14658\2\458510.1