UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTERS, LLC,: <br>
LONG-LINE LEASING, LLC, <br>
HELOG AG and HELI-AIR ZAGEL <br>
LUFTTRANSPORT AG, <br>

    Plaintiffs,

vs.

    CASE NO. 3:01-CV-1746 (AVC)

KAMAN AEROSPACE CORPORATION <br>
and JOHN DOES I THROUGH V,     June 23, 2004

Defendants.

## JOINT MOTION FOR SCHEDULING ORDER

Defendant Kaman Aerospace Corporation and plaintiffs Mountain West Helicopters, LLC, Long Line Leasing, LLC, Helog AG and Heli Air Zagel Lufttransport AG (collectively "the Parties") hereby respectfully move for the court to enter a scheduling order in this matter.

On March 9, 2004 the Court issued its ruling denying Kaman Aerospace Corporation's motion to dismiss. In its ruling, the Court declined to "pick through the complaint" to determine what claims for damages are and are not recoverable, as such an exercise was "for another day." See March 9 Ruling at 14, n.4. Kaman contends that, as a matter of law, some (if not all) of the damages claimed by Plaintiff are not recoverable. Plaintiffs disagree and believe that their recovery is not limited. The Parties believe that determining Plaintiffs' potential recovery will necessarily impact the manner in which the liability portion of the case will proceed and could result in the parties resolving this dispute without the need for a trial.

Before embarking on an expensive and protracted trial related to the cause of two separate helicopter accidents (one in Austria and one in Idaho), the Parties propose conducting

limited damage discovery and then filing cross-motions for summary judgment to determine the damages Plaintiffs can seek to recover in this action. This approach is consistent with the Court's guidance in its March 9 Ruling and the Court's inherent power to control its docket and issue scheduling orders appropriate for the unique circumstances of each case. See, e.g., Simon v. Philip Morris, 200 F.R.D. 21, 25 (E.D.N.Y. 2001) (appropriate for court to consider damages before liability, a process known as "reverse bifurcation," to encourage settlement and shortening of the trial).

Accordingly, the Parties have agreed to the following schedule for the exchange of damage-related discovery and for summary judgment briefing, and respectfully ask the Court to enter a scheduling order incorporating the following:

(1)    Plaintiffs shall provided Kaman with the calculation of damages required under Fed. R. Civ. P. 26(a)(1)(C) by June 30, 2004.

(2)    Kaman shall serve damage interrogatories, document requests and/or requests to admit by June 30, 2004.

(3)    Plaintiffs shall serve damage interrogatories, document requests and/or requests to admit by June 30, 2004.

(4)    The Parties shall respond to each other's damage discovery by July 30, 2004.

(5)    The Parties shall file motions for summary judgment by August 20, 2004.

(5)    The Parties shall file any opposition to the motions for summary judgment by August 30, 2004.

(6)    The Parties shall file any reply in support of their motions for summary judgment by September 10, 2004.

(7) A status conference with the Court will be held within ten (10) days after the Court's ruling on the motions for summary judgment to discuss what, if any, further proceedings are needed in this case.

Respectfully submitted,

| | |
|---|---|
| **DEFENDANT**<br>**KAMAN AEROSPACE CORPORATION**<br><br>By: /s/ *signature*<br>Shaun S. Sullivan (ct 04883)<br>Timothy A. Diemand (ct 18075)<br>Wiggin and Dana LLP<br>One CityPlace<br>Hartford, CT 06103-3402 | **PLAINTIFFS**<br>**MOUNTAIN WEST HELICOPTERS,**<br>**LLC, LONG-LINE LEASING, LLC,**<br>**HELG AG and HELI-AIR ZAGEL**<br>**LUFTTRANSORT AG**<br><br>By: /s/ Robert Young /TAD<br>Robert S. Young (ct 21935)   By permission<br>Law Offices of Robert S. Young<br>800 McIntyre Building<br>68 South Main Street<br>Salt Lake City, UT 84101 |

\14658\2\473487.1