# EXHIBIT
# E

RETURN DATE: NOVEMBER 20, 2001

-----------------------------------------------------------------------X
GLOBAL AEROSPACE UNDERWRITING                      :    SUPERIOR COURT
MANAGERS LTD. as Subrogee of MOUNTAIN              :
WEST HELICOPTERS, LLC, a Utah Limited              :    JUDICIAL DISTRICT OF
Liability Company and on behalf of other Mountain  :    HARTFORD
interested Underwriters as Subrogees of West,      :
                                                   :
                    Plaintiffs,                    :    AT HARTFORD
                                                   :
v.                                                 :
                                                   :
KAMAN CORPORATION, KAMAN AEROSPACE                 :
CORPORATION, K-MAX CORP.,KAMAN                     :    OCTOBER 26, 2001
AEROSPACE INTERNATIONAL, INC., and KAMAN           :
AEROSPACE GROUP, INC.                              :
                                                   :
                    Defendants.                    :
-----------------------------------------------------------------------X

## COMPLAINT

Plaintiff GLOBAL AEROSPACE UNDERWRITING MANAGERS, LTD. ("Global")

as successor-in-interest to British Aviation Insurance Group, Ltd. and as subrogee of

MOUNTAIN WEST HELICOPTERS, LLC ("Mountain West") and on behalf of other

interested Underwriters as subrogees of Mountain West, for their Complaint against

KAMAN CORPORATION, KAMAN AEROSPACE CORPORATION, K-MAX CORP.,

KAMAN AEROSPACE INTERNATIONAL, INC., and KAMAN AEROSPACE GROUP, INC. (collectively "Defendants"), allege on information and belief as follows:

## COUNT ONE

### AS AND FOR A FIRST CAUSE OF ACTION IN PRODUCT LIABILITY AGAINST KAMAN CORPORATION

#### *parties*

1. Plaintiff Global is an alien corporation existing under and pursuant to the laws of the United Kingdom, with its principal place of business there; is engaged, *inter alia*, in the business of providing insurance for the value of aircraft hulls, including helicopter hulls; and brings this action on its own behalf and on behalf of other interested underwriters as subrogees of Mountain West, as will more fully appear below.

2. Global was the Lead Underwriter on a policy of aviation insurance, insuring the value of the hull of an aircraft owned and operated by Mountain West and/or its subsidiaries, as will more fully appear below.

3. Mountain West is a Utah Limited Liability Company, having its principal place of business in Orem, Utah.

4. Defendant Kaman Corporation is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of business in the

-2-

State of Connecticut and is engaged, *inter alia*, in the design, manufacture and sale of helicopters within the State of Connecticut.

5.    Defendant Kaman Corporation is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

6.    Defendant Kaman Aerospace Corporation is a corporation existing under and pursuant to the laws of the State of Delaware with its principal place of business in the State of Connecticut and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

7.    Defendant Kaman Aerospace Corporation is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

8.    Defendant K-MAX Corp., is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of business there and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

9.    Defendant K-MAX Corp. is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto. Defendant Kaman Aerospace International, Inc. is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of

business there and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

10.    Defendant Kaman Aerospace International, Inc. is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

11.    Defendant Kaman Aerospace Group, Inc. is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of business there and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

12.    Defendant Kaman Aerospace Group, Inc. is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

13.    At all times relevant hereto, and presently, Defendants Kaman Corporation, Kaman Aerospace Corporation, K-Max Corp., Kaman Aerospace International, Inc., and Kaman Aerospace Group, Inc. were and are affiliated corporations.

### *the accident aircraft*

14.    These claims arise from the November 4. 1999 damage to a Kaman K-1200 model helicopter, serial number A94-0014, registered as N164KA ("the Aircraft"), in or near Emida, Idaho.

15.   The foregoing damage to the Aircraft followed a sudden power failure with subsequent autorotation in rough terrain.

16.   The Aircraft was designed, manufactured, marketed and sold for use in carrying external loads, including logging operations.

17.   The Aircraft was a dual rotor, single-engine, single-seat helicopter powered by an AlliedSignal T5317 A-1 model gas turbine (jet) engine.

18.   At the time of the sudden power failure, the Aircraft was ascending and carrying no external load.

### *physical cause of the loss*

19.   Defendants represented to operators of the K-1200 including Mountain West that the K-1200 would not fail and would not require inspection or overhaul prior to the time established for its inspection and overhaul.

20.   At the time of the incident as aforesaid, the Aircraft had been operated a total of approximately 5,072.1 hours since manufacture.

21.   During the subject flight of the Aircraft on November 4, 1999, an overload fracture occurred in the splined engine adapter causing an interruption of the power transmission between the engine and main rotors.

22.   The damage to the Aircraft was directly and proximately caused by this sudden engine failure.

23. The Aircraft was defectively designed, manufactured, assembled, marketed and sold into the stream of commerce.

24. At all times relevant to this Complaint, Defendant Kaman Corporation was a product seller and/or manufacturer as defined in §52-572m *et seq.* of the Connecticut General Statutes.

25. Defendants designed, manufactured, marketed and sold the Aircraft.

26. Defendants designed, manufactured, marketed, sold and placed into the stream of commerce the free wheeling clutch that was incorporated into the Aircraft.

27. Defendants designed, manufactured, marketed, sold and placed into the stream of commerce the drive shaft that was incorporated into the Kaman K-1200 model aircraft and the Aircraft.

28. Defendants designed, manufactured, marketed, sold and placed into the stream of commerce the splined engine adapter installed in the Aircraft.

29. The power loss of the Aircraft was due to and proximately and substantially caused by the negligence of Defendant Kaman Corporation in one or more of the following ways:

   a.   Manufacturing, remanufacturing, constructing, designing, preparing, assembling, fabricating, installing, testing, packaging, preparing or failing to prepare instructions and/or warnings for, labeling, distributing,

and/or selling the Aircraft and the instructions and warnings for its use, maintenance and inspection, in an unreasonably dangerous and defective condition prone to failure;

b.    Failing to adequately test or inspect the Aircraft to determine whether it was safe for its intended use;

c.    Failing to adequately test or inspect the component parts of the Aircraft, including but not limited to the free wheeling clutch, drive shaft and the splined engine adapter;

d.    Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users of the Aircraft;

e.    Failing to warn users and operators of the Aircraft after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

### *the policy of hull insurance*

30.    Following the damage to the Aircraft, Plaintiff Global and other interested Underwriters paid to Mountain West the sum of $1,038,858.32 pursuant to a policy of insurance.

31.    Following payment, Mountain West executed a Release and Discharge and Subrogation Receipt vesting in Global all rights of subrogation and recovery in

relation to the payment made to Mountain West to enable Global and other Underwriters to pursue repayment of the outlay from other parties as Underwriters saw fit.

32. As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

33. The foregoing negligent acts and omissions were substantial factors in causing the crash of the Aircraft and the losses aforesaid.

34. As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq., as amended, of the Connecticut General Statutes, Defendant Kaman Corporation is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT TWO

### AS AND FOR A SECOND CAUSE OF ACTION IN PRODUCT LIABILITY AGAINST DEFENDANT KAMAN AEROSPACE CORPORATION

35. Paragraphs 1 through 34 of Count One of this Complaint are hereby incorporated and realleged as paragraphs 1 through 34 of this Count.

36.    At all times relevant to this Complaint, Kaman Aerospace Corporation was a product seller and/or manufacturer as defined in §§ 52-572m *et seq.* of the Connecticut General Statutes.

37.    The power loss of the Aircraft was due to and proximately and substantially caused by the negligence of Defendant Kaman Aerospace Corporation in one or more of the following ways:

    a.    Manufacturing, remanufacturing, constructing, designing, preparing, assembling, fabricating, installing, testing, packaging, preparing or failing to prepare instructions and/or warnings for, labeling, distributing, and/or selling the Aircraft and the instructions and warnings for its use, maintenance and inspection, in an unreasonably dangerous and defective condition prone to failure;

    b.    Failing to adequately test or inspect the Aircraft to determine whether it was safe for its intended use;

    c.    Failing to adequately test or inspect the component parts of the Aircraft, including but not limited to the free wheeling clutch, drive shaft and the splined engine adapter;

    d.    Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of the Aircraft;

-9-

e.     Failing to warn users and operators of the Aircraft after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

38.   As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32

39.   The foregoing negligent acts and omissions were substantial factors in causing the crash of the Aircraft and the losses aforesaid.

40.   As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq., as amended, of the Connecticut General Statutes, Defendant Kaman Aerospace Corporation is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT THREE

### AS AND FOR A THIRD CAUSE OF ACTION IN PRODUCT LIABILITY AGAINST DEFENDANT K-MAX CORP.

41.   Paragraphs 1 through 40 of Count Two of this Complaint are hereby incorporated and realleged as paragraphs 1 through 40 of this Count.

42.   At all times relevant to this Complaint, K-Max Corp. was a product seller and/or manufacturer as defined in §§ 52-572m *et seq.* of the Connecticut General Statutes.

43.   The power loss of the Aircraft was due to and proximately and substantially caused by the negligence of Defendant K-Max Corp. in one or more of the following ways:

   a.   Manufacturing, remanufacturing, constructing, designing, preparing, assembling, fabricating, installing, testing, packaging, preparing or failing to prepare instructions and/or warnings for, labeling, distributing, and/or selling the Aircraft and the instructions and warnings for its use, maintenance and inspection, in an unreasonably dangerous and defective condition prone to failure;

   b.   Failing to adequately test or inspect the Aircraft to determine whether it was safe for its intended use;

   c.   Failing to adequately test or inspect the component parts of the

-11-

Aircraft, including but not limited to the free wheeling clutch, drive shaft and the splined engine adapter;

d.    Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of the Aircraft;

e.    Failing to warn users and operators of the Aircraft after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

44.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

45.    The foregoing negligent acts and omissions were substantial factors in causing the crash of the Aircraft and the losses aforesaid.

46.    As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq., as amended, of the Connecticut General Statutes, Defendant K-Max Corp. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT FOUR

### AS AND FOR A FOURTH CAUSE OF ACTION IN PRODUCT LIABILITY
### AGAINST DEFENDANT KAMAN AEROSPACE INTERNATIONAL, INC.

47.    Paragraphs 1 through 46 of Count Three of this Complaint are hereby incorporated and realleged as paragraphs 1 through 46 of this Count.

48.    At all times relevant to this Complaint, Kaman Aerospace International, Inc. was a product seller and/or manufacturer as defined in §§ 52-572m *et seq.* of the Connecticut General Statutes.

49.    The power loss of the Aircraft was due to and proximately and substantially caused by the negligence of Defendant Kaman Aerospace International, Inc. in one or more of the following ways:

    a.    Manufacturing, remanufacturing, constructing, designing, preparing, assembling, fabricating, installing, testing, packaging, preparing or failing to prepare instructions and/or warnings for, labeling, distributing, and/or selling the Aircraft and the instructions and warnings for its use, maintenance and inspection, in an unreasonably dangerous and defective condition prone to failure;

    b.    Failing to adequately test or inspect the Aircraft to determine whether it was safe for its intended use;

c.   Failing to adequately test or inspect the component parts of the Aircraft, including but not limited to the free wheeling clutch, drive shaft and the splined engine adapter;

d.   Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of the Aircraft;

e.   Failing to warn users and operators of the Aircraft after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

50.   As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

51.   The foregoing negligent acts and omissions were substantial factors in causing the crash of the Aircraft and the losses aforesaid.

52.   As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq., as amended, of the Connecticut General Statutes, Defendant Kaman Aerospace International, Inc. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT FIVE

### AS AND FOR A FIFTH CAUSE OF ACTION IN PRODUCT LIABILITY
### AGAINST DEFENDANT KAMAN AEROSPACE GROUP, INC.

53.    Paragraphs 1 through 52 of Count Four of this Complaint are hereby
       incorporated and realleged as paragraphs 1 through 52 of this Count.

54.    At all times relevant to this Complaint, Kaman Aerospace Group, Inc. was a
       product seller and/or manufacturer as defined in §§ 52-572m *et seq.* of the
       Connecticut General Statutes.

55.    The power loss of the Aircraft was due to and proximately and substantially
       caused by the negligence of Defendant Kaman Aerospace Group, Inc. in one
       or more of the following ways:

       a.    Manufacturing, remanufacturing, constructing, designing, preparing,
             assembling, fabricating, installing, testing, packaging, preparing or
             failing to prepare instructions and/or warnings for, labeling, distributing,
             and/or selling the Aircraft and the instructions and warnings for its use,
             maintenance and inspection, in an unreasonably dangerous and
             defective condition prone to failure;

       b.    Failing to adequately test or inspect the Aircraft to determine whether it
             was safe for its intended use;

       c.    Failing to adequately test or inspect the component parts of the

-15-

Aircraft, including but not limited to the free wheeling clutch, drive shaft and the splined engine adapter;

d.    Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of the Aircraft;

e.    Failing to warn users and operators of the Aircraft after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

56.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

57.    The foregoing negligent acts and omissions were substantial factors in causing the crash of the Aircraft and the losses aforesaid.

58.    As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq., as amended, of the Connecticut General Statutes, Defendant Kaman Aerospace Group, Inc. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT SIX

### AS AND FOR A SIXTH CAUSE OF ACTION OF BREACH
### OF WARRANTY AGAINST KAMAN CORPORATION

59. Paragraphs 1 through 58 of Count Five of this Complaint are hereby incorporated and realleged as paragraphs 1 through 58 of this Count.

60. At all times relevant hereto and presently, Defendant Kaman Corporation is and was a "seller" as defined in § 42a-2-103(d) of the Connecticut General Statutes.

61. At all times relevant to this Complaint, Defendant Kaman Corporation is and was a "merchant" as defined in § 42a-2-104(1) of the Connecticut General Statutes.

62. At all times relevant to this Complaint, Mountain West was a "buyer" as defined in § 42a-2-103(a) of the Connecticut General Statutes.

63. The Kaman K-1200 and the Aircraft are/were "goods" as defined in § 42a-2-105(1) of the Connecticut General Statutes.

64. Defendant Kaman Corporation negligently misrepresented and expressly and impliedly warranted that the Aircraft and its component parts, including, but not limited to, the splined engine adapter, the drive shaft, and the free wheeling clutch, were airworthy, reasonably safe, free from defects, of merchantable quality and fit for their intended use as aforesaid.

-17-

65.    Defendant Kaman Corporation negligently misrepresented and expressly and impliedly warranted that after the sale of the Aircraft that they would notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of information concerning the safety of such aircraft.

66.    Defendant Kaman Corporation negligently misrepresented and breached these express and implied warranties in the following ways:

   a.    The Aircraft was not airworthy, reasonably safe, free from defects, of merchantable quality and not fit for its intended use as aforesaid;

   b.    It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of power loss problems associated with the slipping of the free wheeling clutch;

   c.    Component parts of the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

   d.    It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of defects in the component parts installed into the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft.

-18-

67.  As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

68.  The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of the Aircraft and the losses to Plaintiff as aforesaid.

69.  The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq.* of the Connecticut General Statutes, namely the Uniform Commercial Code.

70.  As a direct, substantial, and proximate result thereof, Defendant Kaman Corporation is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

### COUNT SEVEN

### AS AND FOR A SEVENTH CAUSE OF ACTION OF BREACH OF WARRANTY AGAINST DEFENDANT KAMAN AEROSPACE CORPORATION

71.  Paragraphs 1 through 70 of Count Six of this Complaint are hereby incorporated and realleged as paragraphs 1 through 70 of this Count.

72.  At all times relevant hereto and presently, Defendant Kaman Aerospace Corporation is and was a "seller" as defined in § 42a-2-103(d) of the Connecticut General Statutes.

-19-

73.  At all times relevant to this Complaint, Defendant Kaman Aerospace Corporation is and was a "merchant" as defined in § 42a-2-104(1) of the Connecticut General Statutes.

74.  At all times relevant to this Complaint, Mountain West was a "buyer" as defined in § 42a-2-103(a) of the Connecticut General Statutes.

75.  The Kaman K-1200 and the Aircraft are/were "goods" as defined in § 42a-2-105(1) of the Connecticut General Statutes.

76.  Defendant Kaman Aerospace Corporation negligently misrepresented and expressly and impliedly warranted that the Aircraft and its component parts, including, but not limited to, the splined engine adapter, the drive shaft, and the free wheeling clutch, were airworthy, reasonably safe, free from defects, of merchantable quality and fit for their intended use as aforesaid.

77.  Defendant Kaman Aerospace Corporation negligently misrepresented and expressly and impliedly warranted that after the sale of the Aircraft that they would notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of information concerning the safety of such aircraft.

78.  Defendant Kaman Aerospace Corporation negligently misrepresented and breached these express and implied warranties in the following ways:

a.   The Aircraft was not airworthy, reasonably safe, free from defects, of merchantable quality and not fit for its intended use as aforesaid;

b.   It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of power loss problems associated with the slipping of the free wheeling clutch;

c.   Component parts of the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

d.   It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of defects in the component parts installed into the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft.

79.   As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

80.    The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of the Aircraft and the losses to Plaintiff as aforesaid.

81.    The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq.* of the Connecticut General Statutes, namely the Uniform Commercial Code.

82.    As a direct, substantial, and proximate result thereof, Defendant Kaman Aerospace Corporation is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

**COUNT EIGHT**

**AS AND FOR AN EIGHTH CAUSE OF ACTION OF BREACH OF
WARRANTY AGAINST DEFENDANT K-MAX CORP.**

83.    Paragraphs 1 through 82 of Count Seven of this Complaint are hereby incorporated and realleged as paragraphs 1 through 82 of this Count.

84.    At all times relevant hereto and presently, Defendant K-Max Corp. is and was a "seller" as defined in § 42a-2-103(d) of the Connecticut General Statutes.

85.    At all times relevant to this Complaint, Defendant K-Max Corp. is and was a "merchant" as defined in § 42a-2-104(1) of the Connecticut General Statutes.

86.    At all times relevant to this Complaint, Mountain West was a "buyer" as defined in § 42a-2-103(a) of the Connecticut General Statutes.

87. The Kaman K-1200 and the Aircraft are/were "goods" as defined in § 42a-2-105(1) of the Connecticut General Statutes.

88. Defendant K-Max Corp. negligently misrepresented and expressly and impliedly warranted that the Aircraft and its component parts, including, but not limited to, the splined engine adapter, the drive shaft, and the free wheeling clutch, were airworthy, reasonably safe, free from defects, of merchantable quality and fit for their intended use as aforesaid.

89. Defendant K-Max Corp. negligently misrepresented and expressly and impliedly warranted that after the sale of the Aircraft that they would notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of information concerning the safety of such aircraft.

90. Defendant K-Max Corp. negligently misrepresented and breached these express and implied warranties in the following ways:

    a. The Aircraft was not airworthy, reasonably safe, free from defects, of merchantable quality and not fit for its intended use as aforesaid;

    b. It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of power loss problems associated with the slipping of the free wheeling clutch;

-23-

c.  Component parts of the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

d.  It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of defects in the component parts installed into the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft.

91. As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32_.

92. The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of the Aircraft and the losses to Plaintiff as aforesaid.

93. The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq.* of the Connecticut General Statutes, namely the Uniform Commercial Code.

94. As a direct, substantial, and proximate result thereof, Defendant K-Max Corp. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT NINE

### AS AND FOR A NINTH CAUSE OF ACTION OF BREACH OF WARRANTY AGAINST DEFENDANT KAMAN AEROSPACE INTERNATIONAL, INC.

95. Paragraphs 1 through 94 of Count Eight of this Complaint are hereby incorporated and realleged as paragraphs 1 through 94 of this Count.

96. At all times relevant hereto and presently, Defendant Kaman Aerospace International, Inc. is and was a "seller" as defined in § 42a-2-103(d) of the Connecticut General Statutes.

97. At all times relevant to this Complaint, Defendant Kaman Aerospace International, Inc. is and was a "merchant" as defined in § 42a-2-104(1) of the Connecticut General Statutes.

98. At all times relevant to this Complaint, Mountain West was a "buyer" as defined in § 42a-2-103(a) of the Connecticut General Statutes.

99. The Kaman K-1200 and the Aircraft are/were "goods" as defined in § 42a-2-105(1) of the Connecticut General Statutes.

100. Defendant Kaman Aerospace International, Inc. negligently misrepresented and expressly and impliedly warranted that the Aircraft and its component parts, including, but not limited to, the splined engine adapter, the drive shaft, and the free wheeling clutch, were airworthy, reasonably safe, free from defects, of merchantable quality and fit for their intended use as aforesaid.

101. Defendant Kaman Aerospace International, Inc. negligently misrepresented and expressly and impliedly warranted that after the sale of the Aircraft that they would notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of information concerning the safety of such aircraft.

102. Defendant Kaman Aerospace International, Inc. negligently misrepresented and breached these express and implied warranties in the following ways:

a. The Aircraft was not airworthy, reasonably safe, free from defects, of merchantable quality and not fit for its intended use as aforesaid;

b. It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of power loss problems associated with the slipping of the free wheeling clutch;

c. Component parts of the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

d.    It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of defects in the component parts installed into the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft.

103.  As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West  the sum of $1,038,858.32.

104.  The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of the Aircraft and the losses to Plaintiff as aforesaid.

105.  The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq.* of the Connecticut General Statutes, namely the Uniform Commercial Code.

106.  As a direct, substantial, and proximate result thereof, Defendant Kaman Aerospace International, Inc. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT TEN

### AS AND FOR A TENTH CAUSE OF ACTION OF BREACH OF WARRANTY AGAINST DEFENDANT KAMAN AEROSPACE GROUP, INC.

107.   Paragraphs 1 through 106 of Count Nine of this Complaint are hereby incorporated and realleged as paragraphs 1 through 106 of this Count.

108.   At all times relevant hereto and presently, Defendant Kaman Aerospace Group, Inc. is and was a "seller" as defined in § 42a-2-103(d) of the Connecticut General Statutes.

109.   At all times relevant to this Complaint, Defendant Kaman Aerospace Group, Inc. is and was a "merchant" as defined in § 42a-2-104(1) of the Connecticut General Statutes.

110.   At all times relevant to this Complaint, Mountain West was a "buyer" as defined in § 42a-2-103(a) of the Connecticut General Statutes.

111.   The Kaman K-1200 and the Aircraft are/were "goods" as defined in § 42a-2-105(1) of the Connecticut General Statutes.

112.   Defendant Kaman Aerospace Group, Inc. negligently misrepresented and expressly and impliedly warranted that the Aircraft and its component parts, including, but not limited to, the splined engine adapter, the drive shaft, and the free wheeling clutch, were airworthy, reasonably safe, free from defects, of merchantable quality and fit for their intended use as aforesaid.

113.  Defendant Kaman Aerospace Group, Inc. negligently misrepresented and expressly and impliedly warranted that after the sale of the Aircraft that they would notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of information concerning the safety of such aircraft.

114.  Defendant Kaman Aerospace Group, Inc. negligently misrepresented and breached these express and implied warranties in the following ways:

   a.  The Aircraft was not airworthy, reasonably safe, free from defects, of merchantable quality and not fit for its intended use as aforesaid;

   b.  It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of power loss problems associated with the slipping of the free wheeling clutch;

   c.  Component parts of the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

   d.  It failed to notify and warn buyers and operators of the Kaman K-1200, including Mountain West, of defects in the component parts installed into the Aircraft, including, but not limited to, the splined engine adapter, the free wheeling clutch and the drive shaft.

-29-

115. As a direct, substantial, and proximate result of the acts and omissions aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

116. The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of the Aircraft and the losses to Plaintiff as aforesaid.

117. The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq*. of the Connecticut General Statutes, namely the Uniform Commercial Code.

118. As a direct, substantial, and proximate result thereof, Defendant Kaman Aerospace Group, Inc. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

### COUNT ELEVEN

### AS AND FOR AN ELEVENTH CAUSE OF ACTION OF UNFAIR TRADE PRACTICES AGAINST DEFENDANT KAMAN CORPORATION

119. Paragraphs 1 through 118 of Count Ten of this Complaint are hereby incorporated and realleged as paragraphs 1 through 118 of this Count.

120. At all times relevant to this Complaint, Defendant Kaman Corporation was engaged in "trade" and "commerce" as defined in § 42-110a of the Connecticut General Statutes.

121. The actions of Defendant Kaman Corporation in misrepresenting and warranting that the Aircraft was airworthy, reasonably safe, free from defects, of merchantable quality and fit for its intended use was immoral, unethical, oppressive and unscrupulous conduct.

122. As a direct, substantial, and proximate result of negligent misrepresentations and breaches of warranties as aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

123. The foregoing misrepresentations and breach of warranties were substantial factors in causing the crash of the Aircraft and substantial injury to Plaintiffs as aforesaid.

124. As a direct, substantial, and proximate result thereof, Defendant Kaman Corporation is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

125. Defendant Kaman Corporation's actions in misrepresenting and warranting as aforesaid demonstrate a reckless indifference to the rights of Mountain West and Global, and/or intentional and wanton violation of their rights.

126. As a direct, substantial and proximate result thereof, Defendant Kaman Corporation is liable to Plaintiff for punitive damages pursuant to § 42-110g(a) of the Connecticut General Statutes.

### COUNT TWELVE

### AS AND FOR AN ELEVENTH CAUSE OF ACTION OF UNFAIR TRADE PRACTICES AGAINST DEFENDANT KAMAN AEROSPACE CORPORATION

127. Paragraphs 1 through 126 of Count Eleven of this Complaint are hereby incorporated and realleged as paragraphs 1 through 126 of this Count.

128. At all times relevant to this Complaint, Defendant Kaman Aerospace Corporation was engaged in "trade" and "commerce" as defined in § 42-110a of the Connecticut General Statutes.

129. The actions of Defendant Kaman Aerospace Corporation in misrepresenting and warranting that the Aircraft was airworthy, reasonably safe, free from defects, of merchantable quality and fit for its intended use was immoral, unethical, oppressive and unscrupulous conduct.

-32-

130.  As a direct, substantial, and proximate result of negligent misrepresentations and breaches of warranties as aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

131.  The foregoing misrepresentations and breach of warranties were substantial factors in causing the crash of the Aircraft and substantial injury to Plaintiff as aforesaid.

132.  As a direct, substantial, and proximate result thereof, Defendant Kaman Aerospace Corporation is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

133.  Defendant Kaman Aerospace Corporation's actions in misrepresenting and warranting as aforesaid demonstrate a reckless indifference to the rights of Mountain West and Global, and/or intentional and wanton violation of their rights.

134.  As a direct, substantial and proximate result thereof, Defendant Kaman Aerospace Corporation is liable to Plaintiff for punitive damages pursuant to § 42-110g(a) of the Connecticut General Statutes.

## COUNT THIRTEEN

### AS AND FOR A THIRTEENTH CAUSE OF ACTION OF UNFAIR
### TRADE PRACTICES AGAINST DEFENDANT K-MAX CORP

135.  Paragraphs 1 through 134 of Count Twelve of this Complaint are hereby incorporated and realleged as paragraphs 1 through 134 of this Count.

136.  At all times relevant to this Complaint, Defendant K-Max Corp. was engaged in "trade" and "commerce" as defined in § 42-110a of the Connecticut General Statutes.

137.  The actions of Defendant K-Max Corp. in misrepresenting and warranting that the Aircraft was airworthy, reasonably safe, free from defects, of merchantable quality and fit for its intended use was immoral, unethical, oppressive and unscrupulous conduct.

138.  As a direct, substantial, and proximate result of negligent misrepresentations and breaches of warranties as aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

139.  The foregoing misrepresentations and breach of warranties were substantial factors in causing the crash of the Aircraft and substantial injury to Plaintiffs as aforesaid.

-34-

140. As a direct, substantial, and proximate result thereof, Defendant K-Max Corp. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

141. Defendant K-Max Corp.'s actions in misrepresenting and warranting as aforesaid demonstrates a reckless indifference to the rights of Mountain West and Global, and/or intentional and wanton violation of their rights.

142. As a direct, substantial and proximate result thereof, Defendant K-Max Corp. is liable to Plaintiff for punitive damages pursuant to § 42-110g(a) of the Connecticut General Statutes.

### COUNT FOURTEEN

**AS AND FOR A FOURTEENTH CAUSE OF ACTION OF
UNFAIR TRADE PRACTICES AGAINST DEFENDANT
KAMAN AEROSPACE INTERNATIONAL, INC.**

143. Paragraphs 1 through 142 of Count Thirteen of this Complaint are hereby incorporated and realleged as paragraphs 1 through 142 of this Count.

144. At all times relevant to this Complaint, Defendant Kaman Aerospace International, Inc. was engaged in "trade" and "commerce" as defined in § 42-110a of the Connecticut General Statutes.

145. The actions of Defendant Kaman Aerospace International, Inc. in misrepresenting and warranting that the Aircraft was airworthy, reasonably safe, free from defects, of merchantable quality and fit for its intended use was immoral, unethical, oppressive and unscrupulous conduct.

146. As a direct, substantial, and proximate result of negligent misrepresentations and breaches of warranties as aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

147. The foregoing misrepresentations and breach of warranties were substantial factors in causing the crash of the Aircraft and substantial injury to Plaintiffs as aforesaid.

148. As a direct, substantial, and proximate result thereof, Defendant Kaman Aerospace International, Inc. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

149. Defendant Kaman Aerospace International, Inc.'s actions in misrepresenting and warranting as aforesaid demonstrate a reckless indifference to the rights of Mountain West and Global, and/or intentional and wanton violation of their rights.

150. As a direct, substantial and proximate result thereof, Defendant Kaman Aerospace International, Inc. is liable to Plaintiff for punitive damages pursuant to § 42-110g(a) of the Connecticut General Statutes.

## COUNT FIFTEEN

### AS AND FOR A FIFTEENTH CAUSE OF ACTION OF UNFAIR TRADE PRACTICES AGAINST DEFENDANT KAMAN AEROSPACE GROUP, INC.

151.  Paragraphs 1 through 150 of Count Fourteen of this Complaint are hereby incorporated and realleged as paragraphs 1 through 150 of this Count.

152.  At all times relevant to this Complaint, Defendant Kaman Aerospace Group, Inc. was engaged in "trade" and "commerce" as defined in § 42-110a of the Connecticut General Statutes.

153.  The actions of Defendant Kaman Aerospace Group, Inc. in misrepresenting and warranting that the Aircraft was airworthy, reasonably safe, free from defects, of merchantable quality and fit for its intended use was immoral, unethical, oppressive and unscrupulous conduct.

154.  As a direct, substantial, and proximate result of negligent misrepresentations and breaches of warranties as aforesaid, the Aircraft was damaged and Mountain West suffered certain damages pursuant to which Plaintiff Global and other interested Underwriters as aforesaid paid Mountain West the sum of $1,038,858.32.

155.  The foregoing misrepresentations and breach of warranties were substantial factors in causing the crash of the Aircraft and substantial injury to Plaintiff as aforesaid.

156. As a direct, substantial, and proximate result thereof, Defendant Kaman Aerospace Group, Inc. is liable to Plaintiff Global for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

157. Defendant Kaman Aerospace Group, Inc.'s actions in misrepresenting and warranting as aforesaid demonstrate a reckless indifference to the rights of Mountain West and Global, and/or intentional and wanton violation of their rights.

158. As a direct, substantial and proximate result thereof, Defendant Kaman Aerospace Group, Inc. is liable to Plaintiff for punitive damages pursuant to § 42-110g(a) of the Connecticut General Statutes.

PLAINTIFF, GLOBAL AEROSPACE, UNDERWRITING MANAGERS LTD. as Subrogee of Mountain West Helicopters LLC, and on behalf of other interested Underwriters as Subrogees of Mountain West.


By: _Alison L. McKay_
Paul A. Lange
Alison L. McKay
Law Offices of Paul A. Lange
2296 Main Street, Suite 2000
Stratford, CT 06615
(203) 375-7724
(203) 375-9397 (Fax)
Juris No. 411181

-38-

Of counsel:
Alimonti Law Offices
202 Mamaroneck Avenue, Suite 500
White Plains, NY  10601
(914) 948-8044
(914) 328-7639 (Fax)

RETURN DATE: NOVEMBER 20, 2001

```
-------------------------------------------------------------------X
GLOBAL AEROSPACE UNDERWRITING              :
MANAGERS LTD. as Subrogee of MOUNTAIN      :
WEST HELICOPTERS, LLC, a Utah Limited      :
Liability Company and on behalf of other Mountain :
interested Underwriters as Subrogees of West, :
                                           :
              Plaintiffs,                   :
                                           :
v.                                          :
                                           :
KAMAN CORPORATION, KAMAN AEROSPACE :
CORPORATION, K-MAX CORP.,KAMAN            :
AEROSPACE INTERNATIONAL, INC., and KAMAN :
AEROSPACE GROUP, INC.                      :
                                           :
              Defendants.                   :
-------------------------------------------------------------------X
```

SUPERIOR COURT

JUDICIAL  DISTRICT OF
HARTFORD


AT HARTFORD


OCTOBER 26, 2001

## STATEMENT OF AMOUNT IN DEMAND

As to Counts One through Fifteen, Plaintiff Global claims the following damages

in an amount in excess of $15,000, exclusive of interest and costs:

    1.    Money damages;

    2.    Pre-judgment interest;

    3.    Costs;

    4.    Punitive damages;

5.    Attorneys fees; and

6.    Such other and further relief as the Court deems just and proper.

PLAINTIFF, GLOBAL AEROSPACE
UNDERWRITING MANAGERS LTD. as
Subrogee of Mountain West and on behalf of
other interested Underwriters as Subrogees of
Mountain West.


By: _Alison L. McKay_

Paul A. Lange
Alison L. McKay
Law Offices of Paul A. Lange
2296 Main Street, Suite 2000
Stratford, CT 06615
(203) 375-7724
(203) 375-9397 (Fax)
Juris No. 411181

Of counsel:
Alimonti Law Offices
202 Mamaroneck Avenue, Suite 500
White Plains, NY 10601
(914) 948-8044
(914) 328-7639 (Fax)

-41-