# EXHIBIT
# F

RETURN DATE: OCTOBER 2, 2001

| | |
|---|---|
| ----------------------------------------------------------------------X<br>POLYGON INSURANCE COMPANY LTD. as<br>Subrogee of HELOG A.G., and on behalf of other<br>interested Underwriters as Subrogees of Helog,<br><br>              Plaintiffs,<br><br>v.<br><br>KAMAN CORPORATION, KAMAN AEROSPACE<br>CORPORATION, K-MAX CORP.,KAMAN<br>AEROSPACE INTERNATIONAL, INC., and KAMAN<br>AEROSPACE GROUP, INC.<br><br>              Defendants.<br>----------------------------------------------------------------------X | SUPERIOR COURT<br><br>JUDICIAL  DISTRICT OF<br>HARTFORD<br><br>AT HARTFORD<br><br><br><br>SEPTEMBER 11, 2001 |

## **COMPLAINT**

Plaintiff POLYGON INSURANCE COMPANY, LTD. ("Polygon") as subrogee of HELOG A.G. ("Helog") and on behalf of other interested Underwriters as subrogees of Helog, for their Complaint against KAMAN CORPORATION, KAMAN AEROSPACE CORPORATION, K-MAX CORP., KAMAN AEROSPACE INTERNATIONAL, INC., and KAMAN AEROSPACE GROUP, INC. (collectively "Defendants"), allege on information and belief as follows:

**COUNT ONE**

**AS AND FOR A FIRST CAUSE OF ACTION IN PRODUCT
<u>LIABILITY AGAINST KAMAN CORPORATION</u>**

*parties*

1.   Plaintiff Polygon is an alien corporation existing under and pursuant to the laws of Guernsey, Channel Islands, with its principal place of business there; is engaged, *inter alia*, in the business of providing insurance for the value of aircraft hulls, including helicopter hulls; and brings this action on its own behalf and on behalf of other interested underwriters as subrogees of Helog, as will more fully appear below.

2.   Polygon was the Lead Underwriter on a policy of aviation insurance, insuring the value of the hull of an aircraft owned and operated by Helog and/or its subsidiaries, as will more fully appear below.

3.   Helog is an alien corporation existing under and pursuant to the laws of the Swiss Republic with its principal place of business in Kussnacht, Switzerland; and is engaged, *inter alia*, in helicopter heavy lifting and logging operations.

4.   Defendant Kaman Corporation is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of business in the State of Connecticut and is engaged, *inter alia*, in the design, manufacture and sale of helicopters within the State of Connecticut.

-2-

5.     Defendant Kaman Corporation is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

6.     Defendant Kaman Aerospace Corporation is a corporation existing under and pursuant to the laws of the State of Delaware with its principal place of business in the State of Connecticut and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

7.     Defendant Kaman Aerospace Corporation is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

8.     Defendant K-MAX Corp., is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of business there and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

9.     Defendant K-MAX Corp. is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

10.    Defendant Kaman Aerospace International, Inc. is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of business there and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

-3-

11.   Defendant Kaman Aerospace International, Inc. is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

12.   Defendant Kaman Aerospace Group, Inc. is a corporation existing under and pursuant to the laws of the State of Connecticut with its principal place of business there and is engaged, *inter alia*, in the design, manufacture, and sale of helicopters within the State of Connecticut.

13.   Defendant Kaman Aerospace Group, Inc. is authorized to conduct, and conducted business within the State of Connecticut at all times pertinent hereto.

14.   At all times relevant hereto, and presently, Defendants Kaman Corporation, Kaman Aerospace Corporation, K-Max Corp., Kaman Aerospace International, Inc., and Kaman Aerospace Group, Inc. were and are affiliated corporations.

### *the accident aircraft*

15.   These claims arise from the September 13, 1999 destruction of a Kaman K-1200 model helicopter, serial number A94-0018, registered as D-HFZA, in or near Flirsch, Austira.

16.   The foregoing destruction of the aircraft followed a sudden power failure with subsequent autorotation in rough, hard to access terrain.

17.   D-HFZA was designed, manufactured, marketed and sold for use in carrying external loads, including logging operations.

18.   D-HFZA was a dual rotor, single-engine, single-seat helicopter powered by an Allied-Signal T5317 A-1 model gas turbine (jet) engine.

19.   At the time of the sudden power failure, D-HFZA was loading and/or carrying logs suspended in rope slings beneath it.

### *physical cause of the loss*

20.   Defendants represented to operators of the K-1200 including Helog that the K-1200 would not fail and would not require inspection or overhaul prior to the time established for its inspection and overhaul.

21.   At the time of the incident as aforesaid, D-HFZA had been operated a total of approximately 2857.12 hours since manufacture.

22. During the subject flight of D-HFZA on September 13, 1999 an overload fracture occurred in the engine adapter causing an interruption of the power transmission between the engine and main gear.

23. The loss of the aircraft, and the injury to the pilot as aforesaid, were directly and proximately caused by the sudden engine failure as aforesaid.

24. D-HFZA was defectively designed, manufactured, assembled, marketed and sold into the stream of commerce.

25. At all times relevant to this Complaint, Defendant Kaman Corporation was a product seller or manufacturer as defined in §52-572m *et seq.* of the Connecticut General Statutes.

26. Defendants designed, manufactured, marketed and sold D-HFZA.

27. Defendants designed, manufactured, marketed, sold and placed into the stream of commerce the free wheeling clutch that was incorporated into D-HFZA.

28. Defendants designed, manufactured, marketed, sold and placed into the stream of commerce the drive shaft that was incorporated into the K-MAX 1200 and the D-HFZA.

29. Defendants designed, manufactured, marketed, sold and placed into the stream of commerce the engine adapter installed in D-HFZA.

30.    The power loss of D-HFZA was due to and proximately and substantially caused by the negligence of Defendant Kaman Corporation in one or more of the following ways:

a.    Manufacturing, remanufacturing, constructing, designing, preparing, assembling, fabricating, installing, testing, packaging, preparing or failing to prepare instructions and/or warnings for, labeling, distributing, and/or selling D-HFZA and the instructions and warnings for its use, maintenance and inspection, in an unreasonably dangerous and defective condition prone to failure;

b.    Failing to adequately test or inspect D-HFZA to determine whether it was safe for its intended use;

c.    Failing to adequately test or inspect the component parts of D-HFZA, including but not limited to the free wheeling clutch, drive shaft and the engine adapter;

d.    Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users of D-HFZA;

e.    Failing to warn users and operators of D-HFZA after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

-7-

*the policy of hull insurance*

31.    Following the destruction of D-HFZA, Plaintiff Polygon and other interested Underwriters paid to Helog the sum of £1,626,633 pursuant to a policy of insurance.

32.    Following payment, Helog executed a Release and Discharge and Subrogation Receipt vesting in Polygon all rights of subrogation and recovery in relation to the payment made to Helog to enable Polygon and other Underwriters to pursue repayment of the outlay from other parties as Underwriters saw fit.

33.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, D-HFZA was destroyed and Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog the sum of £1,626,633.

34.    The foregoing negligent acts and omissions were substantial factors in causing the crash of D-HFZA and the losses aforesaid.

35.    As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq., as amended, of the Connecticut General Statutes, Defendant Kaman Corporation is liable to Plaintiff for monetary damages in a sum to be established at trial.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION IN PRODUCT LIABILITY
## AGAINST DEFENDANT KAMAN AEROSPACE CORPORATION

36.  Paragraphs 1 through 35 of Count One of this Complaint are hereby
     incorporated and realleged as paragraphs 1 through 35 of this Count.

37.  At all times relevant to this Complaint, Kaman Aerospace Corporation was a
     product seller and/or manufacturere as defined in §§ 52-572m *et seq.* of the
     Connecticut General Statutes.

38.  The power loss of D-HFZA was due to and proximately and substantially
     caused by the negligence of Defendant Kaman Aerospace Corporation in one
     or more of the following ways:

     a.  Manufacturing, remanufacturing, constructing, designing, preparing,
         assembling, fabricating, installing, testing, packaging, preparing or
         failing to prepare instructions and/or warnings for, labeling, distributing,
         and/or selling D-HFZA and the instructions and warnings for its use,
         maintenance and inspection, in an unreasonably dangerous and
         defective condition prone to failure;

     b.  Failing to adequately test or inspect D-HFZA to determine whether it
         was safe for its intended use;

-9-

c.    Failing to adequately test or inspect the component parts of D-HFZA, including but not limited to the free wheeling clutch, drive shaft and the engine adapter;

d.    Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of D-HFZA;

e.    Failing to warn users and operators of D-HFZA after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

39.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, D-HFZA was destroyed and Helog suffered certain damages pursuant to which Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog  the sum of £1,626,633.

40.    The foregoing negligent acts and omissions were substantial factors in causing the crash of D-HFZA and the losses aforesaid.

41.    As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq., as amended, of the Connecticut General Statutes, Defendant Kaman

Aerospace Corporation is liable to Plaintiff for monetary damages in a sum to be established at trial.

## COUNT THREE

**AS AND FOR A THIRD CAUSE OF ACTION IN PRODUCT
LIABILITY AGAINST DEFENDANT K-MAX CORP.**

42.  Paragraphs 1 through 41 of Count Two of this Complaint are hereby incorporated and realleged as paragraphs 1 through 41 of this Count.

43.  At all times relevant to this Complaint, K-Max Corp. was a product seller and/or manufacturer as defined in §§ 52-572m *et seq.* of the Connecticut General Statutes.

44.  The power loss of D-HFZA was due to and proximately and substantially caused by the negligence of Defendant K-Max Corp. in one or more of the following ways:

a.  Manufacturing, remanufacturing, constructing, designing, preparing, assembling, fabricating, installing, testing, packaging, preparing or failing to prepare instructions and/or warnings for, labeling, distributing, and/or selling D-HFZA and the instructions and warnings for its use, maintenance and inspection, in an unreasonably dangerous and defective condition prone to failure;

-11-

b.     Failing to adequately test or inspect D-HFZA to determine whether it was safe for its intended use;

c.     Failing to adequately test or inspect the component parts of D-HFZA, including but not limited to the free wheeling clutch, drive shaft and the engine adapter;

d.     Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of D-HFZA;

e.     Failing to warn users and operators of D-HFZA after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

45.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, D-HFZA was destroyed and Helog suffered certain damages pursuant to which Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog the sum of £1,626,633.

46.    The foregoing negligent acts and omissions were substantial factors in causing the crash of D-HFZA and the losses aforesaid.

47.    As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq.,

-12-

as amended, of the Connecticut General Statutes, Defendant K-Max Corp. is
liable to Plaintiff for monetary damages in a sum to be established at trial.

### COUNT FOUR

### AS AND FOR A FOURTH CAUSE OF ACTION IN PRODUCT LIABILITY AGAINST DEFENDANT KAMAN AEROSPACE INTERNATIONAL, INC.

48.    Paragraphs 1 through 47 of Count Three of this Complaint are hereby
incorporated and realleged as paragraphs 1 through 47 of this Count.

49.    At all times relevant to this Complaint, Kaman Aerospace International, Inc.
was a product seller and/or manufacturer as defined in §§ 52-572m *et seq.* of
the Connecticut General Statutes.

50.    The power loss of D-HFZA was due to and proximately and substantially
caused by the negligence of Defendant Kaman Aerospace International, Inc.
in one or more of the following ways:

   a.    Manufacturing, remanufacturing, constructing, designing, preparing,
assembling, fabricating, installing, testing, packaging, preparing or
failing to prepare instructions and/or warnings for, labeling, distributing,
and/or selling D-HFZA and the instructions and warnings for its use,
maintenance and inspection, in an unreasonably dangerous and
defective condition prone to failure;

-13-

b.    Failing to adequately test or inspect D-HFZA to determine whether it was safe for its intended use;

c.    Failing to adequately test or inspect the component parts of D-HFZA, including but not limited to the free wheeling clutch, drive shaft and the engine adapter;

d.    Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of D-HFZA;

e.    Failing to warn users and operators of D-HFZA after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

51.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, D-HFZA was destroyed and Helog suffered certain damages pursuant to which Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog the sum of £1,626,633.

52.    The foregoing negligent acts and omissions were substantial factors in causing the crash of D-HFZA and the losses aforesaid.

53.    As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq.,

-14-

as amended, of the Connecticut General Statutes, Defendant Kaman
Aerospace International, Inc. is liable to Plaintiff for monetary damages in a
sum to be established at trial.

### COUNT FIVE

### AS AND FOR A FIFTH CAUSE OF ACTION IN PRODUCT LIABILITY
### AGAINST DEFENDANT KAMAN AEROSPACE GROUP, INC.

54.    Paragraphs 1 through 53 of Count Four of this Complaint are hereby
incorporated and realleged as paragraphs 1 through 53 of this Count.

55.    At all times relevant to this Complaint, Kaman Aerospace Group, Inc. was a
product seller and/or manufacturer as defined in §§ 52-572m *et seq.* of the
Connecticut General Statutes.

56.    The power loss of D-HFZA was due to and proximately and substantially
caused by the negligence of Defendant Kaman Aerospace Group, Inc. in one
or more of the following ways:

    a.    Manufacturing, remanufacturing, constructing, designing, preparing,
assembling, fabricating, installing, testing, packaging, preparing or
failing to prepare instructions and/or warnings for, labeling, distributing,
and/or selling D-HFZA and the instructions and warnings for its use,
maintenance and inspection, in an unreasonably dangerous and
defective condition prone to failure;

b.  Failing to adequately test or inspect D-HFZA to determine whether it was safe for its intended use;

c.  Failing to adequately test or inspect the component parts of D-HFZA, including but not limited to the free wheeling clutch, drive shaft and the engine adapter;

d.  Preparing and providing improper and/or incomplete operational and maintenance manuals, instructions, and warnings to users and operators of D-HFZA;

e.  Failing to warn users and operators of D-HFZA after its sale and/or to take corrective action after Defendants knew of similar sudden power failures.

57.  As a direct, substantial, and proximate result of the acts and omissions aforesaid, D-HFZA was destroyed and Helog suffered certain damages pursuant to which Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog the sum of £1,626,633.

58.  The foregoing negligent acts and omissions were substantial factors in causing the crash of D-HFZA and the losses aforesaid.

59.  As a direct, substantial and proximate result thereof, and pursuant to the applicable laws of negligent product design, manufacture and sale, strict liability in torts, and the Connecticut Product Liability Act, §§ 52-572m et seq.,

-16-

as amended, of the Connecticut General Statutes, Defendant Kaman Aerospace Group, Inc. is liable to Plaintiff for monetary damages in a sum to be established at trial.

## COUNT SIX

### AS AND FOR A SIXTH CAUSE OF ACTION OF BREACH OF WARRANTY AGAINST KAMAN CORPORATION

60. Paragraphs 1 through 59 of Count Five of this Complaint are hereby incorporated and realleged as paragraphs 1 through 59 of this Count.

61. At all times relevant hereto and presently, Defendant Kaman Corporation is and was a "seller" as defined in § 42a-2-103(d) of the Connecticut General Statutes.

62. At all times relevant to this Complaint, Defendant Kaman Corporation is and was a "merchant" as defined in in § 42a-2-104(1) of the Connecticut General Statutes.

63. At all times relevant to this Complaint, Helog was a "Buyer" as defined in § 42a-2-103(a) of the Connecticut General Statutes.

64. The Kaman K-1200 and D-HFZA are/were goods as defined in § 42a-2-105(1) of the Connecticut General Statutes.

65. Defendant Kaman Corporation negligently misrepresented and expressly and impliedly warranted that D-HFZA and its component parts, including, but not

limited to, the engine adapter, the drive shaft, and the free wheeling clutch, were airworthy, reasonably safe, free from defects, of merchantable quality and fit for their intended use as aforesaid.

66. Defendant Kaman Corporation negligently misrepresented and expressly and impliedly warranted that after the sale of D-HFZA that they would notify and warn buyers and operators of the Kaman K-1200, including Helog, of information concerning the safety of such aircraft.

67. Defendant Kaman Corporation negligently misrepresented and breached these express and implied warranties in the following ways:

   a.   D-HFZA was not airworthy, reasonably safe, free from defects, of merchantable quality and not fit for its intended use as aforesaid;

   b.   it failed to notify and warn buyers and operators of the Kaman K-1200, including Helog, of power loss problems associated with the slipping of the free wheeling clutch;

   c.   component parts of D-HFZA, including, but not limited to, the engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

   d.   it failed to notify and warn buyers and operators of the Kaman K-1200, including Helog, of defects in the component parts installed into D-

-18-

HFZA, including, but not limited to, the engine adapter, the free wheeling clutch and the drive shaft.

68.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, the aircraft was destroyed and Helog suffered certain damages pursuant to which Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog the sum of £1,626,633.

69.    The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of D-HFZA and the losses to Plaintiff as aforesaid.

70.    The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq*. of the Connecticut General Statutes, namely the Uniform Commercial Code.

71.    As a direct, substantial, and proximate result thereof, Defendant Kaman Corporation is liable to Plaintiff for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT SEVEN

### AS AND FOR A SEVENTH CAUSE OF ACTION OF BREACH OF WARRANTY AGAINST DEFENDANT KAMAN AEROSPACE CORPORATION

72.    Paragraphs 1 through 71 of Count Six of this Complaint are hereby incorporated and realleged as paragraphs 1 through 71 of this Count.

73.  At all times relevant hereto and presently, Defendant Kaman Aerospace
     Corporation is and was a "seller" as defined in § 42a-2-103(d) of the
     Connecticut General Statutes.

74.  At all times relevant to this Complaint, Defendant Kaman Aerospace
     Corporation is and was a "merchant" as defined in in § 42a-2-104(1) of the
     Connecticut General Statutes.

75.  At all times relevant to this Complaint, Helog was a "Buyer" as defined in §
     42a-2-103(a) of the Connecticut General Statutes.

76.  The Kaman K-1200 and D-HFZA are/were goods as defined in § 42a-2-
     105(1) of the Connecticut General Statutes.

77.  Defendant Kaman Aerospace Corporation negligently misrepresented and
     expressly and impliedly warranted that D-HFZA and its component parts,
     including, but not limited to, the engine adapter, the drive shaft, and the free
     wheeling clutch, were airworthy, reasonably safe, free from defects, of
     merchantable quality and fit for their intended use as aforesaid.

78.  Defendant Kaman Aerospace Corporation negligently misrepresented and
     expressly and impliedly warranted that after the sale of D-HFZA that they
     would notify and warn buyers and operators of the Kaman K-1200, including
     Helog, of information concerning the safety of such aircraft.

79.  Defendant Kaman Aerospace Corporation negligently misrepresented and breached these express and implied warranties in the following ways:

  a.  D-HFZA was not airworthy, reasonably safe, free from defects, of merchantable quality and not fit for its intended use as aforesaid;

  b.  it failed to notify and warn buyers and operators of the Kaman K-1200, including Helog, of power loss problems associated with the slipping of the free wheeling clutch;

  c.  component parts of D-HFZA, including, but not limited to, the engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

  d.  it failed to notify and warn buyers and operators of the Kaman K-1200, including Helog, of defects in the component parts installed into D-HFZA, including, but not limited to, the engine adapter, the free wheeling clutch and the drive shaft.

80.  As a direct, substantial, and proximate result of the acts and omissions aforesaid, the aircraft was destroyed and Helog suffered certain damages pursuant to which Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog the sum of £1,626,633.

-21-

81.    The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of D-HFZA and the losses to Plaintiff as aforesaid.

82.    The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq.* of the Connecticut General Statutes, namely the Uniform Commercial Code.

83.    As a direct, substantial, and proximate result thereof, Defendant Kaman Aerospace Corporation is liable to Plaintiff for monetary damages in excess of the jurisdictional limit of this Court, in a sum to be established at trial.

## COUNT EIGHT

### AS AND FOR AN EIGHTH CAUSE OF ACTION OF BREACH OF WARRANTY AGAINST DEFENDANT K-MAX CORP.

84.    Paragraphs 1 through 83 of Count Seven of this Complaint are hereby incorporated and realleged as paragraphs 1 through 83 of this Count.

85.    At all times relevant hereto and presently, Defendant K-Max Corp. is and was a "seller" as defined in § 42a-2-103(d) of the Connecticut General Statutes.

86.    At all times relevant to this Complaint, Defendant K-Max Corp. is and was a "merchant" as defined in in § 42a-2-104(1) of the Connecticut General Statutes.

87.     At all times relevant to this Complaint, Helog was a "Buyer" as defined in §
        42a-2-103(a) of the Connecticut General Statutes.

88.     The Kaman K-1200 and D-HFZA are/were goods as defined in § 42a-2-
        105(1) of the Connecticut General Statutes.

89.     Defendant K-Max Corp. negligently misrepresented and expressly and
        impliedly warranted that D-HFZA and its component parts, including, but not
        limited to, the engine adapter, the drive shaft, and the free wheeling clutch,
        were airworthy, reasonably safe, free from defects, of merchantable quality
        and fit for their intended use as aforesaid.

90.     Defendant K-Max Corp. negligently misrepresented and expressly and
        impliedly warranted that after the sale of D-HFZA that they would notify and
        warn buyers and operators of the Kaman K-1200, including Helog, of
        information concerning the safety of such aircraft.

91.     Defendant K-Max Corp. negligently misrepresented and breached these
        express and implied warranties in the following ways:

        a.      D-HFZA was not airworthy, reasonably safe, free from defects, of
                merchantable quality and not fit for its intended use as aforesaid;

        b.      it failed to notify and warn buyers and operators of the Kaman K-1200,
                including Helog, of power loss problems associated with the slipping of
                the free wheeling clutch;

-23-

c.     component parts of D-HFZA, including, but not limited to, the engine adapter, the free wheeling clutch and the drive shaft were not airworthy, reasonably safe, free from defects and of merchantable quality fit for their intended use; and

d.     it failed to notify and warn buyers and operators of the Kaman K-1200, including Helog, of defects in the component parts installed into D-HFZA, including, but not limited to, the engine adapter, the free wheeling clutch and the drive shaft.

92.    As a direct, substantial, and proximate result of the acts and omissions aforesaid, the aircraft was destroyed and Helog suffered certain damages pursuant to which Plaintiff Polygon and other interested Underwriters as aforesaid paid Helog the sum of £1,626,633.

93.    The foregoing misrepresentations and breaches of warranties were substantial factors in causing the crash of D-HFZA and the losses to Plaintiff as aforesaid.

94.    The foregoing misrepresentations and breaches of warranties were violations of §§ 42a-1-101 *et seq*. of the Connecticut General Statutes, namely the Uniform Commercial Code.