## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT, HARTFORD

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V,<br><br>Defendants. | Case No. 301 CV 1746 (AVC)<br><br>October 4, 2004 |

### PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT SUPPORTING THEIR MEMORANDUM OPPOSING KAMAN'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE DAMAGES ISSUES

Plaintiffs, Mountain West Helicopters, LLC ("Mountain West"), Long-Line Leasing, LLC ("Long-Line"), Helog AG ("Helog") and Heli-Air Zagel Lufttransport AG ("Heli-Air"), hereinafter collectively referred to as "Plaintiffs" and/or the "Helicopter Logging Companies," through counsel, submit this local rule 56(a)(2) statement supporting their memorandum opposing Kaman Aerospace Corporation's ("Kaman") September 10, 2004 Cross Motion for Partial Summary Judgment on the Damages Issue. Responding to Defendant's Local Rule 56(a)(1) Statement, Plaintiffs, through counsel, plead as follows:

1.     Plaintiffs deny that Mountain West purchased the Mountain West Helicopter exclusively for helicopter logging operations and otherwise admit paragraph 1.

2.     Plaintiffs deny that Helog purchased the Helog Helicopter exclusively for helicopter logging operations and otherwise admit paragraph 1.

3.     Admit.

4.     Admit.

5.     Deny (see disputed issues of material fact below).

6.     Deny (see disputed issues of material fact below).

7.     Admit.

8.     Admit with the proviso that the damage to the Helog Helicopter resulted in a declaration of "total loss."

9.     Admit (reserving the right to correct any discrepancies in the actual amount paid to Helog by its helicopter hull insurer).

10.     Admit (reserving the right to correct any discrepancies in the actual amount paid to Mountain West by its helicopter hull insurer).

11.     Admit.

12.     Admit.

13.     Admit (reserving the right to correct any discrepancies in the actual amount of damages incurred).

14.     Admit (reserving the right to correct any discrepancies in the actual amount of damages incurred).

15.     Deny (see disputed issues of material fact below).

16.     Deny (see disputed issues of material fact below).

## DISPUTED ISSUES OF MATERIAL FACT

Plaintiffs' disputed issues of material fact are outlined in detail at page iv and throughout the argument sections of plaintiffs' memorandum filed contemporaneously herewith. Plaintiffs will not reiterate those disputes here.

As noted in footnote 1 of plaintiffs' memorandum filed contemporaneously herewith, due to an apparent misinterpretation of the court's "proposed" amendments to Local Rule 56, plaintiffs did not file their own Rule 56(a)(1) Statement, at the time of filing their opening (September 10, 2004) memorandum herein. To atone for that oversight, plaintiffs now file this Local Rule 56(a)(2) Statement including: (1) as exhibits A and B, new affidavits of Bryan Burr and Wolfgang Zagel; and (2) as exhibit C, copies of Kaman's discovery responses relied upon on these cross-motions for summary judgment. Plaintiffs have cited those discovery responses, by individual paragraph number, in their memoranda. The court will note the new affidavits of Bryan Burr and Wolfgang Zagel are not yet signed and notarized, due to Mr. Burr's unexpected travel commitments the difficulties inherent in obtaining a notarized statement from a European witness. Both Mr. Burr and Mr. Zagel have reviewed and approved the affidavits and will promptly provide notarized affidavits.

DATED:   October _4_, 2004.

The Law Offices of Robert S. Young, L.C.

Robert S. Young (ct 21935)
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101
Tel. (801) 531-8300
Fax (801) 359-7233
rsyav8rlaw@hotmail.com

## VII. CERTIFICATE OF SERVICE

I certify that on October 4th, 2004, I caused to be filed with the court and served upon the individuals identified below, in the manner stated, the foregoing PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT SUPPORTING THEIR MEMORANDUM OPPOSING KAMAN'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE DAMAGES ISSUES.  The original, via United States Postal Service Priority Mail, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., and addressed to:

> Clerk of the Court
> 450 Main Street
> Hartford, CT  06103

And one copy each, via first class mail, postage prepaid addressed to:

Tim Bishop, Esq.
BISHOP & JACKSON
80 Ferry Blvd.
Stratford, CT  06615

Timothy A. Diemand, Esq.
Aaron Singer, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT  06103-3402

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Opposing Kaman's Cross-MSJ re Damages (Rule 56 Statement).004.wpd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT, HARTFORD

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V,<br><br>        Defendants. | Case No. 301 CV 1746 (AVC)<br><br>October 4, 2004 |

### AFFIDAVIT OF BRYAN J. BURR OPPOSING KAMAN AEROSPACE CORP.'S SEPTEMBER 10, 2004 MOTION FOR PARTIAL SUMMARY JUDGMENT

STATE OF UTAH     )
                  : ss.
COUNTY OF UTAH   )

BRYAN J. BURR, being first duly sworn upon oath, deposes and says:

1.     I am a resident of Utah County, State of Utah and, if called to testify in this proceeding, would competently testify as outlined below.

2.     My family and/or I own Mountain West Helicopters, LLC ("Mountain West") and Long-Line Leasing, LLC ("Long-Line").

3.     Mountain West and Long-Line are Utah Limited Liability Companies having a place of business in Orem, Utah.

EXHIBIT _A_
Page _1_ of _4_

4.    In January 2002 I submitted an affidavit in this proceeding.  Paragraph 9 of that affidavit stated: "The Kaman parts catalogue we possess, notes that Kaman's standard warranty of 500 flight hours or one year, whichever occurs first, applies to spare parts such as the Clutch."

5.    While I am not 100% certain, I believe the Kaman parts catalog we possessed, at the time of preparing my January 2002 affidavit was Kaman's 2002 parts catalog.  We may not have yet received the Kaman 2002 parts catalog and, if not, we likely possessed the Kaman 2001 parts catalog.

6.    My attorney informs me it is Kaman's position, on the pending cross-motions for partial summary judgment, that, at the time we purchased the spare part free-wheeling sprag clutch assembly, including part number K974110-005, identified by serial number 032 (the "Clutch"), we reached an agreement with Kaman to be bound by the warranty provisions, exclusions and limitations contained in the 1999 Kaman parts catalog.

7.    I am presently unaware of whether the 1999 Kaman parts catalog contained warranty provisions, exclusions and/or limitations.  Moreover, if it did, I am presently unaware of the terms and conditions of the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog and I do not presently recall if I ever reviewed those provisions, if they do exist.

8.    It is my present recollection that no Kaman representative ever asked me, or, to the best of my knowledge, anyone else at my company, to agree to the terms and conditions of the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog as a condition of selling us the Clutch.



EXHIBIT _A_

Page _2_ of _4_

9.     Moreover, I have no present recollection of agreeing to the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog, as a condition of purchasing the Clutch from Kaman.

10.     And finally, I am aware of no written documents outlining the terms and conditions governing Kaman's sale and our purchase of the Clutch in 1999.

DATED:   October ___, 2004.


Bryan J. Burr
_____

SUBSCRIBED AND SWORN TO before me this ____ day of October 2004.


NOTARY PUBLIC
_____

My Commission Expires:            Residing At:


EXHIBIT __A__
Page __3__ of __4__

### Certificate of Service

I certify that on October ___, 2004, I caused to be filed with the court and served upon the individuals identified below, in the manner identified, the foregoing AFFIDAVIT OF BRYAN J. BURR OPPOSING KAMAN AEROSPACE CORP.'S SEPTEMBER 10, 2004 MOTION FOR PARTIAL SUMMARY JUDGMENT.

The original, via United States Postal Service Priority Mail, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., addressed to:

> Clerk of the Court
> 450 Main Street
> Hartford, CT  06103

And one copy each, via first class mail, postage prepaid addressed to:

| | |
|---|---|
| Tim Bishop, Esq.<br>BISHOP & JACKSON<br>80 Ferry Blvd.<br>Stratford, CT  06615 | Timothy A. Diemand, Esq.<br>Aaron Singer, Esq.<br>WIGGIN & DANA<br>One City Place<br>185 Asylum Street<br>Hartford, CT  06103-3402 |

_____

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Opposing Kaman's Cross-MSJ re Damages AFF BJB.OO2.wpd

4

EXHIBIT _A_
Page _4_ of _4_

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT, HARTFORD**

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation, | |
| Plaintiffs, | |
| v. | |
| KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V, | Case No. 301 CV 1746 (AVC)   October 4, 2004 |
| Defendants. | |

**AFFIDAVIT OF WOLFGANG ZAGEL OPPOSING KAMAN AEROSPACE CORP.'S SEPTEMBER 10, 2004 MOTION FOR PARTIAL SUMMARY JUDGMENT**

HAMMERAU, GERMANY

WOLFGANG ZAGEL, being first duly sworn upon oath, deposes and says:

1.      I reside in Hammerau, Germany and, if called to testify in this proceeding, would competently testify as outlined below.

2.      My family and/or I are shareholders in Heli-Air Zagel Lufttransport AG ("Heli-Air") which operates the helicopter owned by Helog AG ("Helog").

3.      Heli-Air is a German corporation having places of business in Hersbruck and Hammerau, Germany and Helog is a Swiss corporation having a place of business in Küssnacht, Switzerland and now in Salzburg, Austria.

EXHIBIT __B__
Page __1__ of __4__

4.    In March 2002 I submitted an affidavit in this proceeding.  Paragraph 10 of that affidavit stated: "The Kaman parts catalogue we possess, notes that Kaman's standard warranty of 500 flight hours or one year, whichever occurs first, applies to spare parts such as the Clutch."

5.    While I am not 100% certain, I believe the Kaman parts catalog we possessed, at the time of preparing my March 2002 affidavit was Kaman's 2002 parts catalog.  We may not have yet received the Kaman 2002 parts catalog and, if not, we likely possessed the Kaman 2001 parts catalog.

6.    My attorney informs me it is Kaman's position, on the pending cross-motions for partial summary judgment, that, at the time we purchased the spare part free-wheeling sprag clutch assembly, including part number K974110-005, identified by serial number 014 (the "Clutch"), we reached an agreement with Kaman to be bound by the warranty provisions, exclusions and limitations contained in the 1999 Kaman parts catalog.

7.    I am presently unaware of whether the 1999 Kaman parts catalog contained warranty provisions, exclusions and/or limitations.  Moreover, if it did, I am presently unaware of the terms and conditions of the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog and I do not presently recall if I ever reviewed those provisions, if they do exist.

8.    It is my present recollection that no Kaman representative ever asked me, or, to the best of my knowledge, anyone else at my company, to agree to the terms and conditions of the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog as a condition of selling us the Clutch.

2


EXHIBIT _B_
Page _2_ of _4_

9.    Moreover, I have no present recollection of agreeing to the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog, as a condition of purchasing the Clutch from Kaman.

10.    And finally, I am aware of no written documents outlining the terms and conditions governing Kaman's sale and our purchase of the Clutch in 1999.

DATED:    October ___, 2004.

Wolfgang Zagel

SUBSCRIBED AND SWORN TO before me this ____ day of October 2004.

NOTARY PUBLIC

My Commission Expires:                Residing At:

EXHIBIT _B_
Page _3_ of _4_

3

## CERTIFICATE OF SERVICE

I certify that on October ___, 2004, I caused to be filed with the court and served upon the individuals identified below, in the manner identified, the foregoing AFFIDAVIT OF WOLFGANG ZAGEL OPPOSING KAMAN AEROSPACE CORP.'S SEPTEMBER 10, 2004 MOTION FOR PARTIAL SUMMARY JUDGMENT.

The original, via United States Postal Service Priority Mail, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., addressed to:

Clerk of the Court
450 Main Street
Hartford, CT  06103

And one copy each, via first class mail, postage prepaid addressed to:

Tim Bishop, Esq.
BISHOP & JACKSON
80 Ferry Blvd.
Stratford, CT  06615

Timothy A. Diemand, Esq.
Aaron Singer, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT  06103-3402

_____

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Opposing Kaman's Cross-MSJ re Damages AFF WZ.O02.wpd

4

EXHIBIT *B*
Page 4 of 4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTERS, LLC,:
LONG-LINE LEASING, LLC,                    :
HELOG AG and HELI-AIR ZAGEL       :
LUFTTRANSPORT AG,                          :
                                                             :
               Plaintiffs,              :
                                                             :
vs.                                                          :
                                                             :        CASE NO. 3:01-CV-1746 (AVC)
KAMAN AEROSPACE CORPORATION  :
and JOHN DOES I THROUGH V,          :        August 6, 2004
                                                             :
Defendants.                                            :

## KAMAN AEROSPACE CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Kaman Aerospace Corporation ("Kaman") hereby objects and responds to Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

1.      Kaman objects generally to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. To the extent that Kaman discloses any information that is protected by an applicable privilege, such production will be inadvertent, shall not be deemed a waiver of privilege, and Plaintiffs will be barred from introducing such privileged information into evidence or relying on or using such privileged information in any way.

2.      Kaman objects to the Interrogatories to the extent that they seek to impose on Kaman any obligations different from, or in addition to, those imposed by the Federal

8

EXHIBIT _C_

Page _1_ of _12_

Rules of Civil Procedure and/or the rules of this Court. In responding to the Interrogatories, Kaman will comply with those rules.

3.    Each of the foregoing General Objections is incorporated into each of the responses set forth below. Any response below is made subject to, and without waiving, the foregoing General Objections.

## INTERROGATORIES

1.    For each request for admission served contemporaneously herewith that you do not admit, please describe the factual basis supporting your denial or partial denial.

**RESPONSE**:

**Kaman objects to this interrogatory as it is vague and ambiguous and as it seeks to impose obligations on Kaman different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the rules of this Court. *See also* Kaman's August 6, 2004 Objections and Responses to Plaintiffs' Requests for Admission.**

2.    Please state the amount of the total compensation you received for the 1997 sale of a Kaman Aerospace model K-1200 helicopter bearing serial number A94-0014 and Federal Aviation Administration ("FAA") registration number N164KA (the "Mountain West Helicopter").

**RESPONSE**:

**Kaman objects to this interrogatory as it is vague and ambiguous, in particular the term "total compensation" is undefined. Subject to and without waiving these objections, Kaman sold the Mountain West Helicopter to Long-Line Leasing, L.L.C. for a base purchase price of $2,996,790.87 pursuant to a May 20, 1997 Aircraft Sale Agreement. A copy of this agreement is produced herewith.**

EXHIBIT _C_

Page _2_ of _12_

3.     Please state the amount of the total compensation you received for the 1997 sale of a Kaman Aerospace model K-1200 helicopter bearing serial number A94-0018 and German registration number D-HFZA (the "Heli-Air Helicopter").

**RESPONSE**:

**Kaman objects to this interrogatory as it is vague and ambiguous, in particular the term "total compensation" is undefined. Subject to and without waiving these objections, Kaman sold the Heli-Air Helicopter to Helog, A.G. for a base price of $3,500,000 pursuant to a May 2, 1997 Aircraft Installment Sale Agreement. A copy of this agreement (with amendments) is produced herewith.**

4.     If you contend that any document, other than the May 2, 1997 and the May 20, 1997 Aircraft Sale Agreements executed by you and one or more of the Plaintiffs herein, governs the terms and conditions of the sale of the Mountain West Helicopter and/or the Heli-Air Helicopter, please identify any such document.

**RESPONSE**:

**N/A**

5.     Please state the amount of the total compensation you received for the 1999 sale of the new, spare-part/replacement freewheeling sprag clutch assembly, including part number K974110-005 and serial number 014, (the "Heli-Air Clutch").

**RESPONSE**:

**Kaman objects to this interrogatory as it is vague and ambiguous, in particular the term "total compensation" is undefined. Subject to and without**

EXHIBIT _C_
Page _3_ of _12_

waiving these objections, *see* documents regarding the sale of a transmission assembly, of which the Heli-Air Clutch was a part, produced herewith.

6.    Please state the amount of the total compensation you received for the 1999 sale of the new spare-part/replacement freewheeling sprag clutch assembly, including part number K974110-005 and serial number 032, (the "Mountain West Clutch").

**RESPONSE**:

**Kaman objects to this interrogatory as it is vague and ambiguous, in particular the term "total compensation" is undefined. Subject to and without waiving these objections, *see* documents regarding the sale of the Mountain West Clutch produced herewith. While the documents do not specify a price, the 1999 K-Max Price Catalog (excerpt produced herewith) lists the cost for a Clutch Assembly as $8,892.00.**

7.    If you contend that any document, executed by you and one or more of the Plaintiffs herein, governs the terms and conditions of the sale of the Mountain West Clutch and/or the Heli-Air Clutch, please identify any such document.

**RESPONSE**:

**Kaman objects to this interrogatory as it is vague and ambiguous. Subject to and without waiving these objections, *see* the documents produced in response to Interrogatory Nos. 5-6 and K-Max Corporation Products and Services Standard Terms and Conditions of Sale (effective date January 1, 1999) produced herewith.**

EXHIBIT ___C___
Page _4_ of _12_

8.    Please state the amount of the total compensation you received to repair the damages to the Mountain West Helicopter caused by its November 4, 1999 crash near Emida, Idaho.

**RESPONSE**:

**Kaman objects to this interrogatory as it is vague and ambiguous, in particular the term "total compensation" is undefined. Subject to and without waiving these objections,** *see* **documents regarding the repair of the Mountain West Helicopter produced herewith.**


9.    Please identify any documents describing the amount estimated to repair, the services actually rendered, the amount you charged, the amount you received in payment for and/or the sources from which you received payment in connection with the above-described repair of the Mountain West Helicopter.

**RESPONSE**:

*See* **documents produced in response to Interrogatory No. 8.**


10.    Please state and itemize the amount of the compensation paid by you, or any insurance carrier with whom you had any contract to pay for your liabilities, to any person or entity due to the September 13, 1999 crash of the Heli-Air Helicopter near Flirsch, Austria.


**RESPONSE**:

**Kaman's insurer paid $1,120,000 to settle <u>Polygon Insurance Co. v. Kaman Corporation</u>, Superior Court, J.D. Hartford, CV-01-0810775-S, a subrogation action seeking reimbursement of the insurance proceeds paid to Helog AG and/or Heli-Air Zagel Lufttransport AG.** *See* **Settlement Agreement and Release produced herewith.**



EXHIBIT    C
Page  5  of  12

11.    Please state and itemize the amount of the compensation paid by you, or any insurance carrier with whom you had any contract to pay for your liabilities, to any person or entity due to the November 4, 1999 crash of the Mountain West Helicopter near Emida, Idaho.

**RESPONSE**:

**Kaman's insurer paid $285,000 to settle <u>Global Aerospace Underwriting Managers, Ltd. v. Kaman Corporation</u>, Superior Court, J.D. Hartford, CV-01-0811945-S, a subrogation action seeking reimbursement of the insurance proceeds paid to Mountain West Helicopters and/or Long-Line Leasing, L.L.C.** *See* **Settlement Agreement and Release produced herewith.**

12.    Please state both the manufacture established hour and cycle-life limits on the Mountain West Clutch and the Heli-Air Clutch.

**RESPONSE**:

**Kaman objects to this interrogatory as it seeks information related to the merits of the case in violation of the Court's June 29, 2004 Order that limits discovery at this time to "the issue of damages."**

13.    Please state the manufacture-established warranty period, both in (a) flight hours and cycles and (b) calendar days, months or years, applicable to the Mountain West Clutch and the Heli-Air Clutch.

EXHIBIT __C__

Page __6__ of __12__

**RESPONSE**:

**Kaman objects to this interrogatory as it seeks an admission going to the merits of the case in violation of the Court's June 29, 2004 Order that limits discovery at this time to "the issue of damages."**

14.    Please state the total hours and cycles, according to your records, on the Heli-Air Clutch at the time of the September 13, 1999 crash of the Heli-Air Helicopter near Flirsch, Austria.

**RESPONSE**:

**Kaman objects to this interrogatory as it seeks information related to the merits of the case in violation of the Court's June 29, 2004 Order that limits discovery at this time to "the issue of damages."**

15.    Please state the total hours and cycles, according to your records, on the Mountain West Clutch at the time of the November 4, 1999 crash of the Mountain West Helicopter near Emida, Idaho.

**RESPONSE**:

**Kaman objects to this interrogatory as it seeks an admission going to the merits of the case in violation of the Court's June 29, 2004 Order that limits discovery at this time to "the issue of damages."**

16.    Do you contend that any Plaintiff herein has assigned to any other person or entity any claim asserted against you herein?

EXHIBIT _____C_____

Page __7__ of __12__

14

**RESPONSE**:

**Kaman objects to this interrogatory as it is premature as Plaintiffs have yet to specifically identify the damage claims asserted against Kaman (in violation of the Court's June 29, 2004 Order). Kaman therefore reserves the right to supplement this response once it receives Plaintiffs' FRCP 26(a)(1)(C) damage analysis.**

17.    If you contend that any Plaintiff herein has assigned to any other person or entity any claim asserted against you herein, please identify all documents upon which you rely in making that assertion.

**RESPONSE**:

*See* **objections to Interrogatory No. 16.**

18.    If you contend that any Plaintiff herein has assigned to any other person or entity any claim asserted against you herein, please identify the consideration given to any such Plaintiff in return for the assignment.

**RESPONSE**:

*See* **objections to Interrogatory No. 16.**

19.    Please state the total number of Kaman Aerospace model K-1200 helicopters you have manufactured.

**RESPONSE**:

**Kaman objects to this interrogatory as it violates the Court's June 29, 2004 Order that limits discovery at this time to "the issue of damages." Subject to and without waiving these objections, Kaman states that thirty-eight model K-1200**

EXHIBIT ___C___
Page __8__ of __12__

helicopters have been manufactured (including three prototypes and/or test helicopters).

20.    Please state the total number of Kaman Aerospace model K-1200 helicopters currently in operation.

**RESPONSE**:

**Kaman objects to this interrogatory as it violates the Court's June 29, 2004 Order that limits discovery at this time to "the issue of damages."  Subject to and without waiving these objections, Kaman states that as of July 19, 2004, twenty-eight model K-1200 helicopters were in operation.**

21.    Please identify any documents in your possession pertaining to the fair market value of the Mountain West Helicopter, as of November 4, 1999, and the Heli-Air Helicopter as of September 13, 1999.

**RESPONSE**:

**Kaman objects to this interrogatory as it is overbroad, vague and ambiguous, particularly the term "pertaining to the fair market value" is undefined. Subject to and without waiving these objections, Kaman states that it did not perform a valuation analysis of the Mountain West Helicopter as of November 4, 1999 and that it did not perform a valuation analysis of the Heli-Air Helicopter as of September 13, 1999.**

EXHIBIT ___C___
Page __9__ of _12_

Respectfully submitted,

**DEFENDANT**
**KAMAN AEROSPACE CORPORATION**

By: _____

Shaun S. Sullivan (ct 04883)
Timothy A. Diemand (ct 18075)
Wiggin and Dana LLP
One CityPlace
Hartford, CT 06103-3402
ph. (860) 297-3700
fax (860) 525-9380
e-mail ssullivan@wiggin.com
tdiemand@wiggin.com

EXHIBIT ___C___
Page _10_ of _12_

17

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

MOUNTAIN WEST HELICOPTERS, LLC,:
LONG-LINE LEASING, LLC,                :
HELOG AG and HELI-AIR ZAGEL        :
LUFTTRANSPORT AG,                        :
                                                     :
                    Plaintiffs,                   :
                                                     :
vs.                                                  :
                                                     :        CASE NO. 3:01-CV-1746 (AVC)
KAMAN AEROSPACE CORPORATION  :
and JOHN DOES I THROUGH V,          :
                                                     :
Defendants.                                     :


**STATE OF CONNECTICUT**
                        ss.:
**COUNTY OF HARTFORD**


        G. Roger Wassmuth,  being sworn, says:


        I am the Director of K-Max Marketing and Business Development for Kaman Aerospace Corporation and have read the foregoing Objections and Responses to Plaintiffs' First Set of Interrogatories and know the contents thereof. The statements contained in these responses are true to the best of my knowledge, information and belief.


G. Roger Wassmuth


Sworn to before me this
6 day of August, 2004.


Notary Public

CYNDRA S. LEWIS
NOTARY PUBLIC
My Commission Expires March 31, 2008


EXHIBIT ___C___
Page __11__ of __12__

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed this 6th day of August

2004, by first class mail, postage prepaid, to:


Robert S. Young, Esq.
Law Offices of Robert S. Young
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Timothy A. Bishop, Esq.
Bishop & Jackson, LLC
80 Ferry Blvd., Suite 103
Stratford, CT 06615


_____
Timothy A. Diemand

EXHIBIT ___C___
Page _12_ of _12_