

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT, HARTFORD

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V,<br><br>    Defendants. | Case No. 301 CV 1746 (AVC)<br><br>October 20, 2004 |

### PLAINTIFFS' SUPPLEMENTAL LOCAL RULE 56(a)(2) STATEMENT SUPPORTING THEIR OWN AND OPPOSING KAMAN'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE DAMAGES ISSUES

Plaintiffs, Mountain West Helicopters, LLC ("Mountain West"), Long-Line Leasing, LLC ("Long-Line"), Helog AG ("Helog") and Heli-Air Zagel Lufttransport AG ("Heli-Air"), hereinafter collectively referred to as "Plaintiffs" and/or the "Helicopter Logging Companies," through counsel, submit this supplemental local rule 56(a)(2) statement supporting their own and opposing Kaman Aerospace Corporation's ("Kaman") September 10, 2004 Cross Motion for Partial Summary Judgment on the Damages Issue. Responding to Defendant's Supplemental Local Rule 56(a)(1) Statement, Plaintiffs plead as follows:

    1.    Plaintiffs admit that Mountain West and Long-Line settled their hull insurance claims for $1,030,000 (reserving the right to correct the actual amount for which they settled if the evidence herein establishes a variation in that number) and that they executed

a "Sworn Statement in Proof of Loss," on or about October 10, 2000 (as reflected in exhibit B attached to Kaman's Supplemental Local Rule 56(a)(1) Statement). For the reasons set forth in Plaintiffs' previous memoranda filed herein and in their Reply Memorandum filed contemporaneously herewith, Plaintiffs deny the remaining allegations of paragraph 1.

      2.      Plaintiffs admit that Helog and Heli-Air settled their hull insurance claims for $2,591,908 (reserving the right to correct the actual amount for which they settled if the evidence herein establishes a variation in that number) and that they executed an "Interim Hull Release and Discharge," on or about November 15, 1999 (as reflected in exhibit D attached to Kaman's Supplemental Local Rule 56(a)(1) Statement). For the reasons set forth in Plaintiffs' previous memoranda filed herein and in their Reply Memorandum filed contemporaneously herewith, Plaintiffs deny the remaining allegations of paragraph 2.

      3.      Admit.

      4.      Admit.

      5.      Plaintiffs admit that Kaman and Mountain West's insurers settled their dispute, as reflected in exhibit G attached to Kaman's Supplemental Local Rule 56(a)(1) Statement, and, for the reasons set forth in Plaintiffs' previous memoranda filed herein and in their Reply Memorandum filed contemporaneously herewith, deny the remaining allegations of paragraph 5.

      6.      Plaintiffs admit that Kaman and Helog's insurers settled their dispute, as reflected in exhibit H attached to Kaman's Supplemental Local Rule 56(a)(1) Statement, and, for the reasons set forth in Plaintiffs' previous memoranda filed herein and in their Reply Memorandum filed contemporaneously herewith, deny the remaining allegations of paragraph 5.

DATED: October 20, 2004.

The Law Offices of Robert S. Young, L.C.

/s/ Robert S. Young
Robert S. Young (ct 21935)
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101
Tel. (801) 531-8300
Fax (801) 359-7233
rsyav8rlaw@hotmail.com

## CERTIFICATE OF SERVICE

I certify that on October 20, 2004, I caused to be filed with the court and served upon the individuals identified below, in the manner stated, the foregoing PLAINTIFFS' SUPPLEMENTAL LOCAL RULE 56(a)(2) STATEMENT SUPPORTING THEIR OWN AND OPPOSING KAMAN'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE DAMAGES ISSUES. The original, via overnight courier, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., and addressed to:

> Clerk of the Court
> 450 Main Street
> Hartford, CT  06103

And one copy each, via first class mail, postage prepaid addressed to:

Tim Bishop, Esq.
BISHOP & JACKSON
80 Ferry Blvd.
Stratford, CT  06615

Timothy A. Diemand, Esq.
Aaron Singer, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT  06103-3402

/s/ Robert S. Young

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Supporting Cross-MSJ re Damages (Reply Rule 56(A)(2)).O20.wpd

3