

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT, HARTFORD

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V,<br><br>Defendants. | Case No. 301 CV 1746 (AVC)<br><br>October 4, 2004 |

**AFFIDAVIT OF BRYAN J. BURR OPPOSING KAMAN AEROSPACE CORP.'S SEPTEMBER 10, 2004 MOTION FOR PARTIAL SUMMARY JUDGMENT**

STATE OF UTAH        )
                     : ss.
COUNTY OF UTAH       )

BRYAN J. BURR, being first duly sworn upon oath, deposes and says:

1. I am a resident of Utah County, State of Utah and, if called to testify in this proceeding, would competently testify as outlined below.

2. My family and/or I own Mountain West Helicopters, LLC ("Mountain West") and Long-Line Leasing, LLC ("Long-Line").

3. Mountain West and Long-Line are Utah Limited Liability Companies having a place of business in Orem, Utah.

4. In January 2002 I submitted an affidavit in this proceeding. Paragraph 9 of that affidavit stated: "The Kaman parts catalogue we possess, notes that Kaman's standard warranty of 500 flight hours or one year, whichever occurs first, applies to spare parts such as the Clutch."

5. While I am not 100% certain, I believe the Kaman parts catalog we possessed, at the time of preparing my January 2002 affidavit was Kaman's 2002 parts catalog. We may not have yet received the Kaman 2002 parts catalog and, if not, we likely possessed the Kaman 2001 parts catalog.

6. My attorney informs me it is Kaman's position, on the pending cross-motions for partial summary judgment, that, at the time we purchased the spare part free-wheeling sprag clutch assembly, including part number K974110-005, identified by serial number 032 (the "Clutch"), we reached an agreement with Kaman to be bound by the warranty provisions, exclusions and limitations contained in the 1999 Kaman parts catalog.

7. I am presently unaware of whether the 1999 Kaman parts catalog contained warranty provisions, exclusions and/or limitations. Moreover, if it did, I am presently unaware of the terms and conditions of the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog and I do not presently recall if I ever reviewed those provisions, if they do exist.

8. It is my present recollection that no Kaman representative ever asked me, or, to the best of my knowledge, anyone else at my company, to agree to the terms and conditions of the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog as a condition of selling us the Clutch.

9. Moreover, I have no present recollection of agreeing to the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog, as a condition of purchasing the Clutch from Kaman.

10. And finally, I am aware of no written documents outlining the terms and conditions governing Kaman's sale and our purchase of the Clutch in 1999.

DATED: October 7, 2004.

                                           _____
                                           Bryan J. Burr

SUBSCRIBED AND SWORN TO before me this 7th day of October 2004.

                                           _____
                                           NOTARY PUBLIC

My Commission Expires:        Residing At: Provo, UH
2-27-06



JRYAN NIELSEN
NOTARY PUBLIC • STATE of UTAH
1675 NORTH 200 WEST
PROVO, UTAH 84604
COMM. EXP. 2-27-2006

## Certificate of Service

I certify that on October 20th, 2004, I caused to be filed with the court and served upon the individuals identified below, in the manner identified, the foregoing AFFIDAVIT OF BRYAN J. BURR OPPOSING KAMAN AEROSPACE CORP.'S SEPTEMBER 10, 2004 MOTION FOR PARTIAL SUMMARY JUDGMENT.

The original, via United States Postal Service Priority Mail, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., addressed to:

>Clerk of the Court
>450 Main Street
>Hartford, CT 06103

And one copy each, via first class mail, postage prepaid addressed to:

Tim Bishop, Esq.
BISHOP & JACKSON
80 Ferry Blvd.
Stratford, CT 06615

Timothy A. Diemand, Esq.
Aaron Singer, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT 06103-3402

_____

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Opposing Kaman's Cross-MSJ re Damages AFF BJB.O02.wpd

4