UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2004 OCT 26  P 3: 11

U.S. DISTRICT COURT
HARTFORD, CT.

MOUNTAIN WEST HELICOPTERS, LLC,:
LONG-LINE LEASING, LLC,             :
HELOG AG and HELI-AIR ZAGEL    :
LUFTTRANSPORT AG,                    :
                                                          :
        Plaintiffs,                          :
                                                          :
vs.                                                     :
                                                          :   CASE NO. 3:01-CV-1746 (AVC)
KAMAN AEROSPACE CORPORATION :
and JOHN DOES I THROUGH V,      :
                                                          :
Defendants.                                       :

## AFFIDAVIT OF G. ROGER WASSMUTH

G. Roger Wassmuth, being duly sworn, deposes and says:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am the Director of K-Max Marketing and Business Development for Kaman Aerospace Corporation. I am familiar with the facts of this case and can personally attest to the facts contained in this affidavit.

3. In June of 1999 Kaman sold Helog a replacement transmission assembly that contained the clutch at issue in this case.

4. Attached hereto as Exhibit A is a true and accurate copy of my June 21, 1999 letter (including Schedule A) to Helog, wherein Helog acknowledged that the replacement

transmission assembly was subject to Kaman's "terms and conditions of sale, a copy of which you have received as part of the Kaman 1999 Commercial Price List." This letter is countersigned by Helog's representative Jurg Wyss.

5. Attached hereto as Exhibit B is a copy of the portion of Kaman's 1999 Commercial Price List containing the standard terms and conditions governing the sale of the replacement transmission assembly to Helog. Section 6 contains a limitation of liability provision which states in relevant part:

> EXCLUSIVE REMEDY; LIMITATIONS OF LIABILITY. . . . IN NO EVENT SHALL K-MAX BE LIABLE TO CUSTOMER OR ANY OTHER PERSON OR ORGANIZATION FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES OF ANY NATURE WHATSOEVER . . . INCLUDING WITHOUT LIMITATION, ANY DAMAGES FOR LOST PROFITS OR OTHER FINANCIAL OR ECONOMIC LOSS OR FOR ANY INTERRUPTION IN CUSTOMER'S BUSINESS OCCASIONED BY ITS INABILITY TO USE THE PRODUCTS OR SERVICES FOR ANY REASON WHATSOEVER. . . .

6. In October of 1999, Mountain West purchased from Kaman the clutch at issue in this case.

7. Attached hereto as Exhibit C is a true and accurate copy of the "pick ticket" documenting the sale of the clutch to Mountain West. The pick ticket states that the transaction is subject to Kaman's standard "terms and conditions of sale."

8. Before the clutch was sold to Mountain West in October of 1999, Kaman provided Mountain West with its 1999 Commercial Price List. See Exhibit B hereto. As noted

above, the 1999 Commercial Price List contains Kaman's standard terms and conditions of sale for replacement parts (including the limitation of liability provision quoted above).

*G. Roger Wassmuth*

STATE OF CONNECTICUT)
                              ) ss. Bloomfield, October 21, 2004
COUNTY OF HARTFORD )

    Personally appeared G. Roger Wassmuth, signer and sealer of the foregoing instrument, and he acknowledged the same to be his free act and deed, before me.

Sworn to before me
this 21st day of October, 2004

*Cyndra S. Lewis*
Notary Public

My Commission Expires: 3/31/2008

\14658\2\495019.1