FILED

2004 NOV -1  A 10: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT, HARTFORD

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V,<br><br>Defendants. | Case No. 301 CV 1746 (AVC)<br><br>October 29, 2004 |

**PLAINTIFFS' MOTION TO STRIKE THE OCTOBER 21, 2004-AFFIDAVIT OF G. ROGER WASSMUTH OR, ALTERNATIVELY, FOR AN ORDER GRANTING PLAINTIFFS A REASONABLE TIME TO FILE OPPOSING AFFIDAVITS AND/OR A MEMORANDUM OF LAW OPPOSING THE SAME**

Plaintiffs, Mountain West Helicopters, LLC ("Mountain West"), Long-Line Leasing, LLC ("Long-Line"), Helog AG ("Helog") and Heli-Air Zagel Lufttransport AG ("Heli-Air"), move the court for an order striking the October 21, 2004-affidavit of G. Roger Wassmuth ("Wassmuth Affidavit") as untimely filed. Alternatively, plaintiffs seek an order granting them a reasonable time to file opposing affidavits and/or a memorandum of law opposing factual allegations made, **for the first time on these cross-motions for summary judgment**, both in Mr. Wassmuth's affidavit and in Kaman's Reply Memorandum. (Kaman attached the Wassmuth Affidavit as exhibit 1 to its October 21, 2004-Reply Memorandum). The grounds for this motion include: (1) Rule 56(c) Fed.R.Civ.P. contemplates the filing of

opposing affidavits up until the day of hearing ("The adverse party prior to the day of hearing may serve opposing affidavits"); (2) Rule 56(e) Fed.R.Civ.P. leaves to the court's discretion the decision whether to allow the filing of opposing affidavits ("The court may permit affidavits to be . . . opposed by . . . further affidavits"); and (3) Local Rule 56(a)(3) requires that "affidavits . . . shall be filed and served with the Local Rule 56(a) 1 and 2 Statements in conformity with Fed.R.Civ.P. 56(e)." Kaman did not file and serve Mr. Wassmuth's affidavit with its Local Rule 56(a)(1) Statement (or with its "Supplemental Local Rule 56(a)(1) Statement") thus depriving plaintiffs of any opportunity to file opposing affidavits with their Local Rule 56(a)(2) Statement (or with their "Supplemental Local Rule 56(a)(2) Statement").

In addition to the foregoing procedural grounds, the affidavit of Mr. Wassmuth purports to establish, **for the first time on these cross-motions for summary judgment**, the following facts that plaintiffs, given a reasonable opportunity, will challenge: (1) Mr. Wassmuth's June 21, 1999-letter contains "the terms and conditions of sale" governing Kaman's sale and Helog's purchase of the defective Helog clutch that is the subject of this dispute, i.e., Mr. Wassmuth's letter is the missing "written agreement" plaintiff Helog's affidavit indicates it has no knowledge of (see Wassmuth Affidavit at ¶ 4 and the October 4, 2004-affidavit of Wolfgang Zagel ("Zagel Affidavit") at ¶ 10); and (2) A "pick-ticket" attached as exhibit C to Mr. Wassmuth's affidavit establishes "the terms and conditions of sale" governing Kaman's sale and Mountain West's purchase of the defective Mountain West clutch that is the subject of this dispute, i.e., the "pick-ticket" is the missing "written agreement" plaintiff Mountain West's affidavit indicates it has no knowledge of (see Wassmuth Affidavit at ¶¶ 7-8 and October 4, 2004-affidavit of Bryan J. Burr ("Burr Affidavit") at ¶ 10).

Moreover, without a supporting affidavit of any kind and **for the first time on these cross-motions for summary judgment**, Kaman's reply memorandum now argues "the [1997]

2

helicopter sales agreements . . . provide that replacement parts for the helicopters [including, of course, the defective clutches that are the subjects of this dispute] would be subject to 'Kaman's then standard terms and conditions' when purchased." See Kaman's October 21, 2004-Reply Memorandum at 5 and the citations noted therein. In other words, Kaman now contends that in 1997, when plaintiffs purchased their helicopters, plaintiffs and Kaman then agreed that two years later (when plaintiffs would purchase the defective clutches that are the subjects of this dispute), the purchase of the defective clutches would be subject to "Kaman's then standard terms and conditions" including, of course, the limitations of liability Kaman now contends serve to limit plaintiffs' remedies. Again, **most notably**, no affidavit of any Kaman representative purports to establish that, as a matter of fact or law, the parties did, indeed, reach any such agreement.

For the foregoing reasons plaintiffs seek this court's order striking the October 21, 2004-affidavit of G. Roger Wassmuth as untimely or, alternatively, granting plaintiffs a reasonable time to file opposing affidavits and/or a memorandum of law opposing these new factual allegations.

DATED: October 29, 2004.

The Law Offices of Robert S. Young, L.C.

_____
Robert S. Young (ct 21935)
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101
Tel. (801) 531-8300
Fax (801) 359-7233
rsyav8rlaw@hotmail.com

3

## CERTIFICATE OF SERVICE

I certify that on October 24th, 2004, I caused to be filed with the court and served upon the individuals identified below, in the manner stated, the foregoing PLAINTIFFS' MOTION TO STRIKE THE OCTOBER 21, 2004-AFFIDAVIT OF G. ROGER WASSMUTH OR, ALTERNATIVELY, FOR AN ORDER GRANTING PLAINTIFFS A REASONABLE TIME TO FILE OPPOSING AFFIDAVITS AND/OR A MEMORANDUM OF LAW OPPOSING THE SAME.

The original, via overnight courier, all expenses prepaid, to "be filed with the court within a reasonable time after service," as outlined in Rule 5(d) Fed.R.Civ.P., addressed to:

> Clerk of the Court
> 450 Main Street
> Hartford, CT 06103

A copy via facsimile, to (860) 525-9380, and first class mail, postage prepaid addressed to:

> Timothy A. Diemand, Esq.
> Aaron Singer, Esq.
> WIGGIN & DANA
> One City Place
> 185 Asylum Street
> Hartford, CT 06103-3402

A copy, via first class mail, postage prepaid addressed to:

> Tim Bishop, Esq.
> BISHOP & JACKSON
> 80 Ferry Blvd.
> Stratford, CT 06615

_/s/ Robert S. Young_

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Motion to Strike Wassmuth Affidavit.029.wpd