

COPY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

FILED

2004 DEC 23  P 12: 47

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC,: <br> LONG-LINE LEASING, LLC, <br> HELOG AG and HELI-AIR ZAGEL <br> LUFTTRANSPORT AG, <br><br> Plaintiffs, <br><br> vs. <br><br> KAMAN AEROSPACE CORPORATION <br> and JOHN DOES I THROUGH V, <br><br> Defendants. | CASE NO. 3:01-CV-1746 (AVC) <br><br> December 23, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF KAMAN AEROSPACE
CORPORATION'S MOTION TO STRIKE AND FOR OTHER RELIEF IN LIGHT OF
PLAINTIFFS' FAILURE TO PRODUCE DOCUMENTS**

As ordered by the Court, the parties were to conduct damage discovery in advance of

filing motions for summary judgment on the issue of damages. See July 1, 2004 Order (Exh. A).

Under the Court's order, "all discovery relating to the issue of damages shall be completed by

August 6, 2004." Id. By the August 6 discovery deadline, plaintiffs had not produced any

documents. Plaintiffs' counsel informed Kaman's counsel that Helog had sent documents but

that they had not yet been received and that Mountain West's documents were in storage but

would be retrieved and produced within three weeks. (Exh. B, transcription of voicemail

message from plaintiffs' counsel to Kaman's counsel). August came and went and no

documents were produced. Kaman's counsel thereafter wrote plaintiffs' counsel on September

2, 2004, asking that the promised documents be sent by overnight courier (Exh. C.) Rather than

delay the briefing schedule on Kaman's motion for summary judgment until plaintiffs'

documents were produced, Kaman went ahead and filed its motion for summary judgment on

September 10, 2004 – as the admissions made by plaintiffs in their interrogatory responses showed that plaintiffs could not recover any damages.

However, in light of the assertions made by plaintiffs in their opposition papers regarding the record and their attempts to "dispute" facts that cannot be disputed, Kaman again pressed plaintiffs to produce documents (as the documents likely would contradict plaintiffs' assertions). See November 11 and 18, 2004 letters (Exhs. D and E). No documents were forthcoming in response to these letters and plaintiffs counsel merely provided a series of excuses (out of town, on vacation, holidays, and "I am happy to provide the documents, but continue to be unable to understand your urgent need.").

On November 30, 2004, in a pleading filed with the Court, plaintiffs expressly agreed that they would produce all outstanding documents on or before December 17, 2004 as a *condition* to being allowed more time to file their Supplemental Memorandum (Exh. F). Plaintiffs breached this agreement and no documents were produced on December 17. Rather, plaintiffs' counsel left a voicemail for Kaman's counsel at 7:00 p.m. on Friday, December 17, 2004 stating that he had yet to receive any documents from plaintiff Helog. (Exh. G, transcription of voicemail message). Moreover, as for the documents from the other plaintiff, Mountain West, plaintiffs' counsel stated that documents had only recently been received and the files would not be produced until after a "privilege review" was conducted. Id. With all due respect, enough is enough. Having violated the Court's discovery orders, having failed to produce a single document, and having failed to live up to their agreements, Kaman respectfully asks the Court to: (1) strike plaintiffs' Supplemental Memorandum; (2) order that all outstanding documents be produced by a date certain; (3) permit Kaman to file a final brief in support of its motion for summary judgment after plaintiffs' documents are received; and (4) award Kaman all

2

costs associated with its efforts to get plaintiffs to comply with their discovery obligations and the orders of this Court.  See  Fed. R. Civ. P. Rules 16(f) and 37(b).  These rules provide the Court with broad discretion to fashion a remedy appropriate to the violation.  See, e.g., Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993).

**DEFENDANT**
**KAMAN AEROSPACE CORPORATION**

By: _Timothy A. Diemand_ rwb
   Shaun S. Sullivan (ct 04883)
   Timothy A. Diemand (ct 18075)
   Wiggin and Dana LLP
   One CityPlace
   Hartford, CT 06103-3402
   ph. (860) 297-3700
   fax (860) 525-9380
   e-mail ssullivan@wiggin.com
        tdiemand@wiggin.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid,

on this 23rd day of December, 2004 to:


Robert S. Young, Esq.
Law Offices of Robert S. Young, L.C.
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Timothy A. Bishop, Esq.
Bishop & Jackson, LLC
80 Ferry Blvd., Suite 103
Stratford, CT 06615

Timothy A. Diemand

\14658\2\506562.2

# EXHIBIT A



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

MOUNTAIN WEST HELICOPTERS, LLC,:
LONG-LINE LEASING, LLC,                :
HELOG AG and HELI-AIR ZAGEL        :
LUFTTRANSPORT AG,                        :
                                                      :
       Plaintiffs,                             :
                                                      :
vs.                                                   :
                                                      :    CASE NO. 3:01-CV-1746 (AVC)
KAMAN AEROSPACE CORPORATION  :
and JOHN DOES I THROUGH V,          :    June 23, 2004
                                                      :
Defendants.                                      :



### JOINT MOTION FOR SCHEDULING ORDER

     Defendant Kaman Aerospace Corporation and plaintiffs Mountain West Helicopters,

LLC, Long Line Leasing, LLC, Helog AG and Heli Air Zagel Lufttransport AG (collectively

"the Parties") hereby respectfully move for the court to enter a scheduling order in this matter.

     On March 9, 2004 the Court issued its ruling denying Kaman Aerospace Corporation's

motion to dismiss. In its ruling, the Court declined to "pick through the complaint" to determine

what claims for damages are and are not recoverable, as such an exercise was "for another day."

See March 9 Ruling at 14, n.4. Kaman contends that, as a matter of law, some (if not all) of the

damages claimed by Plaintiff are not recoverable. Plaintiffs disagree and believe that their

3:01CV1746(AVC). June 29, 2004. The joint motion to modify the
scheduling order (document no. 37) is GRANTED as follows: (1) The
plaintiff shall provide the defendant with a damage analysis
pursuant to Fed. R. Civ. P. 26(a)(1)(C) on or before July 6,
2004; (2) <u>all</u> discovery relating to the issue of damages shall be
completed by August 6, 2004; (2) all motions, except motions <u>in
limine</u> incident to a trial, shall be filed on or before September
6, 2004.
SO ORDERED.

               Alfred V. Covello, U.S.D.J.

# Exhibit B

## Memorandum

To:         Mountain West/Helog File

From:       Timothy A. Diemand

Date:       August 6, 2004

Re:         **Message from Rob Young on 8/6/04**

Hi Tim it's Rob Young calling on Friday, August 6.  I've got my responses to discovery all done in the Mountain West case.  They are basically done in the Helog case but Wolfgang has not giving it a final approval and he happens to be in Hong Kong again.  I am content to telefax to you both of these set of responses today to meet our court imposed deadline, but I will need to reserve the right in Helog's case to make any last minute changes if Wolfgang asks me too.  You will notice that there are a couple of blanks in the Helog responses.  Helog has sent its documents to me they tell me but I don't have them yet.  In Brian Burrs case you will note that the responses refer to a binder and to a file.  Brian Burrs in the midst of moving both his home and his office he has been able to locate the binder which he just barely provided to me.  The file he believes is in a 50 odd foot trailer where all of his belongings are stored in the middle of this move and he won't have access to that for a couple more weeks maybe as many as 3 weeks.  So that is where we stand.  I have been scheduled for a family vacation all of next week.  If you could give me a call and let me know if its acceptable to you for me to telefax to you today or what your preference is I would appreciate it.  I am at 801-531-8300.  Thanks.

\14658\1\482417.1

# EXHIBIT C

Wiggin and Dana LLP
One City Place
185 Asylum Street
Hartford, Connecticut
06103-3402
www.wiggin.com

Timothy A. Diemand
860.297.3738
860.525.9380 fax
tdiemand@wiggin.com

**WIGGIN AND DANA**

*Counsellors at Law*

VIA FACSIMILE AND FIRST CLASS MAIL

September 2, 2004

Robert S. Young, Esq.
The Law Offices of Robert S. Young, L.C.
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Re:    *Mountain West/Helog v. Kaman, 01 CV 1746 (AVC)*

Dear Rob:

We have not yet received Helog's final discovery responses signed by Mr. Zagel. These are over 30 days past due and we need the final responses for our summary judgment motion papers due next week. Please send me by facsimile the final responses (signed by Mr. Zagel) by the close of business tomorrow. Also, we have yet to receive any documents from either Mountain West or Helog. These documents are also past due. Please send copies to me by overnight mail for delivery tomorrow.

Sincerely,

Timothy A. Diemand

\14658\2\486738.1

*New Haven   Stamford   New York   Hartford   Philadelphia*



From:   Origin ID:   (860)297-3707
KAREN PHILLIPS
WIGGIN & DANA
ONE CITYPLACE
185 ASYLUM STREET
HARTFORD, CT 06103

**FedEx**
Express

**E**

CL6032404

Ship Date: 02SEP04
Actual Wgt: 1 LB
System#: 5212220/INET1850
Account#: S *********

REF: 14658/2

Delivery Address Bar Code

SHIP TO:   (801)531-8300         BILL SENDER
**Robert S. Young, Esq.**
**Law offices of Robert S. Young**
**800 McIntyre Building**
**68 South Main Street**
**Salt Lake City, UT 84101**



**PRIORITY OVERNIGHT**                    **FRI**

Deliver By:
03SEP04

TRK#   **7902  6109  9283**    FORM
0201                                      **SLC**      A1

**84101**    -UT-US

**XH NPHA**



---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT D

Wiggin and Dana LLP
One City Place
185 Asylum Street
Hartford, Connecticut
06103-3402
www.wiggin.com

Timothy A. Diemand
860.297.3738
860.525.9380 fax
tdiemand@wiggin.com

**WIGGIN AND DANA**

*Counsellors at Law*

**VIA FACSIMILE AND FIRST CLASS MAIL**

November 11, 2004

Robert Young, Esq.
800 McIntyre Building
68 South Main Street
Salt Lake City, Utah 84101

Re:    **Mountain West v. Kaman Aerospace**

Dear Rob:

I am writing to again request production of documents responsive to Kaman's discovery requests. As you know, discovery responses were due on August 6, 2004. Over three months have passed since that day, and neither plaintiff has produced a single document.

Please recall that on August 6, the date the parties were to exchange discovery responses, you left me a voicemail stating that Helog had sent its documents to you but that you had not yet received them. As for Mountain West, you said that Bryan Burr was in the process of moving, and it would take up to three weeks for him to locate responsive documents in the trailer where his belongings were being stored. When we spoke, I agreed to allow you some additional time to finish collecting and reviewing the documents with the understanding that they would be produced in due course. August passed with no documents produced by either plaintiff. On September 2, I sent you a letter asking that you send the plaintiffs' documents to me by overnight mail. We received no documents.

If we do not receive all responsive documents from both Mountain West and Helog by Monday, November 15, 2004, we will be forced to move to compel production and seek the costs associated with having to file such a motion.

Very truly yours,

Timothy A. Diemand

New Haven  Stamford  New York  Hartford  Philadelphia

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0201 |
| CONNECTION TEL | 918013597233 |
| CONNECTION ID | |
| ST. TIME | 11/11 08:04 |
| USAGE T | 02'01 |
| PGS. SENT | 2 |
| RESULT | OK |

Wiggin and Dana LLP
One City Place
185 Asylum Street
Hartford, Connecticut
06103-3402

860.297.3700
860.525.9380 fax
www.wiggin.com

# WIGGIN AND DANA

*Counsellors at Law*

## Telefax Transmittal

**Date:**
November 11, 2004

**To / Company / Telefax:**
Robert S. Young, Esq. – 801-359-7233

**From:**
Timothy A. Diemand

**Telephone / Email:**
860.297.3738 / tdiemand@wiggin.com

**Client / matter code:**
14658/2

**Please copy:**


**We will copy:**


**Special Instructions**

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the

# EXHIBIT E

Wiggin and Dana LLP
One City Place
185 Asylum Street
Hartford, Connecticut
06103-3402
www.wiggin.com

Timothy A. Diemand
860.297.3738
860.525.9380 fax
tdiemand@wiggin.com

**WIGGIN AND DANA**

*Counsellors at Law*

**VIA FACSIMILE AND FIRST CLASS MAIL**

November 18, 2004

Robert S. Young, Esq.
The Law Offices of Robert S. Young, L.C.
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Re:    *Mountain West/Helog v. Kaman, 01 CV 1746 (AVC)*

Dear Rob:

I have your November 11 letter. Please note that at no time have I ever agreed that Helog or Mountain West documents did not need to be produced. I have been very reasonable allowing you additional time to pull the documents together and make the production. The documents are over three months past due. I understand your schedule is tight over the next few weeks, but if we do not receive the documents by November 30, 2004, we will be left with no choice but to file a motion to compel. Also note that it is incorrect for you to assert that "the briefing process on the cross-motions for summary judgment is complete." Please recall that you requested the opportunity to submit further papers and the Court granted your request permitting you to file such papers by November 30.

Sincerely,

Timothy A. Diemand

\14658\2\486738.2

*New Haven   Stamford   New York   Hartford   Philadelphia*

```
                              ********************
                              ***   TX REPORT   ***
                              ********************


        TRANSMISSION OK

        TX/RX NO              0241
        CONNECTION TEL                    918013597233
        CONNECTION ID
        ST. TIME              11/18 12:41
        USAGE T               02'00
        PGS. SENT                2
        RESULT                OK
```

Wiggin and Dana LLP       860.297.3700
One City Place            860.525.9380 fax
185 Asylum Street         www.wiggin.com
Hartford, Connecticut
06103-3402


# WIGGIN AND DANA

*Counsellors at Law*

## Telefax Transmittal

**Date:**
November 18, 2004

**To / Company / Telefax:**
Robert S. Young, Esq. – 801-359-7233

**From:**
Timothy A. Diemand

**Telephone / Email:**
860.297.3738 / tdiemand@wiggin.com

**Client / matter code:**
14658/2

**Please copy:**

**We will copy:**

**Special Instructions**

This message is intended for the use
of the individual or entity to which
it is addressed and may contain
information that is privileged, con-
fidential and exempt from disclo-
sure. If the reader of this message is
not the intended recipient or an
employee or agent responsible for

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTERS, LLC,: 
LONG-LINE LEASING, LLC,                      :
HELOG AG and HELI-AIR ZAGEL          :
LUFTTRANSPORT AG,                             :
                                                              :
                        Plaintiffs,                     :
                                                              :
vs.                                                          :
                                                              :        CASE NO. 3:01-CV-1746 (AVC)
KAMAN AEROSPACE CORPORATION  :
and JOHN DOES I THROUGH V,             :        November 30, 2004
                                                              :
                        Defendants.                  :

## PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO FILE OPPOSING AFFIDAVITS AND/OR MEMORANDUM OF LAW

On November 2, 2004, the Court entered an order granting plaintiffs Mountain

West Helicopters, LLC, Long Line Leasing, LLC, Helog AG, and Heli-Air Zagel

Luftransport AG an extension of time up to and including November 30, 2004 to file

affidavits and/or a memorandum of law in opposition to Defendant Kaman Aerospace

Corporation's ("Kaman") October 21, 2004 Reply in Further Support of its Motion for

Partial Summary Judgment and the accompanying affidavit of G. Roger Wassmuth.  The

Order appeared on the PACER system and electronic notice was sent to counsel on

November 3, 2003.  While plaintiffs' Connecticut counsel received timely notice of the

Court's Order, plaintiffs' Utah counsel did not receive notice of the Order until the week

of November 22, 2004, when he received a letter from Kaman's counsel making

reference to the Order. Due to the miscommunication among plaintiffs' counsel,

plaintiffs have prepared neither affidavits nor a memorandum of law and will thus be

unable to meet the November 30, 2004 deadline set in the November 2 Order.

Furthermore, plaintiffs' Utah counsel will be abroad from November 30, 2004 until

December 7, 2004. Accordingly, plaintiffs respectfully move for an extension of time up

to and including December 17, 2004 to file opposing affidavits and/or a memorandum of

law in opposition to Kaman's October 21, 2004 reply papers.

Plaintiffs' counsel has consulted with Kaman's counsel. Kaman consents to

plaintiffs' request for additional time on condition that plaintiffs produce any and all

documents responsive to Kaman's June 30, 2004 Requests for Production on or before

December 17, 2004. Plaintiffs agree to this condition.

Respectfully submitted,

THE PLAINTIFFS

BY:

Michael S. Casey (ct25116)
Bishop, Jackson & Kelly, LLC
80 Ferry Boulevard, Suite 103
Stratford, CT 06615
Telephone No.: (203) 386-1282
Facsimile: (203) 386-1795
E-mail: msc@bjklaw.us

2

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed on November 30, 2004 to the following

Timothy A. Diemand
Wiggin and Dana, LLP
One CityPlace
Hartford, CT 06103-3402

Robert S. Young
Law Office of Robert S. Young
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Michael S. Casey

# EXHIBIT G

Privileged and Confidential
Attorney Work Product

## Memorandum

To:        Helog File

From:      Robin M. Bangham

Date:      December 20, 2004

Re:        *__Telephone Message left by Rob Young regarding Documents__*

Hi Tim this is Rob Young calling a little after 4:00 p.m. my time on Friday December 17th. You will recall, I will step back a little bit, when I initially answered your requests for documents that I identified in the case of Brian Burr a binder and a file. The binder Brian was able to make available to me several weeks ago, the file I received as of yesterday. It's hard for me to know just going through the file whether you want the entire file or you want somebody to come look at it. If you want the entire file then I need to go through it more carefully to see if there is anything in it that I will assert as privileged and other than that I am ready to make copies of these things and send them off to you. If you could let me know what your preference is in terms of whether you want a complete copy of the file or somebody to come look at it and decide what gets copied I would appreciate it. Unfortunately, I still don't have the documents that I expected from Helog but again they have been promised. I am happy to visit with you Monday morning to see where we go with this. I have all the documents I expect to get from Brian Burr, but the only question is whether you want them all copied or you want somebody to look at them. I am at 801-531-8300. Thanks Tim.

\14658\2\506304.1