## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT, HARTFORD

MOUNTAIN WEST HELICOPTERS, LLC,
a Utah Limited Liability Company; LONG-
LINE LEASING, LLC, a Utah Limited
Liability Company; HELOG AG, a Foreign
Corporation; and HELI-AIR ZAGEL
LUFTTRANSPORT AG, a foreign
corporation,

           Plaintiffs,

v.

KAMAN AEROSPACE CORPORATION, a
Delaware corporation and JOHN DOES I
through V,

           Defendants.



Case No. 301 CV 1746 (AVC)

January 17, 2005

### PLAINTIFFS' MEMORANDUM OPPOSING KAMAN'S
### DECEMBER 23, 2004 MOTION TO STRIKE AND FOR OTHER RELIEF

Plaintiffs, Mountain West Helicopters, LLC ("Mountain West"), Long-Line

Leasing, LLC ("Long-Line"), Helog AG ("Helog") and Heli-Air Zagel Lufttransport AG

("Heli-Air"), hereinafter collectively referred to as "Plaintiffs" and/or the "Helicopter Logging

Companies," through counsel, submit this memorandum opposing Kaman's December 23,

2004 Motion to Strike and for Other Relief in Light of Plaintiffs' Failure to Produce

Documents ("Kaman's Motion"). This memorandum is supported by the Affidavit of Robert

S. Young filed contemporaneously herewith. (As noted in paragraph thirteen of the Affidavit

of Robert S. Young, the clerk of the court reports that Kaman did not actually file the Motion

until December 28, 2004.)

# I. TABLE OF CONTENTS

I.     TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

II.    SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

III.   PLAINTIFFS' STATEMENT OF THE FACTS MATERIAL TO KAMAN'S
       MOTION TO STRIKE AND FOR OTHER RELIEF . . . . . . . . . . . . . . . . iv

IV.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
       a.     The Facts Unique to this Discovery Dispute Establish One or More of the
              Following: (1) Plaintiffs' Failure to Produce Documents Is Substantially
              Justified; (2) Kaman Has Failed to Demonstrate a Good Faith Effort to
              Obtain the Documents Without Court Action; and/or (3) Other
              Circumstances Make an Award of Kaman's Expenses Herein Unjust . . . . 2
       b.     Rule 37(b) Fed.R.Civ.P. Delineates the Sanctions for a Party's Failure to
              Comply With an *Order* Compelling Discovery and the Sanctions Kaman
              Seeks Herein Are Neither Justified Nor Contemplated by the Rule . . . . . . 5

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.    CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## II. SUMMARY OF ARGUMENT

Kaman, rather than ask the court, as one would expect, to compel Plaintiffs to produce documents, moves to strike Plaintiffs' December 17, 2004-Supplemental Memorandum Opposing Kaman's October 21, 2004 Reply Memorandum and the Facts Asserted in the Affidavit of G. Roger Wassmuth Filed Contemporaneously Therewith. Kaman's Motion also seeks other sanctions "in light of plaintiffs' failure to produce documents." Specifically, Kaman's motion "asks the court to: (1) strike plaintiffs' Supplemental Memorandum; (2) order that all outstanding documents be produced by a date certain; (3) allow Kaman to file a final brief in support of its motion for summary judgment after plaintiffs' documents are received; and (4) award Kaman all costs associated with its efforts to get plaintiffs to comply with their discovery obligations." See Kaman's Motion at 1. With the exception of the second and, possibly (but not probably), fourth remedies Kaman seeks, it would be unusual, indeed, for the court to enter the order Kaman seeks.

As noted below, Rule 37 Fed.R.Civ.P. describes the remedies available to Kaman. Rule 37(a) identifies the remedies available to correct a failure to cooperate in discovery, including, with respect to this controversy, a court order compelling that cooperation. Rule 37(b) describes the sanctions to be imposed against those who ignore such orders compelling a party's cooperation in discovery. No order compelling discovery exists in this proceeding and, accordingly, the sanctions described in Rule 37(b) are inappropriate.

Furthermore, under Rule 37(a), the court, if it grants a party's motion to compel, "shall . . . require the party or the deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, *unless* the court finds that the motion was filed without the movant's first making a good faith effort to obtain the

iii

disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Rule 37 (a)(4)(A) Fed.R.Civ.P. (emphasis supplied). As described in the Statement of Facts and Argument sections appearing below, Plaintiffs contend their failure to produce documents herein is substantially justified by discussions between counsel for the parties and Kaman's conduct in light of those discussions. Indeed, Plaintiffs' remind the Court that Rule 37(a) also contemplates that, in circumstances wherein the court denies a motion to compel, the court "shall . . . require the moving party or the attorney filing the motion or both of them to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, *unless* the court finds that the making of the motion was substantially justified or that other circumstances make the award of expenses unjust." Rule 37(a)(4)(B) Fed.R.Civ.P. (emphasis supplied). Plaintiffs respectfully submit Kaman's filing of this motion, given the facts and law recited below, is not substantially justified and Rule 37(a)(4)(B), rather than Rule 37(a)(4)(A), applies to these circumstances.

### III.   PLAINTIFFS' STATEMENT OF THE FACTS MATERIAL TO KAMAN'S MOTION TO STRIKE AND FOR OTHER RELIEF

1.     By order dated June 29, 2004 and in response to the parties' Joint[1] Motion for Scheduling Order, the Court ordered, *inter alia*, that "all discovery relating to the issue of damages shall be completed by August 6, 2004 [and] all motions . . . shall be filed on or before September 6, 2004." See exhibit A attached to Kaman's December 23, 2004 Memorandum in Support of this Motion ("Kaman's Memorandum"), Docket No. 37 and the Court's Order regarding the same.

---

[1] As noted at page 2 of Kaman's June 8, 2004-Motion for Scheduling Order, the parties agreed, and, apparently, the Court concurred, it was "appropriate for [the] court to consider damages before liability, a process known as 'reverse bifurcation,' to encourage settlement and shortening of the trial."

2.    On August 6, 2004, Plaintiffs' counsel telephoned Kaman's counsel and left a voice-mail message explaining that Plaintiffs' discovery responses were "basically done" but counsel's contacts at (1) Helog and (2) Mountain West were, respectively, (1) on business in Hong Kong and (2) in the midst of moving both home and office with all belongings (including some documents relating to this proceeding) stored in a 50 foot trailer.  See exhibit B attached to Kaman's Memorandum and exhibit A attached hereto.

3.    Despite the foregoing shortcomings (and the failure of Kaman's counsel to respond to the voice-mail message), Plaintiffs delivered their discovery responses to Kaman, via facsimile, on the day of the deadline, i.e., August 6, 2004.  See exhibit A attached.

4.    More important, for purposes of Kaman's pending motion, on August 6, 2004 Plaintiffs' counsel informed Kaman's counsel that "because of my difficulty in obtaining documents from both of my clients, I will certainly be willing to agree to additional time before filing the cross-motions for summary judgment *if you think it necessary*."  See exhibit A attached (emphasis supplied).

5.    On or about September 2, 2004, Kaman's counsel reminded Plaintiffs' counsel that Kaman had "not yet received Helog's final discovery responses *signed by Mr. Zagel*," and "[a]lso [Kaman had] yet to receive any documents from either Mountain West or Helog."  See exhibit C attached to Kaman's Memorandum (emphasis supplied).

6.    As noted in exhibit B attached hereto, Plaintiffs finally obtained Mr. Zagel's signature on September 9, 2004 and the court's docket will reveal that the following day the parties filed their cross-motions for summary judgment with initial supporting memoranda.[2]

---

[2] In contrast to the other "Facsimile Transmission Cover Sheet" exhibits attached hereto, Plaintiffs' counsel could not locate the original version of exhibit B and attaches a version "reprinted" from counsel's computer without the handwriting and signature that appear on the other "Facsimile

7.     In the interim, i.e., between Kaman's September 2, 2004-demand letter (exhibit C attached to Kaman's Memorandum) and the September 10, 2004 filings of the cross-motions for partial summary judgment, Plaintiffs' counsel reiterated, over the telephone, the offer originally made in early August to agree to additional time if Kaman's counsel thought it necessary. Kaman's counsel responded that the written discovery responses Plaintiffs had provided included the information necessary to address the pending cross-motions for partial summary judgment and he preferred to go ahead on schedule. See exhibit C attached hereto at paragraph 1 and the affidavit of Robert S. Young, ¶ 7, filed contemporaneously herewith.

8.     Notably, Kaman made no demand for documents between the time of its September 2, 2004-demand letter (exhibit C attached to Kaman's Memorandum) and the time of its November 11, 2004-letter (exhibit D attached to Kaman's memorandum).

9.     In the interim:

   a.     On or about September 10, 2004, Kaman, with no hint of prejudice suffered by it due to Plaintiffs' failure to produce documents, filed its motion for partial summary judgment with a supporting memorandum;

   b.     On or about October 4, 2004, Kaman, with no hint of prejudice suffered by it due to Plaintiffs' failure to produce documents, filed a memorandum opposing plaintiffs' motion for partial summary judgment;

---

Transmission Cover Sheet" exhibits. It is apparent from (1) Plaintiffs' September 9-delivery, via facsimile, of Mr. Zagel's signature and (2) the Parties' September 10-filings of their cross-motions for partial summary judgment, that Kaman did not complain about the inadequacy of the substance of the discovery responses but only about the lack of Mr. Zagel's verifying signature, a mere oversight.

c.      On or about October 18, 2004, as noted in exhibit D[3] attached hereto, counsel for Plaintiffs and Kaman discussed the deadline for filing reply memoranda and again, with no hint of prejudice suffered by Kaman due to Plaintiffs' failure to produce documents, agreed that October 21, 2004 was the deadline; and finally

d.      On or about October 21, 2004, Kaman, with no hint of prejudice suffered by Plaintiffs' failure to produce documents, filed a reply memorandum supporting its motion for partial summary judgment.

10.    Despite plaintiffs' continuing offer to extend the briefing deadlines (if, in its sole discretion, Kaman believed it necessary to review Plaintiffs' documents in order to properly address the cross-motions for partial summary judgment), Kaman gave no indication of any need to review those documents until approximately two weeks after (1) plaintiffs filed their October 29, 2004-motion to strike the affidavit of Roger Wassmuth or, alternatively, for an order granting plaintiffs a reasonable time to file opposing affidavits and/or a memorandum of law opposing the same and (2) the court, by order dated November 2, 2004, granted plaintiffs a reasonable time to file opposing affidavits and/or a memorandum of law.[4]

### IV. ARGUMENT

**a.    The Facts Unique to this Discovery Dispute Establish One or More of the Following: (1) Plaintiffs' Failure to Produce Documents Is Substantially**

---

[3] Exhibit D is the final "Facsimile Transmission Cover Sheet" Plaintiffs attach as an exhibit to this memorandum. Further evidence that Plaintiffs' delivered and Kaman received, via facsimile, each "Facsimile Transmission Cover Sheet" attached hereto exists in the form of exhibit E, a copy of the relevant pages of counsel's facsimile generated "Journal," with circles around each facsimile attached as an exhibit hereto demonstrating the fact they were, indeed delivered and received "OK."

[4] Moreover, Kaman's first claim of prejudice arose about three weeks after Kaman filed its October 21, 2004-final reply memorandum on the pending cross-motions for partial summary judgment.

1

**Justified; (2) Kaman Has Failed to Demonstrate a Good Faith Effort to Obtain the Documents Without Court Action; and/or (3) Other Circumstances Make an Award of Kaman's Expenses Herein Unjust**

Although Kaman's Motion to Strike does not cite any federal rule of civil procedure upon which it relies, it is evident the remedies Kaman seeks depend upon the provisions and an interpretation of Rule 37 Fed.R.Civ.P. The memorandum supporting Kaman's motion cites "Fed. R. Civ. P. Rules 16(f)[5] and 37(b)" as authority for Kaman's argument that "the Court [has] broad discretion to fashion a remedy appropriate to the violation." Kaman's Memorandum at 3 (footnote supplied). Moreover, Kaman's motion acknowledges it seeks sanctions against Plaintiffs "for plaintiffs' discovery abuses." Kaman's Motion at 1. The remedies for "discovery abuses," if such is the case here, are found in Rule 37.

Of course the imposition of sanctions, for discovery abuse (again, if such is the case here), is within the sound discretion of the trial court. As this court's own Judge Cabranes explained, with respect to discovery disputes, "[a] trial court has considerable discretion in determining which of the available discovery sanctions is most appropriate in a particular situation. See, e.g., *Diapulse Corp. of America v. Curtis Publishing Co.*, 374 F.2d 442, 446-447 (2d Cir.1967); *J.M. Cleminshaw Co. v. City of Norwich*, supra, 93 F.R.D. at 352-353; C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2284 (1970)." *Industrial Aircraft Lodge 707 v. United Technologies Corp., Pratt & Whitney Aircraft Div.*, 104 F.R.D. 471, 473 (D.Conn. 1985)(emphasis supplied). Regarding an award of expenses Judge Cabranes explained "[a]n award of expenses under Rule 37(a)(4) is a sanction imposed on a litigant for his failure to cooperate with discovery *where no 'substantial justification'*

---

[5] It is apparent Kaman's motion relies primarily on the sanctions available under Rule 37 since even Rule 16(f) references Rule 37 and reads, in relevant part, the court "may make such orders . . . as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."

2

*exists for his failure to cooperate.* 4A Moore's Federal Practice, ¶ 37.02[10] (2d ed. 1984)."
*Id.* (emphasis supplied).[6] Notably Rule 37(a)(4)(B) also allows the court to "require the
moving party or the attorney filing the motion or both of them to pay to the party . . . who
opposed the motion the reasonable expenses incurred in opposing the motion, including
attorney's fees, *unless* the court finds that the making of the motion was substantially justified
or that other circumstances make the award of expenses unjust."

Here, of course, Plaintiffs argue there *was* substantial justification for their failure to
produce documents because: (1) Plaintiffs fully responded to all discovery requests received
from Kaman other than the requests to produce documents; (2) Plaintiffs, through counsel and
"because of [the] difficulty in obtaining documents from . . . clients . . . , [offered to] agree to
additional time before filing the cross-motions for partial summary judgment if [Kaman's
counsel thought] it necessary"; (3) Kaman, through counsel, declined Plaintiffs' offer
indicating, first, the discovery responses Plaintiffs had provided included the information
necessary to address the pending cross-motions for partial summary judgment and, second,

---

[6] Compare Senior Judge Burns' explanation that:

Rule 37(a)(4)(A) . . . permits district courts to award attorney's fees and costs
associated with a motion to compel discovery. The rule states the following: "If the
motion is granted or if the disclosure or requested discovery is provided after the
motion was filed, the court shall, after affording an opportunity to be heard, require the
party or the deponent whose conduct necessitated the motion or the party or attorney
advising such conduct or both of them to pay to the moving party the reasonable
expenses incurred in making the motion, including attorney's fees, *unless* the court
finds that the motion was filed without the movant's first making a good faith effort to
obtain the disclosure or discovery without court action, or that the opposing party's
nondisclosure, response, or objection was substantially justified, or that other
circumstances make an award of expenses unjust."

*Messier v. Southbury Traning School*, 1998 WL 841641, *4 (D.Conn. 1998)(emphasis
supplied).

3

Kaman's counsel preferred to go ahead on schedule; and finally (4) Kaman never again complained about Plaintiffs' failure to produce documents until approximately three weeks after filing its final October 21, 2004 reply memorandum.  Plaintiffs respectfully submit - given these circumstances - their counsel *reasonably* and *justifiably* concluded the necessity of producing documents was rendered moot by Kaman's communication of its conclusion that the discovery responses Plaintiffs had already provided included the information necessary to address the cross-motions for partial summary judgment.  Given the circumstances Plaintiffs further submit Kaman's complaints are disingenuous and, in reality, seek one more bite at the apple in the form of "a final brief in support of its motion for summary judgment . . . ."

For the following reasons, Kaman also fails to demonstrate a "good-faith" effort to obtain the disclosure or discovery without court action."  First, the "good faith affidavit" or "Certification" states only that Kaman's counsel "conferred with plaintiffs' counsel on multiple occasions, but neither plaintiff has complied with its discovery obligations."  The same "Certification" entirely fails to disclose important facts regarding the subjects of those "multiple conversations" including the fact that Kaman declined the offer of plaintiffs' counsel "to agree to additional time before filing the cross-motions for summary judgment if you think it necessary."  Instead, Kaman simply filed its Motion for Partial Summary Judgment and did not complain again about Plaintiffs' failure to produce documents until approximately three weeks after the filing of Kaman's final reply memorandum and ten days after the court granted plaintiffs additional time to file opposing affidavits and/or a memorandum of law opposing positions asserted, for the first time, in Kaman's final reply memorandum and facts asserted, for the first time, in the affidavit of Roger Wassmuth!  Is this "a good faith effort to obtain . . . [documents] without court action" or a disingenuous attempt to obtain one "final brief in support of [a] motion for summary judgment . . . ?"  Plaintiffs respectfully submit the answer

4

to that question is clear.  If Kaman sincerely sought documents, it would have done so before

finalizing its memoranda on the pending cross-motions for partial summary judgment.

> **b.** **Rule 37(b) Fed.R.Civ.P. Delineates the Sanctions for a Party's Failure to Comply With an *Order* Compelling Discovery and the Sanctions Kaman Seeks Herein Are Neither Justified Nor Contemplated by the Rule**

Even if the court rejects Plaintiffs' argument that the failure to produce documents

occurred with reasonable and substantial justification, the sanctions Kaman seeks go beyond

that which a careful reading of Rule 37 contemplates.  "Rule 37 provides a non-exclusive list of

sanctions that may be imposed on a party *for failing to obey an order to provide or permit*

*discovery.  Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 930 F.2d 1021,

1027 (2d Cir.1991)." *Evans v. State of Conn.*, 967 F.Supp 673, 688 (D.Conn. 1997)

(emphasis supplied).  Moreover, "A party failing to comply with *a discovery order of the Court*

is normally subject to sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

Rule 37(b)(2) states the general rule that if 'a party or an officer, director, or managing agent

of a party . . . fails to obey an *order* to provide or permit discovery . . . the court in which the

action is pending may make such orders in regard to the failure as are just.'" *Remington*

*Products, Inc. v. North American Philips Corp.*, 107 F.R.D. 642, 647 (D.Conn. 1985).

Thus, Rule 37(b) contemplates (1) the initial filing of a motion to compel discovery

and (2) the imposition of sanctions when a party fails to comply with the resulting *order*

compelling discovery if granted.  As this court's own Judge Eginton explained ". . . [plaintiff]

served only one set of interrogatories on Defendant Wayne Richards and *never made a motion*

*to compel the production of this material.*  Because Richards has not refused to comply with

*any formal court order*, sanctions against Richards are not appropriate at this time." *Quarles v.*

*Remington Arms Co., Inc.*, 1992 WL 363574, *1 (D.Conn. 1992).  Here too then, since

Kaman never previously moved to compel the production of these documents, Plaintiffs have

not refused to comply with an order compelling that production. Thus, "sanctions against

[Plaintiffs] are not appropriate at this time." Kaman's remedy is found in Rule 37(a).

> . . . [I]f a party, in response to a request for inspection submitted
> under Rule 34, fails to respond that inspection will be permitted as
> requested, *the discovering party may move for an order compelling an
> answer, or a designation, or an order compelling inspection* in accordance
> with the request.

Rule 37(a)(2)(B) Fed.R.Civ.P. (emphasis supplied).

Further evidence that Kaman's motion is a disingenuous attempt to file another brief

on the pending cross-motions for partial summary judgment is found in exhibit G attached to

Kaman's memorandum. On Friday, December 17, 2004, Plaintiffs' counsel, again, left a

voice-mail message with Kaman's counsel wherein he explained (with respect to the documents

he was prepared "to make copies of . . . and send . . . off to you"):

> It's hard for me to know, just going through the file, whether you want
> the entire file or you want somebody to come look at it. If you want the
> entire file, then I need to go through it more carefully to see if there is
> anything in it that I will assert as privileged and other than that I am ready
> to make copies of these things and send them off to you. If you could let
> me know what your preference is, in terms of whether you want a
> complete copy of the file or somebody to come look at it and decide what
> gets copied I would appreciate it.

See exhibit G attached to Kaman's Memorandum. Moreover, as noted in the affidavit of

Robert S. Young, ¶ 11, Plaintiffs' counsel left a similar voice-mail message on Monday,

December 20, 2004. The only response Plaintiffs' counsel received was Kaman's Motion.

A party's only obligation, in response to a request for production under Rule 34, is

to "state, with respect to each item or category, that inspection and related activities will be

permitted as requested, unless the request is objected to, in which case the reasons for objection

shall be stated." Rule 34(b) Fed.R.Civ.P. Moreover, Rule 34 allows the party making the

request only to require that the party to whom the request is made "produce and permit the

6

party making the request, or someone acting on the requestor's behalf, to inspect and copy any designated documents. . . ." Rule 34(a) Fed.R.Civ.P. Certainly, it was well within Plaintiffs' prerogative to respond to Kaman's Requests for Production with a mere indication "that inspection and related activities will be permitted as requested" at counsel's office in Salt Lake City. Recognizing this is not the practice (at least in Salt Lake City), Plaintiffs' counsel offered to "make copies of these things and send them off to you" if Kaman's counsel would simply "let me know what your preference is. . . ." Instead, Kaman took the Motion route.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs seek the Court's order denying Kaman's Motion to Compel and awarding Plaintiffs their expenses in opposing the motion, including reasonable attorney's fees, under Rule 37(a)(4)(B). Alternatively, if the court is inclined to grant the motion, Plaintiffs respectfully submit the court's order, at this stage, should do no more than compel Plaintiffs' responses to Kaman's Requests for Production of Documents by, as Kaman prays, "a date certain."

DATED: January *17*, 2005.

The Law Offices of Robert S. Young, L.C.

Robert S. Young (at 21935)
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101
Tel. (801) 531-8300
Fax (801) 359-7233
rsyav8rlaw@hotmail.com

7

## VI. CERTIFICATE OF SERVICE

I certify that on January *17*, 2005, I caused to be filed with the court and served upon the individuals identified below, in the manner stated, the foregoing PLAINTIFFS' MEMORANDUM OPPOSING KAMAN'S DECEMBER 23, 2004 MOTION TO STRIKE AND FOR OTHER RELIEF. The original, via overnight courier, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., and addressed to:

Clerk of the Court
450 Main Street
Hartford, CT  06103

And one copy each, via first class mail, postage prepaid addressed to:

Tim Bishop, Esq.
BISHOP & JACKSON
80 Ferry Blvd.
Stratford, CT  06615

Timothy A. Diemand, Esq.
Aaron Singer, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT  06103-3402

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Opposing Kaman's Motion to Strike.117.wpd

8

LAW OFFICES OF

# ROBERT S. YOUNG, L.C.

COUNSELORS AT LAW
800 McIntyre Building
68 South Main Street
SALT LAKE CITY, UTAH 84101
TELEPHONE: (801) 531-8300
FACSIMILE: (801) 359-7233

———————

Robert S. Young

REFERENCE NO.: ___

# FACSIMILE TRANSMISSION COVER SHEET

TO: Tim Diemand, Esq.
Wiggin & Dana

FROM: Robert S. Young

TELECOPY NO: (860) 525-9380

RE: *Mountain West Helicopters & Heli-Air Zagel v. Kaman et al*

DATE: Friday, August 6, 2004

We send ___18___ page(s), including a cover page. If you do not receive all pages or have other difficulty, call(801) 531-8300 or 359-7233 (voice-mail). Original will ____ will not _X_ follow.

---

**COMMENTS:**

As noted in my voice-mail message to you earlier today (to which I have no response as of the time of sending this facsimile), I attach a copy of the discovery responses from Mountain West and related entities and Helog and related entities. Bryan Burr is obtaining a notarization of his signature, as I prepare this, and I will ask him to fax it to you directly. I have been unable to obtain a final review from Wolfgang Zagel, who is, again, in Hong Kong, and therefore must reserve the right to make any modifications he insists upon. It is somewhat complicated to obtain a notarization of Wolfgang's signature. Will you insist on that here? As I believe I noted in the voice-mail message, I will be on a family vacation all of next week, however, I will check my voice-mail messages and undoubtedly will call you. Should you have any questions, please let me know.

By the way, because of my difficulty in obtaining documents from both of my clients, I will certainly be willing to agree to additional time before filing the cross-motions for summary judgement if you think it necessary.

---

## NOTICE

This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any review, dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. postal service. THANK YOU.

EXHIBIT ___A___
Page ___1___ of ___1___

LAW OFFICES OF
# ROBERT S. YOUNG, L.C.
COUNSELORS AT LAW
800 McIntyre Building
68 South Main Street
SALT LAKE CITY, UTAH 84101
TELEPHONE: (801) 531-8300
FACSIMILE: (801) 359-7233

———

Robert S. Young

REFERENCE NO.: ___

# FACSIMILE TRANSMISSION COVER SHEET

TO:                    Tim Diemand, Esq.
                       Wiggin & Dana

FROM:                  Robert S. Young

TELECOPY NO:           (860) 525-9380

RE:                    *Mountain West Helicopters & Heli-Air Zagel v. Kaman et al*

DATE:                  Thursday, September 9, 2004

We send _____ page(s), including a cover page. If you do not receive all pages or have other difficulty, call(801) 531-8300 or 359-7233 (voice-mail). Original will ____ will not ____ follow.

---

**COMMENTS:**

Here are the discovery responses including Wolfgang Zagel's facsimile verification. I assume, based upon this, you plan to finalize your motion and memorandum tomorrow. If so, I will do the same. If not, please let me know your intention.

---

## N O T I C E
This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any review, dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. postal service. THANK YOU.

EXHIBIT ___B___
Page _1_ of _1_

LAW OFFICES OF
# ROBERT S. YOUNG, L.C.
COUNSELORS AT LAW
800 McIntyre Building
68 South Main Street
SALT LAKE CITY, UTAH 84101
TELEPHONE: (801) 531-8300
FACSIMILE: (801) 359-7233

Robert S. Young

REFERENCE NO.: ___

## FACSIMILE TRANSMISSION COVER SHEET

**TO:**          Tim Diemand, Esq.
                 Aaron Singer, Esq.
                 Wiggin & Dana

**FROM:**        Robert S. Young

**TELECOPY NO:** (860) 525-9380

**RE:**          *Mountain West Helicopters & Heli-Air Zagel v. Kaman et al*

**DATE:**        Wednesday, November 24, 2004

We send __3__ page(s), including a cover page.  If you do not receive all pages or have other difficulty, call(801) 531-8300 or 359-7233 (voice-mail).  Original will _X_ will not ____ follow.

---

**COMMENTS:**

The attached letter responds to yours of November 18, 2004.  If you would like to discuss the matter or have any questions, please let me know.  And Happy Thanksgiving.

*Robert Young*

---

**N O T I C E**
This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any review, dissemination or copying of this facsimile is strictly prohibited.  If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. postal service. THANK YOU.

EXHIBIT C

Page 1 of 3

LAW OFFICES OF
# ROBERT S. YOUNG, L.C.
COUNSELORS AT LAW
800 McIntyre Building
68 South Main Street
SALT LAKE CITY, UTAH 84101
TELEPHONE: (801) 531-8300
FACSIMILE: (801) 359-7233

————

Robert S. Young

November 24, 2004

**Via Facsimile and Regular Mail**

Timothy A. Diemand, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT  06103-3402

Re:     Outstanding Documents Not Yet Produced

Dear Tim:

This letter follows my letter of November 11 and responds to yours of November 18, 2004. As noted in my November 11-letter, I am just returning from week-long depositions in Phoenix and I, therefore, apologize for the delay in responding to your most recent letter. Despite your statement, in the most recent letter, that you never "agreed that Helog or Mountain West documents did not need to be produced," I reiterate that when you and I spoke following your September 2, 2004 demand, I clearly understood that our written discovery responses provided all of the information you thought necessary to deal with the pending cross-motions for summary judgement. I further reiterate that because I believed we had satisfied your needs for the pending cross-motions for summary judgment, I made no additional effort to produce documents. Your most recent letter does not dispute those facts. Moreover, I specifically recall offering to stipulate to extend the briefing deadlines so that we could provide the delayed documents but you indicated you wanted to go ahead on schedule.

I continue to assert the briefing process on the cross-motions for summary judgement is complete. We have received no notice that the court granted our Motion to Strike the October 21, 2004-Affidavit of G. Roger Wassmuth or, Alternatively, for an Order Granting Plaintiffs a Reasonable Time to File Opposing Affidavits and/or a Memorandum of Law Opposing the Same. If you have notice of such a decision, please forward a copy as soon as possible. Even if the court has granted our motion, I would assume the order grants additional time to do as we requested, i.e., to file affidavits opposing the affidavit of Roger Wassmuth and/or a memorandum of law opposing the same. It should not give Kaman additional time to file further memoranda. Accordingly, the briefing process, at least insofar as Kaman is concerned, is, indeed, complete even if the Court has entered the order you describe.

**EXHIBIT** _C_
Page _2_ of _3_

Tim Diemand, Esq.
November 24, 2004
Page 2

This week, as you know, is Thanksgiving and next week I am scheduled to be out of the country through December 7. I reiterate that I am happy to provide the documents, but continue to be unable to understand your urgent need. Moreover, my efforts to gather the remaining documents from Mountain West and Helog are now complicated by the Thanksgiving holiday and my travel commitments. While my current schedule is very difficult, I remain happy to discuss the matter with you. It is highly unlikely that we will meet your newly imposed November 30, 2004-deadline. If you feel the need to file a Motion to Compel, that, of course, is your decision. Nevertheless, I believe we have adequately explained our current inability to meet your deadline and, in the absence of some apparent prejudice to Kaman, I frankly believe your position is arbitrary. If you would explain to me how Kaman suffers prejudice by virtue of the current circumstances, I will do whatever I can to eliminate that prejudice.

Again, I am ready, willing and able to discuss the matter at any time and I wish you a Happy Thanksgiving.

Sincerely,

The Law Offices of Robert S. Young, L.C.

Robert S. Young

RSY

C:\Documents and Settings\Robert S. Young\My Documents\My Files\2004 Corres\Diemand, Tim.N24.wpd

EXHIBIT C
Page 3 of 3

LAW OFFICES OF

# ROBERT S. YOUNG, L.C.

COUNSELORS AT LAW
800 McIntyre Building
68 South Main Street
SALT LAKE CITY, UTAH 84101
TELEPHONE: (801) 531-8300
FACSIMILE: (801) 359-7233

———

Robert S. Young

REFERENCE NO.: ___

# FACSIMILE TRANSMISSION COVER SHEET

TO:                 Tim Diemand, Esq.
                    Aaron Singer, Esq.
                    Wiggin & Dana

FROM:               Robert S. Young

TELECOPY NO:        (860) 525-9380

RE:                 *Mountain West Helicopters & Heli-Air Zagel v. Kaman et al*

DATE:               Monday, October 18, 2004

We send __|__ page(s), including a cover page.  If you do not receive all pages or have other difficulty, call (801) 531-8300 or 359-7233 (voice-mail).  Original will ____ will not _X_ follow.

---

**COMMENTS:**

    This short note confirms my two telephone conversations with Aaron over the past few days.  In the first, I informed Aaron that I calculated the deadline for our reply memoranda to be today.  Aaron informed me he calculated the deadline to be Thursday, October 21, 2004 because, apparently, under your local rules intervening Saturdays, Sundays and/or holidays are excluded from the count.  Whatever the deadline may be, I have informed Aaron, in today's telephone conversation, I have no problem with Thursday, October 21 and if that is not the deadline I agree to extend the deadline to that date.  I understand you will not file and serve your reply memorandum today and, accordingly, neither will I.  Nevertheless, I will do so no later than Thursday, October 21, 2004.  Should you have any questions, please let me know.

---

## N O T I C E

This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any review, dissemination or copying of this facsimile is strictly prohibited.  If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. postal service.  THANK YOU.

EXHIBIT D

Page __|__ of __|__

JOURNAL

Oct. 02 2004 05:31PM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT | *CODE |
|-----|-----------------|------------|------------|------|-------|--------|-------|
| 01 | 0114366285458080 | Aug. 06 02:42PM | 01'32 | SND | 02 | ERROR-NOT YOUR UNIT | (59) |
| 02 | 8605259380 | Aug. 06 02:48PM | 09'56 | SND | 18 | OK | |
| 03 | 0114366285458080 | Aug. 06 03:00PM | 04'19 | SND | 10 | OK | |
| 04 | 0114366285458080 | Aug. 17 04:49PM | 02'05 | SND | 04 | OK | |
| 05 | +49 8654 779915 | Aug. 20 03:48AM | 05'21 | RCV | 08 | OK | |
| 06 | 18642874251 | Aug. 20 05:45PM | 05'30 | SND | 08 | OK | |
| 07 | <FAX # NOT AVAIL.> | Aug. 31 11:37AM | 04'53 | RCV | 08 | OK | |
| 08 | 610 530 8190 | Aug. 31 05:44PM | 02'04 | SND | 02 | COMMUNICATION ERROR | (43) |
| 09 | 610 530 8190 | Aug. 31 05:48PM | 01'27 | SND | 01 | COMMUNICATION ERROR | (43) |
| 10 | 610 530 8190 | Aug. 31 05:52PM | 00'57 | SND | 00 | COMMUNICATION ERROR | (43) |
| 11 | 18642874251 | Aug. 31 05:55PM | 03'55 | SND | 05 | OK | |
| 12 | Lewis and Roca | Aug. 31 06:29PM | 04'26 | RCV | 05 | OK | |
| 13 | +49 8654 779915 | Sep. 01 09:32AM | 01'03 | RCV | 01 | OK | |
| 14 | 610 530 8190 | Sep. 01 11:32AM | 01'27 | SND | 01 | COMMUNICATION ERROR | (43) |
| 15 | 610 530 8190 | Sep. 01 11:35AM | 00'57 | SND | 00 | COMMUNICATION ERROR | (43) |
| 16 | <FAX # NOT AVAIL.> | Sep. 02 01:41PM | 04'24 | RCV | 07 | OK | |
| 17 | 18642874251 | Sep. 02 02:10PM | 04'44 | SND | 07 | OK | |
| 18 | 17706321111 | Sep. 02 02:37PM | 00'41 | SND | 00 | OTHER FAX NOT RESPOND | |
| 19 | 435 940 1293 | Sep. 02 02:39PM | 03'27 | SND | 05 | OK | |
| 20 | 860 525 9380 | Sep. 07 12:55PM | 03'39 | RCV | 04 | OK | |
| 21 | 0114366285458080 | Sep. 07 08:03PM | 04'20 | SND | 10 | OK | |
| 22 | <FAX # NOT AVAIL.> | Sep. 08 04:46PM | 00'08 | RCV | 00 | ERROR-NOT YOUR UNIT | (54) |
| 23 | 8015323414 | Sep. 08 04:47PM | 02'30 | RCV | 05 | OK | |
| 24 | <FAX # NOT AVAIL.> | Sep. 09 08:24AM | 01'09 | RCV | 01 | OK | |
| 25 | +49 8654 779915 | Sep. 09 08:57AM | 01'14 | RCV | 02 | OK | |
| 26 | 18605259380 | Sep. 09 07:41PM | 00'41 | SND | 00 | PRESSED THE STOP KEY | |
| 27 | 18605259380 | Sep. 09 07:42PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND | |
| 28 | 18605259380 | Sep. 09 07:44PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND | |
| 29 | 8605259380 | Sep. 09 07:48PM | 06'16 | SND | 11 | OK | |
| 30 | 0114366285458080 | Sep. 09 07:57PM | 04'41 | SND | 11 | OK | |
| 31 | 480 705 7503 | Sep. 21 03:44PM | 02'32 | SND | 04 | OK | |
| 32 | 8013647859 | Sep. 30 12:12PM | 01'13 | RCV | 02 | OK | |
| 33 | 18012220290 | Oct. 02 05:17PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND | |
| 34 | 18012164004 | Oct. 02 05:21PM | 01'56 | SND | 04 | OK | |
| 35 | 0114366285458080 | Oct. 02 05:29PM | 01'58 | SND | 04 | OK | |

*CODE = FOR SERVICE CENTER USE ONLY

IF YOU HAVE A PROBLEM WITH YOUR FAX MACHINE, CALL 1-800-HELP-FAX (435-7329).

EXHIBIT  E

Page  1  of  3

JOURNAL

Nov. 08 2004 02:35PM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT | *CODE |
|---|---|---|---|---|---|---|---|
| 01 | 8014867566 | Oct. 04 12:22PM | 02'31 | RCV | 04 | OK | |
| 02 | 8014867566 | Oct. 04 01:07PM | 01'10 | RCV | 02 | OK | |
| 03 | 435 940 1293 | Oct. 05 03:35PM | 16'32 | SND | 23 | OK | |
| 04 | 18012164004 | Oct. 08 06:26PM | 02'22 | SND | 05 | OK | |
| 05 | 0114366285450080 | Oct. 08 06:30PM | 02'23 | SND | 05 | OK | |
| 06 | <FAX # NOT AVAIL.> | Oct. 11 08:22AM | 01'21 | RCV | 00 | COMMUNICATION ERROR | (48) |
| 07 | <FAX # NOT AVAIL.> | Oct. 11 08:33AM | 01'16 | RCV | 00 | COMMUNICATION ERROR | (48) |
| 08 | <FAX # NOT AVAIL.> | Oct. 11 08:44AM | 01'11 | RCV | 01 | OK | |
| 09 | <FAX # NOT AVAIL.> | Oct. 11 02:49PM | 00'41 | RCV | 01 | OK | |
| 10 | +49 8654 779915 | Oct. 13 09:19AM | 01'41 | RCV | 02 | OK | |
| 11 | <FAX # NOT AVAIL.> | Oct. 15 01:18AM | 01'08 | RCV | 01 | OK | |
| 12 | 0114366285450080 | Oct. 15 06:57PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND | |
| 13 | 0114366285450080 | Oct. 15 06:58PM | 02'26 | SND | 05 | OK | |
| 14 | 18012164043 | Oct. 15 07:08PM | 02'29 | SND | 05 | OK | |
| 15 | 8605259380 | Oct. 18 02:15PM | 00'57 | SND | 01 | OK | |
| 16 | 435 940 1293 | Oct. 19 03:24PM | 04'23 | RCV | 08 | OK | |
| 17 | Lewis and Roca LLP | Oct. 19 06:04PM | 01'55 | RCV | 02 | OK | |
| 18 | <FAX # NOT AVAIL.> | Oct. 22 10:26AM | 02'34 | RCV | 05 | OK | |
| 19 | 435 940 1293 | Oct. 22 02:57PM | 01'23 | RCV | 02 | OK | |
| 20 | 8014867566 | Oct. 22 03:00PM | 01'31 | SND | 03 | OK | |
| 21 | 435 940 1293 | Oct. 26 07:15AM | 01'33 | RCV | 02 | OK | |
| 22 | 435 940 1293 | Oct. 26 11:34AM | 02'18 | RCV | 03 | OK | |
| 23 | 480 705 7503 | Oct. 29 03:56PM | 02'22 | SND | 04 | OK | |
| 24 | 435 940 1293 | Oct. 29 03:59PM | 02'43 | SND | 04 | OK | |
| 25 | <FAX # NOT AVAIL.> | Oct. 29 04:28PM | 01'46 | RCV | 03 | OK | |
| 26 | Lewis and Roca LLP | Oct. 29 04:56PM | 01'51 | SND | 04 | OK | |
| 27 | 8605259380 | Oct. 29 06:26PM | 03'32 | SND | 06 | OK | |
| 28 | Lewis and Roca LLP | Nov. 02 05:15PM | 01'04 | SND | 02 | OK | |
| 29 | <FAX # NOT AVAIL.> | Nov. 03 07:41AM | 01'19 | RCV | 00 | COMMUNICATION ERROR | (48) |
| 30 | <FAX # NOT AVAIL.> | Nov. 03 07:52AM | 00'18 | RCV | 00 | COMMUNICATION ERROR | (F0) |
| 31 | <FAX # NOT AVAIL.> | Nov. 03 08:06AM | 01'16 | RCV | 00 | COMMUNICATION ERROR | (48) |
| 32 | <FAX # NOT AVAIL.> | Nov. 03 08:17AM | 08'13 | RCV | 08 | OK | |
| 33 | Lewis and Roca LLP | Nov. 04 05:56PM | 03'41 | RCV | 04 | OK | |
| 34 | Lewis and Roca LLP | Nov. 06 12:12PM | 02'45 | RCV | 03 | OK | |
| 35 | 17706321111 | Nov. 08 02:34PM | 00'41 | SND | 00 | OTHER FAX NOT RESPOND | |

*CODE = FOR SERVICE CENTER USE ONLY

IF YOU HAVE A PROBLEM WITH YOUR FAX MACHINE, CALL 1-800-HELP-FAX (435-7329).

EXHIBIT E

Page 2 of 3

JOURNAL

Dec. 14 2004 07:51PM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|---|---|---|---|---|---|---|
| 01 | 17706321111 | Nov. 08 02:36PM | 00'41 | SND | 00 | OTHER FAX NOT RESPOND |
| 02 | 17706321111 | Nov. 08 02:38PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND |
| 03 | 17706321111 | Nov. 08 02:42PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND |
| 04 | 17706321111 | Nov. 08 02:45PM | 00'41 | SND | 00 | OTHER FAX NOT RESPOND |
| 05 | 435 940 1293 | Nov. 08 02:50PM | 02'16 | SND | 03 | OK |
| 06 | 480 705 7503 | Nov. 08 02:58PM | 01'57 | SND | 03 | OK |
| 07 | 01143662854500080 | Nov. 08 07:38PM | 01'39 | SND | 03 | OK |
| 08 | Lewis and Roca LLP | Nov. 09 12:44PM | 02'43 | RCV | 03 | OK |
| 09 | <FAX # NOT AVAIL.> | Nov. 09 04:21PM | 03'26 | RCV | 03 | OK |
| 10 | Lewis and Roca LLP | Nov. 10 06:42PM | 01'04 | SND | 02 | OK |
| 11 | 01143662854500080 | Nov. 10 06:48PM | 00'44 | SND | 01 | OK |
| 12 | 860 525 9380 | Nov. 11 07:13AM | 02'02 | RCV | 02 | OK |
| 13 | 8605259380 | Nov. 11 05:14PM | 01'27 | SND | 02 | OK |
| 14 | 8605259380 | Nov. 12 06:54PM | 03'06 | SND | 05 | OK |
| 15 | 860 525 9380 | Nov. 18 11:50AM | 02'00 | RCV | 02 | OK |
| 16 | <FAX # NOT AVAIL.> | Nov. 19 02:56PM | 04'13 | RCV | 04 | OK |
| 17 | 480 705 7503 | Nov. 23 03:50PM | 01'58 | SND | 03 | OK |
| 18 | 435 940 1293 | Nov. 23 03:54PM | 02'19 | SND | 03 | OK |
| 19 | 913374632272 | Nov. 23 05:35PM | 01'11 | RCV | 02 | OK |
| 20 | 8605259380 | Nov. 24 07:18PM | 02'02 | SND | 03 | OK |
| 21 | +49 8654 779915 | Nov. 25 01:18PM | 00'43 | RCV | 01 | OK |
| 22 | <FAX # NOT AVAIL.> | Nov. 29 08:00AM | 01'29 | RCV | 01 | OK |
| 23 | 203 396 1795 | Nov. 29 03:22PM | 01'15 | RCV | 02 | OK |
| 24 | 203 782 2809 | Nov. 29 03:49PM | 01'47 | RCV | 03 | OK |
| 25 | 011886223213321 | Nov. 29 08:33PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND |
| 26 | 011886223213321 | Nov. 29 08:34PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND |
| 27 | 011886223213321 | Nov. 29 08:37PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND |
| 28 | 886223213321 | Nov. 29 08:40PM | 01'40 | SND | 02 | OK |
| 29 | Lewis and Roca LLP | Dec. 01 06:08PM | 01'56 | RCV | 02 | OK |
| 30 | 01143662854500080 | Dec. 11 02:54PM | 03'37 | SND | 07 | OK |
| 31 | 801 295 5795 | Dec. 13 12:43PM | 01'11 | RCV | 02 | OK |
| 32 | 203 380 9468 | Dec. 14 01:50PM | 01'40 | RCV | 03 | OK |
| 33 | 18012164004 | Dec. 14 07:38PM | 01'57 | SND | 04 | OK |
| 34 | 01143662854500080 | Dec. 14 07:48PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND |
| 35 | 01143662854500080 | Dec. 14 07:50PM | 00'42 | SND | 00 | OTHER FAX NOT RESPOND |

IF YOU HAVE A PROBLEM WITH YOUR FAX MACHINE, CALL 1-800-HELP-FAX (435-7329).

EXHIBIT _E_

Page _3_ of _3_