# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT, HARTFORD

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation,<br><br>                     Plaintiffs,<br><br>v.<br><br>KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V,<br><br>                     Defendants. | <br><br><br><br><br><br><br><br>Case No. 301 CV 1746 (AVC)<br><br>January 17, 2005 |

### AFFIDAVIT OF ROBERT S. YOUNG OPPOSING KAMAN'S
### DECEMBER 23, 2004 MOTION TO STRIKE AND FOR OTHER RELIEF

STATE OF UTAH         )
                      : ss.
COUNTY OF SALT LAKE ) 

Robert S. Young, being first duly sworn upon oath, deposes and says:

1. I am a resident of the state of Utah and an attorney retained to represent the interests of Plaintiffs, Mountain West Helicopters, LLC ("Mountain West"), Long-Line Leasing, LLC ("Long-Line"), Helog AG ("Helog") and Heli-Air Zagel Lufttransport AG ("Heli-Air"), hereinafter collectively referred to as "Plaintiffs" and/or the "Helicopter Logging Companies." I make this Affidavit of my personal knowledge and, if called to testify as a witness, I could and would testify competently to the matters stated herein.

2. On August 6, 2004, I telephoned Kaman's counsel, Tim Diemand, and left a voice-mail message explaining that Plaintiffs' discovery responses were basically done, but my contacts at (1) Helog and (2) Mountain West were, respectively, (1) on business in Hong Kong and (2) in the midst of moving both home and office with all belongings (including some documents relating to this proceeding) stored in a 50 foot trailer.

3. On the same date, i.e., August 6, 2004, I delivered Plaintiffs' discovery responses, such as they were, to Kaman via facsimile.

4. As noted in exhibit A, attached to Plaintiffs' January 17, 2005-Memorandum Opposing Kaman's Motion to Strike ("Plaintiffs' Memorandum"), on August 6, 2004 I informed Kaman's counsel, Tim Diemand, that because of my difficulty in obtaining documents from both of my clients, I would certainly be willing to agree to additional time before filing the cross-motions for summary judgment if Mr. Diemand thought it necessary.

5. By letter dated September 2, 2004, Kaman's counsel, Tim Diemand, reminded me that Kaman had not yet received Helog's final discovery responses, signed by Mr. Zagel, and that Kaman had yet to receive any documents from either Mountain West or Helog.

6. As noted in exhibit B attached to Plaintiffs' Memorandum, Plaintiffs finally obtained Mr. Zagel's signature on September 9, 2004. The following day I placed in the mail for filing Plaintiffs cross-motion for partial summary judgment with a supporting memorandum.

7. In the interim, i.e., between Kaman's September 2, 2004-demand letter (exhibit C attached to Kaman's Memorandum) and the September 10, 2004 filing of Plaintiffs' cross-motion for partial summary judgment, I reiterated, over the telephone, the offer, originally made in early August, to agree to additional time if Kaman's counsel, Tim Diemand, thought it necessary. Mr. Diemand, informed me that the written discovery responses Plaintiffs had

provided included the information necessary to address the pending cross-motions for summary judgment and that he preferred to go ahead on schedule.

8. Kaman made no other demand for documents between the time of its September 2, 2004 letter (see exhibit C attached to Kaman's Memorandum) and the time of its November 11, 2004 letter (see exhibit D attached to Kaman's memorandum).

9. In the interim:

   a. Shortly after September 10, 2004, with no complaint of prejudice suffered by Kaman due to Plaintiffs' failure to produce documents, I received my copy of Kaman's motion for partial summary judgment with a supporting memorandum;

   b. Shortly after October 4, 2004, with no complaint of prejudice suffered by Kaman due to Plaintiffs' failure to produce documents, I received my copy of Kaman's memorandum opposing Plaintiffs' motion for partial summary judgment;

   c. On or about October 18, 2004, as noted in exhibit D attached to Plaintiffs' Memorandum, I spoke to Kaman's counsel, Aaron Singer, we discussed the deadline for filing reply memoranda and again, with no complaint of prejudice suffered by Kaman due to Plaintiffs' failure to produce documents, Mr. Singer and I agreed that October 21, 2004 should be the deadline; and finally

   d. Shortly after October 21, 2004, with no complaint of prejudice suffered by Kaman due to Plaintiffs' failure to produce documents, I received my copy of Kaman's reply memorandum supporting its motion for partial summary judgment.

10. Despite my continuing offer to extend the briefing deadlines (if, in its sole discretion, Kaman, through counsel, believed it necessary to review Plaintiffs' documents in order to properly address the cross-motions for partial summary judgment), Kaman gave no indication of any need to review those documents until approximately two weeks after (1)

3

Plaintiffs filed their October 29, 2004-motion to strike the affidavit of Roger Wassmuth or, alternatively, for an order granting plaintiffs a reasonable time to file opposing affidavits and/or a memorandum of law opposing the same and (2) the court, by order dated November 2, 2004, granted plaintiffs a reasonable time to file opposing affidavits and/or a memorandum of law.

11. Both on December 17 and 20, 2004, as noted in exhibit G to Kaman's Memorandum, I left voice mail messages for Kaman's counsel, Tim Diemand, wherein I expressed the following with respect to Kaman's Requests for Production.

> It's hard for me to know, just going through the file, whether you want the entire file or you want somebody to come look at it. If you want the entire file, then I need to go through it more carefully to see if there is anything in it that I will assert as privileged and other than that I am ready to make copies of these things and send them off to you. If you could let me know what your preference is, in terms of whether you want a complete copy of the file or somebody to come look at it and decide what gets copied I would appreciate it.

12. The only response I received to either voice-mail message was Kaman's Motion.

13. Shortly after receiving my copy of Kaman's Motion, I telephoned the clerk of the court who reported that Kaman filed the Motion on December 28, 2004.

Dated: January 17, 2005

_Robert S. Young_

SUBSCRIBED AND SWORN TO before me this 17 day of January 2005.

_Noelle Dalley_
NOTARY PUBLIC
Residing At:

My Commission Expires:

August 14, 2006

Notary Public
NOELLE DALLEY
12457 South 3310 West
Riverton, Utah 84065
My Commission Expires
August 14, 2006
State of Utah

4

## CERTIFICATE OF SERVICE

I certify that on January _17_, 2005, I caused to be filed with the court and served upon the individuals identified below, in the manner stated, the foregoing AFFIDAVIT OF ROBERT S. YOUNG OPPOSING KAMAN'S DECEMBER 23, 2004 MOTION TO STRIKE AND FOR OTHER RELIEF. The original, via overnight courier, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., and addressed to:

> Clerk of the Court
> 450 Main Street
> Hartford, CT 06103

And one copy each, via first class mail, postage prepaid addressed to:

Tim Bishop, Esq.
BISHOP & JACKSON
80 Ferry Blvd.
Stratford, CT 06615

Timothy A. Diemand, Esq.
Aaron Singer, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT 06103-3402

_____

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Opposing Kaman's Motion to Strike (Aff RSY).117.wpd