FILED

2005 JAN 24 P 2: 35

U.S. DISTRICT COURT
HARTFORD, CT.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT, HARTFORD

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, a Utah Limited Liability Company; LONG-LINE LEASING, LLC, a Utah Limited Liability Company; HELOG AG, a Foreign Corporation; and HELI-AIR ZAGEL LUFTTRANSPORT AG, a foreign corporation, <br><br> Plaintiffs, <br><br> v. <br><br> KAMAN AEROSPACE CORPORATION, a Delaware corporation and JOHN DOES I through V, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br> Case No. 301 CV 1746 (AVC) <br><br> December 17, 2004 |

**AFFIDAVIT OF BRYAN J. BURR OPPOSING KAMAN'S OCTOBER 21, 2004 REPLY MEMORANDUM, ON THE MOTION FOR PARTIAL SUMMARY JUDGMENT, AND THE AFFIDAVIT OF G. ROGER WASSMUTH FILED THEREWITH**

STATE OF UTAH )
: ss.
COUNTY OF UTAH )

BRYAN J. BURR, being first duly sworn upon oath, deposes and says:

1.    I am a resident of Utah County, State of Utah and, if called to testify in this proceeding, would competently testify as outlined below.

2.    My family and/or I own Mountain West Helicopters, LLC ("Mountain West") and Long-Line Leasing, LLC ("Long-Line").

3.    Mountain West and Long-Line are Utah Limited Liability Companies now having a place of business in Alpine, Utah.

4.      I have reviewed the October 21, 2004 affidavit of G. Roger Wassmuth filed, in this proceeding, with Kaman's Reply Memorandum in connection with the pending cross-motions for partial summary judgment.

5.      Regarding the defective clutch that is the subject of this litigation, paragraph 7 of Mr. Wassmuth's affidavit contends that Exhibit C attached thereto "is a true and accurate copy of the 'pick ticket' documenting the sale of the clutch to Mountain West. The pick ticket states that the transaction is subject to Kaman's standard 'terms and conditions of sale.'"

6.      Paragraph 8 of the same affidavit contends that "[b]efore the clutch was sold to Mountain West in October of 1999, Kaman provided Mountain West with its 1999 Commercial Price List. (Citations omitted). As noted above, the 1999 Commercial Price List contains Kaman's standard terms and conditions of sale for replacement parts (including the limitation of liability provision quoted above)."

7.      The language of "the limitation of liability provision quoted above" is found in paragraph 5 of Mr. Wassmuth's affidavit and reads:

> EXCLUSIVE REMEDY: LIMITATIONS OF LIABILITY  . . . . IN NO EVENT SHALL K-MAX BE LIABLE TO CUSTOMER OR ANY OTHER PERSON OR ORGANIZATION FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES OF ANY NATURE WHATSOEVER . . . INCLUDING WITHOUT LIMITATION, ANY DAMAGES FOR LOST PROFITS OR OTHER FINANCIAL OR ECONOMIC LOSS OR FOR ANY INTERRUPTION IN CUSTOMER'S BUSINESS OCCASIONED BY ITS INABILITY TO USE THE PRODUCTS OR SERVICES FOR ANY REASON WHATSOEVER. . . .

8.      Notably the foregoing language purports to limit the liability of "K-Max" whereas the claims we assert herein are against Kaman Aerospace Corporation.

9.      Of greater importance to our claims herein is the failure of the "pick ticket" to include a signature of any authorized representative of Mountain West for the purpose of reflecting Mountain West's "agreement" to those terms and conditions.

10.    I reiterate, as stated in previous affidavits, it is my present recollection that no Kaman representative ever asked me, or, to the best of my knowledge, anyone else at my company, to agree to the terms and conditions of the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog as a condition of selling us the clutch.

11.    Moreover, I have no present recollection of agreeing to the warranty provisions, exclusions and/or limitations contained in the 1999 Kaman parts catalog, as a condition of purchasing the clutch from Kaman.

12.    Furthermore, it is my present recollection that no Kaman representative ever asked me, or, to the best of my knowledge, anyone else at my company, to agree to the terms and conditions of the 1999 Commercial Price List, or any other document, as a condition of selling us the clutch and I have no present recollection that I or anyone else at my company agreed to the terms and conditions of the 1999 Commercial Price List, or any other document, as a condition of purchasing the clutch from Kaman.

13.    And finally, I am aware of no written documents outlining the terms and conditions governing Kaman's sale and our purchase of the Clutch in 1999.

DATED:   December 20, 2004.

_Bryan J. Burr_
Bryan J. Burr


SUBSCRIBED AND SWORN TO before me this 20 day of December 2004.

_Janice Dennison_
NOTARY PUBLIC

My Commission Expires: 7/29/08        Residing At:   113 So. Main
                                                     Alpine Utah



3

## Certificate of Service

I certify that on ___January 19___ , 200 5, I caused to be filed with the court and served upon the individuals identified below, in the manner identified, the foregoing AFFIDAVIT OF BRYAN J. BURR OPPOSING KAMAN'S OCTOBER 21, 2004 REPLY MEMORANDUM, ON THE MOTION FOR PARTIAL SUMMARY JUDGMENT, AND THE AFFIDAVIT OF G. ROGER WASSMUTH FILED THEREWITH.

The original, via first class mail, all expenses prepaid, to "be filed with the court within a reasonable time after service," as contemplated by Rule 5(d) Fed.R.Civ.P., addressed to:

Clerk of the Court
450 Main Street
Hartford, CT  06103

And one copy each, via first class mail, postage prepaid addressed to:

Tim Bishop, Esq.
BISHOP & JACKSON
80 Ferry Blvd.
Stratford, CT  06615

Timothy A. Diemand, Esq.
Aaron Singer, Esq.
WIGGIN & DANA
One City Place
185 Asylum Street
Hartford, CT  06103-3402

C:\Documents and Settings\Robert S. Young\My Documents\My Files\Mt. West v. Kaman\Memo Opposing Kaman's Cross-MSJ re Damages AFF BJB.D17.wpd