UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| MOUNTAIN WEST HELICOPTER, LLC, LONG-LINE LEASING, LLC, HELOG AG and HELI-AIR ZAGEL LUFTTRANSPORT AG, Plaintiffs, | 2005 FEB 11  P 2: 55 |
| | U.S. DISTRICT COURT HARTFORD, CT. |
| vs. | Civil No. 3:01CV1746(AVC) |
| KAMAN AEROSPACE CORP. and JOHN DOES I THROUGH V, Defendants. | |

RULING ON THE DEFENDANT'S
MOTION TO COMPEL AND TO STRIKE

This is an action for damages brought pursuant to the Connecticut Products Liability Act ("CPLA") and common law tenents concerning breach of warranty. The plaintiffs, Mountain West Helicopter, LLC, Long-Line Leasing, LLC, Helog AG, and Heli-Air Zangel Lufttransport AG, (collectively the "logging companies"), allege that the defendant, Kaman Aerospace Corporation ("Kaman"), designed, manufactured and sold them defective helicopter clutches that subsequently caused two helicopters to crash.

Kaman has filed the within motion "to strike and for other relief in light of plaintiffs' failure to produce documents" (document no.64). Specifically, Kaman asks the court to "order that all outstanding documents be produced by a date certain" and "award Kaman all costs associated with its efforts to get plaintiffs to comply with their discovery obligations." In addition, Kaman argues that the court should "strike plaintiffs' Supplemental Memorandum" in support of summary judgment and "allow

1

Kaman to file a final brief in support of its motion for summary judgment after the plaintiffs' documents are received."

In response, the logging companies ask the court to deny Kaman's motion and award the logging companies "their expenses in opposing the motion" pursuant to Fed. R. Civ. P. 37(a)(4)(B).

For the reasons set forth below, Kaman's motion (document no.64) is GRANTED in part and DENIED in part. The logging companies' request for expenses (document no.67) is DENIED.

**FACTS**

On March 9, 2004, the court denied Kaman's motion to dismiss (document no.31). In the order, the court noted that it need not "identify which claims for damages are proper and which are not." Rather, the court left the determination of recoverable damages for "another day."

On June 23, 2004, the parties filed a joint motion asking the court to allow the parties to "conduct limited damage discovery and then file cross-motions for summary judgment to determine the damages Plaintiffs can seek to recover"(document no.37).

On June 29, 2004, the court granted the joint motion (document no.40). Specifically, the order stated that "all discovery relating to the issue of damages shall be completed by August 6, 2004."

Over five months after this discovery deadline, the logging companies admit that they have failed to produce documents that the defendants requested.

On December 23, 2004, Kaman filed the within motion to strike and to compel discovery (document no. 64).  On January 18, 2005, the logging companies filed their memorandum in opposition (document no. 67).

## DISCUSSION

### I.  Motion to Compel

Federal Rule of Civil Procedure 37(a)(2)(A) provides in relevant part: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A).  The logging companies admit that they failed to disclose documents that Kaman requested during discovery.  Accordingly, the court orders the logging companies to produce the documents by February 22, 2005.

### II.  Expenses Incurred in Making Motion to Compel

When a court grants a motion to compel, Rule 37 mandates, "the court *shall* . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(4)(A)(emphasis added).

The court, however, will not award such expenses if it finds either that 1) the moving party filed the motion "without the movant's first making a good faith effort to obtain the . . . discovery without court action," or 2) "that the opposing party's nondisclosure . . . was substantially justifiable . . ." Fed. R. Civ. P. 37(a)(4)(A).

The logging companies argue that the court should not award Kaman expenses in connection with the motion to compel because 1)Kaman did not make a good faith effort to obtain the documents before seeking court action, 2) the logging companies' failure to produce the documents is substantially justifiable, and 3) "sanctions" are not appropriate because the logging companies have not failed to comply with "an order compelling discovery." The court finds these arguments unpersuasive for the reasons set forth below.

### A.    Good Faith Effort

The logging companies first argue that Kaman is not entitled to expenses because Kaman failed to make a good faith effort to obtain the discovery without court action. The court disagrees. Kaman provided the court with copies of the multiple letters that Kaman sent the logging companies seeking the documents. Accordingly, the court declines to find that Kaman is not entitled to expenses on this basis.

### B.    Substantially Justifiable

The logging companies next argue that the court should not award expenses to Kaman because the failure to disclose the documents "is substantially justified by discussions with [Kaman's] counsel." Specifically, the logging companies argue that they made a "continuing offer to extend the briefing deadlines" to Kaman's counsel and he "gave no indication of any need to review those documents."

The court does not agree that the failure to produce the documents "is substantially justifiable."  Kaman has repeatedly sent letters to the logging companies asking for the documents at issue.  The logging companies have had five months to provide the documents, but they have repeatedly failed to do so.  Accordingly, the court declines to find that Kaman is not entitled to expenses on this basis.

## C.    Rule 37(b) Sanctions

The logging companies next argue that the "sanctions Kaman seeks . . . are neither justified nor contemplated" by Rule 37(b).[1] Specifically, the logging companies argue that the court has not issued an order compelling discovery and that Rule 37(b) only contemplates the "imposition of sanctions when a party fails to comply with . . . [an] order compelling discovery."

The logging companies' arguments regarding the limitations on Rule 37(b) sanctions are inapplicable because Kaman does not request sanctions pursuant to Rule 37(b).  Rather, Kaman requests expenses pursuant to Rule 37(a).  Rule 37(a) specifically mandates that the court "shall" require the logging companies, as the party "whose conduct necessitated the motion," to pay Kaman "reasonable expenses incurred in making the motion [to compel], including attorney's fees." Rule 37(a)(4)(A).

---

[1] Federal Rule of Civil Procedure 37(b) provides, in part, that when "a party fails to obey and order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure that are just . . ."  Fed. R. Civ. P. 37(b).

Accordingly, the court orders the logging companies to pay
Kaman "the reasonable expenses incurred in making the motion,
including attorney's fees." Fed. R. Civ. P. 37(a)(4)(A).

## III. Additional Relief

In addition to granting the motion to compel and awarding
expenses, Kaman argues that the court should 1) "strike plaintiffs'
Supplemental Memorandum" in support of summary judgment in support
of summary judgment, and 2) "allow Kaman to file a final brief in
support of its motion for summary judgment after the plaintiffs'
documents are received."

The court concludes that granting the motion to compel and
awarding expenses is a sufficient to remedy the logging companies'
failure to produce the documents. Accordingly, the motion to
strike the logging companies supplemental memorandum is DENIED.

After Kaman has received the requested documents, Kaman may
file a supplemental memorandum in support of its motion for summary
judgment. The memorandum shall address only issues related to the
new documents.

## CONCLUSION

The motion (document no. 64) is GRANTED in part and DENIED in part. Specifically, the motion to compel the requested documents is GRANTED. The court orders the logging companies to produce the requested documents by February 22, 2005. The logging companies shall also pay the reasonable expenses that the defendants incurred in making the within motion including attorney's fees.

Kaman's motion to strike the logging companies' supplemental memorandum is DENIED. Kaman, however, shall have to and including March 7, 2005 to file a supplemental memorandum addressing only issues related to the new documents.

Because the court has granted the motion to compel, the logging companies' motion for "expenses in opposing the motion" is DENIED.


It is so ordered, this 11th day of February, 2005 in Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.