UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTERS, LLC,:
LONG-LINE LEASING, LLC,
HELOG AG and HELI-AIR ZAGEL
LUFTTRANSPORT AG,

        Plaintiffs,

vs.

KAMAN AEROSPACE CORPORATION
and JOHN DOES I THROUGH V,

Defendants.

CASE NO. 3:01-CV-1746 (AVC)

May 11, 2005

## DEFENDANT KAMAN AEROSPACE CORPORATION'S
## MOTION FOR SCHEDULING ORDER

On April 1, 2005, the Court issued its Ruling on Cross-Motions for Summary Judgment in this case involving two separate helicopter accidents. Plaintiffs (owners and operators of the helicopters at issue) seek to recover: (a) commercial losses (such as loss profits); (b) a portion of the amounts already received from their insurers for the replacement or repair of the helicopters; and (c) uninsured property damages (i.e., the insurance deductibles). The Court ruled that plaintiffs cannot recover "commercial" damages under Connecticut's Product Liability Act. The Court also held that plaintiffs may not recover "property" damages to the extent plaintiffs received reimbursement for such property damages from their insurers. See April 1, 2005 Ruling at 12-14, 23-25.

However, on plaintiffs' "warranty" claim, although noting that: (a) plaintiffs' claims for commercial losses can only be brought under Connecticut's version of the UCC; (b) the helicopter sales agreements disclaim liability for commercial damages; and (c) Kaman's parts catalogue disclaims liability for commercial damages, the Court found

that a fact dispute exists regarding whether Kaman's limited warranty (that bars recovery of commercial damages) governs the replacement clutches at issue in this case. April 1, 2005 Ruling at 17.

In light of the Court's ruling, Kaman proposes holding an evidentiary hearing on the factual dispute surrounding the warranty applicable to the replacement clutches. Holding such a hearing at this stage is consistent with Fed. R. Civ. P. 56 (d) (when issues not fully adjudicated on motion for summary judgment, the court is empowered to "direct[] such further proceedings in the action as are just"). Conducting limited proceedings to reach a final determination on the fact dispute surrounding the warranty also is consistent with the "reverse bifurcation" way this case has been preceding. [1]

Determining the categories of damages plaintiffs can and cannot recover will necessarily impact the manner in which the liability portion of the case will proceed and could result in the parties resolving this dispute without the need for a trial. Accordingly, Kaman asks the Court to permit the parties discovery limited to the outstanding warranty issue (to be completed by June 17, 2005) followed by an evidentiary hearing. Alternatively, Kaman requests a conference with the Court to establish a schedule for further proceedings in the case.

---

[1] Before embarking on expensive and protracted discovery and trial related to the cause of two separate helicopter accidents (one in Idaho and one in Austria), the Court allowed the parties to conduct limited damage discovery (exchange of documents and interrogatories) solely on the issue of damages and then permitted the filing of cross-motions for summary judgment to determine what categories of damages were recoverable. See July 1, 2004 Order. See also Simon v. Philip Morris, 200 F.R.D. 21, 25 (E.D.N.Y. 2001) (appropriate to consider damages before liability, a process known as "reverse bifurcation," to encourage settlement and shortening of the trial).

Respectfully submitted,

DEFENDANT
KAMAN AEROSPACE CORPORATION

By: _____
Shaun S. Sullivan (ct 04883)
Timothy A. Diemand (ct 18075)
Wiggin and Dana LLP
One CityPlace
Hartford, CT 06103-3402
ph. (860) 297-3700
fax (860) 525-9380
e-mail ssullivan@wiggin.com
          tdiemand@wiggin.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this 11th day of May, 2005, by facsimile and first class mail, postage prepaid, to:

Robert S. Young, Esq.
Law Offices of Robert S. Young
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Timothy A. Bishop, Esq.
Bishop & Jackson, LLC
80 Ferry Blvd., Suite 103
Stratford, CT 06615

---
Timothy A. Diemand

\14658\2\530547.1