UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTER, :
LLC, et al. :
  Plaintiffs, :
 :
vs. : Civil No. 3:01CV1746(AVC)
 :
KAMAN AEROSPACE CORP., :
et al., :
  Defendants. :

## RULING AND ORDER ON
## THE DEFENDANT'S MOTION FOR SCHEDULING ORDER

    This is an action for damages brought pursuant to the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. §§ 52-572m et seq, and common law tenets concerning breach of warranty. The defendant, Kaman Aerospace Corporation ("Kaman"), has filed the within motion "for a scheduling order"(document no. 76). Specifically, Kaman "asks the Court to permit the parties discovery limited to the outstanding warranty issue (to be completed by June 17, 2005) followed by an evidentiary hearing" on the "factual dispute surrounding the warranty applicable to the replacement clutches." The court concludes that neither additional discovery nor an evidentiary hearing are appropriate. The motion (document no.76) is therefore DENIED.

    The court's April 9, 2005 ruling on the parties' cross-motions for summary judgment concluded, inter alia, that "[a]s a result of . . . conflicting evidence, a genuine issue of material fact exists as to the parties' intent to contractually bar the

recovery of consequential damages with regard to the replacement clutches." Having concluded that a genuine issue of material fact exists, the court does not perceive the need for an evidentiary hearing on this issue of fact.

As to Kaman's request for additional discovery on "the outstanding warranty issue," the court notes that it allowed the parties to conduct discovery on damages prior to their motions for summary judgment. Having previously allowed the parties to conduct discovery on damages and having concluded that a genuine issue of material fact exists as to the availability of warranty damages, the court does not perceive the need for additional discovery.

On April 11, 2005, two days after the court issued its ruling on the parties' cross-motions for summary judgment, the court issued a second pretrial order ordering the parties to "jointly submit . . . a trial memorandum . . . . no later than May 11, 2005." The parties have failed to submit their joint trial memorandum. The parties shall have to and including May 25, 2005 to file their joint trial memorandum in conformance with the court's April 11, 2005 order.

It is so ordered this 13th day of May, 2005 at Hartford, Connecticut.

_____/s/AVC_____
Alfred V. Covello
United States District Judge