UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MOUNTAIN WEST HELICOPTERS, LLC, : | |
| LONG-LINE LEASING, LLC, : | |
| HELOG AG and HELI-AIR ZAGEL : | |
| LUFTTRANSPORT AG, : | |
| : | |
| Plaintiffs, : | |
| : | |
| vs. : | |
| : | CASE NO. 3:01-CV-1746 (AVC) |
| KAMAN AEROSPACE CORPORATION : | |
| and JOHN DOES I THROUGH V, : | May 25, 2005 |
| : | |
| Defendants. : | |

## KAMAN AEROSPACE CORPORATION'S PRETRIAL MEMORANDUM

Defendant Kaman Aerospace Corporation ("Kaman") hereby respectfully submits this pretrial memorandum. Counsel for defendant attempted to obtain input from counsel for plaintiffs Mountain West Helicopters LLC and Long-Line Leasing LLC (collectively "Mountain West"), and counsel for plaintiffs Helog AG and Heli-Air Zagel Lufttransport AG (collectively "Helog"). Despite discussing with plaintiffs' counsel over the past few days the deadline for completing the pretrial memorandum (a deadline already extended by the Court), plaintiffs' counsel indicated this afternoon that he was not in a position to provide any input or information for the pretrial memorandum at this time. Therefore, as directed by the Court during the May 18, 2005 status conference, Kaman is submitting this pretrial memo on its own behalf. Kaman reserves the right to amend or supplement this pretrial memorandum if and when plaintiffs comply with the Court's pretrial order.

1.  **Trial Counsel**

*Plaintiffs – Mountain West and Helog*

Robert S. Young
Law Offices of Robert S. Young
800 McIntyre Building
68 South Main Street
Salt Lake City, Utah 84101

Timothy A. Bishop
Bishop & Jackson, LLC
80 Ferry Blvd., Suite 103
Stratford, CT 06615

*Defendant -- Kaman*

Timothy A. Diemand
Aaron D. Singer
Wiggin and Dana LLP
One CityPlace
Hartford, Connecticut 06103

2.  **Jurisdiction**

Jurisdiction is based upon diversity of the parties, pursuant to 28 U.S.C. § 1332.

3.  **Jury/Non-Jury Trial**

Non-jury.

4.  **Length of Trial**

Kaman's counsel estimate that this phase of the case can be tried in 2-3 days.

5.  **Further Proceedings**

As ordered by the Court during the May 18, 2005 status conference, a mediation is scheduled for June 6, 2005 and depositions of the plaintiffs are to proceed on June 8 and June 9, 2005.

**6.    Nature of Case**

This case relates to two separate helicopter accidents. Plaintiffs each purchased a helicopter from Kaman in 1997 for use in logging operations (the "Helog helicopter" and the "Mountain West helicopter"). Both helicopters were involved in accidents in 1999. Plaintiffs contend that the accidents resulted from failure of replacement sprag clutches. Plaintiffs assert a tort claim under the Connecticut Product Liability Act ("CPLA") and a breach of warranty claim. Plaintiffs seek to recover amounts for damages to the helicopters not reimbursed by insurance and also seek to recover certain economic damages.

This case is proceeding in a reverse bifurcated manner and issues regarding liability are not to be tried at this time. Following the Court's ruling on Kaman's Renewed Motion to Dismiss, the parties were permitted to conduct discovery limited to the issue of damages. In ruling on the parties' cross-motions for partial summary judgment, the Court determined that triable issues of fact exist concerning whether the sales of the allegedly defective clutches were subject to a limited warranty precluding plaintiffs from recovering the consequential economic damages they seek.

The following issues will be presented at the trial:

***CPLA Claim[1]:***

    (a)    the amount of Mountain West's property damages attributable to the accident.

    (b)    the amount of Helog's property damages attributable to the accident.

---

[1] As the Court ruled, plaintiffs cannot recovery economic damages under the CPLA. April 7, 2005 Ruling at 12-14.

*Warranty Claim:*

    (a)    whether plaintiffs purchased the allegedly defective clutches pursuant to Kaman's standard terms and conditions, including an express disclaimer of all implied warranties and an exclusion of recovery for economic losses.

    (b)    whether the parties' course of dealing establishes a shared expectation that all parts and aircraft purchased from Kaman by Mountain West and/or Helog were subject to Kaman's standard limited warranty provisions, including an express disclaimer of all implied warranties and an exclusion of recovery for economic losses.

    (c)    whether the consequential economic damages Mountain West and Helog seek were reasonably foreseeable.

    (d)    the amount of Mountain West's and Helog's damages attributable to the accident.

**7.**    **Trial by Magistrate**

Kaman consents to a trial by a magistrate judge.

**8.**    **List of Witnesses**

*Plaintiffs – Mountain West and Helog*

Plaintiffs have not identified the witnesses they intend to call at trial. Kaman reserves the right to object to any witnesses plaintiffs may hereafter identify.

*Defendant -- Kaman*

    (a)    G. Roger Wassmuth
            Director of K-MAX Marketing and Business Development,
            Kaman Aerospace Corporation
            Bloomfield, CT

            Mr. Wassmuth will testify concerning applicable warranties. Estimated length of testimony (including cross) is 4-6 hours.

9.     **Exhibits**

*Plaintiffs – Mountain West and Helog*

Plaintiffs have not identified any exhibits they intend to offer at trial. Kaman reserves the right to object to any exhibits plaintiffs may hereafter identify.

*Defendant - Kaman*

a) May 20, 1997 Aircraft Sale Agreement between Kaman and Long-Line Leasing, LLC.

b) December 1999 Aircraft Repair Agreement for Repair of K-1200 s/n: A94-0014.

c) Documents related to Mountain West's purchase of the spare clutch.

d) Documents related to Helog's purchase of the spare clutch.

e) Documents related to Mountain West's purchase of a replacement transmission assembly.

f) Documents related to Helog's purchase of a replacement transmission assembly.

g) Documents concerning Mountain West's purchase of various replacement parts from Kaman.

h) May 2, 1997 Aircraft Installment Sale Agreement between Kaman and Helog, A.G.

i) March 3, 2000 Aircraft Installment Sale Agreement between Kaman and Helog, A.G.

j) Documentation related to Helog's purchase of the replacement transmission assembly, including June 21, 1999 correspondence from Kaman to Helog regarding the replacement transmission assembly.

k) Documentation concerning Helog's purchase of various replacement parts from Kaman.

l) Kaman/K-MAX Commercial Price Catalogs (1998 to the present).

### 10. Proposed Findings of Fact and Conclusions of Law

*Stipulated Facts:*

As plaintiffs have not provided any input into the pretrial memorandum, Kaman is unable to set forth any stipulated facts at this time.

*Plaintiffs' Proposed Findings of Fact and Conclusions of Law*

Plaintiffs have not set forth their proposed findings of fact and conclusions of law. Kaman reserves the right to object to any proposed findings of fact and conclusions of law plaintiffs may hereafter set forth.

*Kaman's Proposed Findings of Fact and Conclusions of Law*[2]

*<u>Mountain West</u>*

1. Mountain West purchased a K-1200 helicopter bearing serial number A94-0014 pursuant to a May 20, 1997 Aircraft Sale Agreement.

2. The purchase agreement for the Mountain West helicopter expressly exclude recovery of economic damages. <u>See</u> Section 4B of the purchase agreement.

3. In 1999, the free wheeling sprag clutch at issue in this case was replaced.

4. The replacement clutch sold to Mountain West was governed by Kaman's standard terms and conditions, including an express disclaimer of all implied warranties and an exclusion of recovery for economic losses.

5. Connecticut law permits contracting parties to limit their liabilities and remedies. <u>See</u> Conn. Gen. Stat. § 42a-2-719. Section 42a-2-719(3) of Connecticut's

---

[2] Kaman reserves the right to amend and supplement these proposed findings of fact and language based on evidence submitted at trial.

6

version of the UCC makes clear, "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." The Connecticut Supreme Court has explained, "[c]ommercial contracting parties have considerable freedom to determine the remedial rights that will ensue upon breach . . . [and] [a]bsent some cogent reason such as mistake or unconscionability, there is no reason why a court should not enforce the bargain that the parties have made." Mack Financial Corp. v. Crossley, 209 Conn. 163, 550 A.2d 303, 305 (1988).

6. Whether a contractual provision is unconscionable is a matter of law to be determined by the court. See Conn. Gen. Stat. § 42a-2-302 (finding of unconscionability left to "the court as a matter of law . . ."); see also, Family Financial Services, Inc. v. Spencer, 41 Conn. App. 754, 677 A.2d 479, 485 (Conn. App. Ct. 1996).

7. Mountain West presents no facts suggesting that the exclusion of consequential damages is, or ever was, unconscionable. Int'l Connectors Indus., Ltd. v. Litton Sys. Inc., Civ. A. No. B-88-505, 1995 WL 253089 (D. Conn. April 25, 1995) ("Where the parties are sophisticated business entities, and the plaintiff offers no facts to support its contention of unconscionability, the court can find no genuine issue of material fact to warrant a denial of summary judgment."); Damin Aviation Corp. v. Sikorsky Aircraft, 705 F. Supp. 170, 177 (D. Conn. 1989) (upholding exclusion of consequential damages clause in helicopter sales agreement and granting summary judgment where plaintiff failed to produce evidence of unconscionability: "Courts have rarely found limitations of consequential damages in commercial transaction to be unconscionable").

8. Alternatively, the parties' course of dealing establishes that all parts and aircraft purchased from Kaman by Mountain West were subject to Kaman's standard limited warranty provisions, including an express disclaimer of all implied warranties and an exclusion of recovery for economic losses.

9. An exclusion on the recovery of economic damages and an exclusion of implied warranties can be based on a course of dealing or course of performance or trade usage. See Conn. Gen. Stat. § 42a-2-316(3)(c). "A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." C.G.S. § 42a-1-205(1). Mountain West is a long-standing customer of Kaman, and has purchased aircraft and spare parts subject to Kaman's standard terms and conditions. In addition to the Aircraft Purchase Agreements plainly setting forth the limited warranty and exclusive remedy provisions and the parts list, the evidence shows numerous purchases by Mountain West from Kaman making express reference to Kaman's standard terms and conditions, including its limited warranty provisions. Mountain West has not explained why it believes the transactions at issue involving the replacement clutches were subject to different terms, no evidence of which has been presented. Rather, the parties' prior course of dealing plainly establishes a shared expectation that these sales, like all others preceding them, were subject to Kaman's limited warranty provisions to the exclusion of all other warranties, express or implied. See, e.g., *Standard Structural Steel Co. v. Bethlehem Steel Corp.*, 597 F.Supp. 164 (D.Conn. 1984).

10. Mountain West has not provided sufficient proof of the amount of its damages or that such damages were proximately caused by the accident at issue in this case.

11. Mountain West has not established that at the time the replacement clutches were sold to Mountain West that Kaman had reason to foresee that Mountain West would probably incur the economic damages it seeks as a result of the alleged breach of warranty.  See April 7, 2005 Ruling, n. 8 (and cases cited therein).

### *Helog*

1. Helog purchased a K-1200 helicopter bearing serial number A94-0018 from Kaman pursuant to a May 2, 1997 Aircraft Sale Agreement.

2. The purchase agreement for the Helog helicopter expressly exclude recovery of economic damages.  See Section 4B of the purchase agreement.

3. In 1999, the free wheeling sprag clutch at issue in this case was replaced.

4. The replacement clutch sold to Helog was governed by Kaman's standard terms and conditions, including an express disclaimer of all implied warranties and an exclusion of recovery for economic losses.

5. Connecticut law permits contracting parties to limit their liabilities and remedies.  See Conn. Gen. Stat. § 42a-2-719.  Section 42a-2-719(3) of Connecticut's version of the UCC makes clear, "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable."  The Connecticut Supreme Court has explained, "[c]ommercial contracting parties have considerable freedom to determine the remedial rights that will ensue upon breach . . . [and] [a]bsent some cogent reason such as mistake or unconscionability, there is no reason why a court should not enforce

9

the bargain that the parties have made." Mack Financial Corp. v. Crossley, 209 Conn. 163, 550 A.2d 303, 305 (1988).

6. Whether a contractual provision is unconscionable is a matter of law to be determined by the court. See Conn. Gen. Stat. § 42a-2-302 (finding of unconscionability left to "the court as a matter of law . . ."); see also, Family Financial Services, Inc. v. Spencer, 41 Conn. App. 754, 677 A.2d 479, 485 (Conn. App. Ct. 1996).

7. Helog presents no facts suggesting that the exclusion of consequential damages is, or ever was, unconscionable. Int'l Connectors Indus., Ltd. v. Litton Sys. Inc., Civ. A. No. B-88-505, 1995 WL 253089 (D. Conn. April 25, 1995) ("Where the parties are sophisticated business entities, and the plaintiff offers no facts to support its contention of unconscionability, the court can find no genuine issue of material fact to warrant a denial of summary judgment."); Damin Aviation Corp. v. Sikorsky Aircraft, 705 F. Supp. 170, 177 (D. Conn. 1989) (upholding exclusion of consequential damages clause in helicopter sales agreement and granting summary judgment where plaintiff failed to produce evidence of unconscionability: "Courts have rarely found limitations of consequential damages in commercial transaction to be unconscionable").

8. Alternatively, the parties' course of dealing establishes that all parts and aircraft purchased from Kaman by Helog were subject to Kaman's standard limited warranty provisions, including an express disclaimer of all implied warranties and an exclusion of recovery for economic losses.

9. An exclusion on the recovery of economic damages and an exclusion of implied warranties can be based on a course of dealing or course of performance or trade usage. See Conn. Gen. Stat. § 42a-2-316(3)(c). "A course of dealing is a sequence of

previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." C.G.S. § 42a-1-205(1). Helog is a long-standing customer of Kaman, and has purchased aircraft and spare parts subject to Kaman's standard terms and conditions. In addition to the Aircraft Purchase Agreements plainly setting forth the limited warranty and exclusive remedy provisions and the parts list, the evidence shows numerous purchases by Helog from Kaman making express reference to Kaman's standard terms and conditions, including its limited warranty provisions. Helog has not explained why it believes the transactions at issue involving the replacement clutches were subject to different terms, no evidence of which has been presented. Rather, the parties' prior course of dealing plainly establishes a shared expectation that these sales, like all others preceding them, were subject to Kaman's limited warranty provisions to the exclusion of all other warranties, express or implied. See, e.g., Standard Structural Steel Co. v. Bethlehem Steel Corp., 597 F.Supp. 164 (D.Conn. 1984).

10. Helog has not provided sufficient proof of the amount of its damages or that such damages were proximately caused by the accident at issue in this case.

11. Helog has not established that at the time the replacement clutches were sold to Helog that Kaman had reason to foresee that Helog would probably incur the economic damages it seeks as a result of the alleged breach of warranty. See April 7, 2005 Ruling, n. 8 (and cases cited therein).

Respectfully submitted,


**DEFENDANT
KAMAN AEROSPACE CORPORATION**


By: ____/s/ Timothy A. Diemand_____
Timothy A. Diemand (ct 18075)
Aaron D. Singer (ct 25515)
Wiggin and Dana LLP
One CityPlace
Hartford, CT 06103-3402
ph. (860) 297-3700
fax (860) 525-9380
e-mail  tdiemand@wiggin.com
            asinger@wiggin.com

\14658\2\534247.1

12