```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTER,       :
LLC, LONG-LINE LEASING, LLC,    :
HELOG AG and HELI-AIR ZAGEL     :
LUFTTRANSPORT AG,               :
   Plaintiffs,                  :
                                :
vs.                             :   Civil No. 3:01CV1746(AVC)
                                :
KAMAN AEROSPACE CORP. and       :
JOHN DOES I THROUGH V,          :
   Defendants.                  :
```

**RULING ON THE PLAINTIFFS' MOTION FOR CONSOLIDATION OF TRIAL, SCHEDULING ORDER and RECONSIDERATION OF THE RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This is an action for damages brought pursuant to the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. §§ 52-572m et seq, and common law tenets concerning breach of warranty. The plaintiffs, Mountain West Helicopter, LLC ("Mountain West"), Long-Line Leasing, LLC ("Long-Line"), Helog AG ("Helog"), and Heli-Air Zangel Lufttransport AG ("Heli-Air"), (collectively the "logging companies"), allege that the defendant, Kaman Aerospace Corporation ("Kaman"), designed, manufactured and sold defective helicopter clutches that subsequently caused two helicopters to crash.

The plaintiffs have filed the within motion (document no.91) seeking (1) "consolidation, for trial, of the issues of liability and damages" accompanied by the "setting of an appropriate scheduling order", and (2) "reconsideration, after oral argument, of the court's ruling on the application of the collateral source

1

rule to these facts." Kaman objects to both consolidation and reconsideration.

For the reasons set forth below, the motion (document no.91) is GRANTED in part and DENIED in part. The motion is GRANTED to the extent that it seeks consolidation of the trial and DENIED to the extent that it seeks reconsideration of the court's ruling on the parties' cross-motions for summary judgment.

**FACTS**

The following procedural facts are relevant to the within motion:

On September 11, 2001, the plaintiffs filed this action. On May 30, 2003, Kaman filed a motion to dismiss (document no. 26) pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the plaintiffs had failed to state a claim upon which relief could be granted.

On March 9, 2004, the court denied Kaman's motion to dismiss (document no. 31). In ruling on the motion to dismiss, the court noted that the plaintiffs sought, inter alia, "damages for various consequential economic losses" and that there is "generally no dispute among Connecticut superior courts that such claims are not permitted under the" Connecticut Products Liability Act. The court concluded, however, that at the motion to dismiss stage, the court would not reach the issue of whether the plaintiffs could recover such damages. Specifically, "the court need not pick through the complaint and identify which

2

claims for damages are proper and which are not. Rather, the issue is for another day."

On June 8, 2004, Kaman filed a "motion for scheduling order" (document no.36). Specifically, Kaman "propose[d] conducting limited damages discovery and then moving for summary judgment to determine the damages" that the plaintiffs "can recover in this case."

On June 23, 2004, fifteen days later, the parties filed a "joint motion for scheduling order" (document no. 37) stating that the parties had agreed to a "schedule for the exchange of damage-related discovery and for summary judgment briefing . . ."

On July 1, 2004, the court granted the joint motion for a scheduling order (document no.40). Specifically, the court's order stated:

> The joint motion to modify the scheduling order (document no.37) is GRANTED as follows: (1) The plaintiff shall provide the defendant with a damage analysis pursuant to Fed. R. Civ. P. 26(a)(1)(C) on or before July 6, 2004; (2) all discovery relating to the issue of damages shall be completed by August 6, 2004; [3] all motions, except motions in limine incident to trial shall be filed on or before September 6, 2004.

In September, 2004, the parties filed cross-motions for summary judgment which addressed only the issue of damages. In April, 2004, the court issued its ruling on the cross-motions for summary judgment (document no.73).

On May 26, 2005, the court referred the case to the

Honorable Donna F. Martinez, United States Magistrate Judge for settlement discussions. The case did not settle.

On August 8, 2005, the plaintiff filed the within motion (document no.91) for consolidation of the damages and liability issues for trial.

## DISCUSSION

### I. Consolidation for Trial

The plaintiffs argue that "bifurcation (and, particularly, reverse bifrucation) is no longer appropriate" for three reasons: (1) "reverse bifrucation sought the court's perspective on damages via summary judgment" and the court's summary judgment ruling "achieved that goal"; (2) separate trials on the issues of liability and damages "neither promote judicial economy and convenience nor encourage settlement"; and (3) "a single trial will not prejudice the interests of either party and bifurcated trials will require plaintiffs to travel twice from Europe and Utah."

Kaman responds that the court should bifurcate the damages and liability parts of trial. Specifically, Kaman argues, inter alia, that "[t]rying the damages phase of this case before embarking on expensive liability discovery and a protracted trial is sensible" and that the plaintiff's request to consolidate the trial is a "desperate attempt to put off" the trial.

Federal Rule of Civil Procedure 42(b) provides, in relevant

part, that the court "in furtherance of convenience or to avoid undue prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of . . . any number of . . . issues . . . ." Fed. R. Civ. P. 42(b).

The court concludes that a single trial on the issues of both liability and damages is most appropriate.  The court's ruling on the motion to dismiss indicated to the parties that the court had some doubts as to whether some of the damages that the plaintiffs sought were recoverable.  The court granted the joint motion for expedited damages discovery and motions for summary judgment on the issue of damages to determine which damages the plaintiffs could recover.  Having issued its ruling on summary judgment setting forth which damages the plaintiff can recover, the court concludes that the need for bifrucation no longer exists.  Accordingly, the court will hold a consolidated trial on both liability and damages.  The court will issue a scheduling order this day.

**II.  Reconsideration of the Ruling on Summary Judgment**

Local Rule 7(c) provides, in relevant part, "[m]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(e).  On April 8, 2005, the court issued its ruling on the cross-motions for summary judgment.  The plaintiff failed to file a motion for reconsideration within the

5

ten day window following the court's ruling.  Accordingly, to the extent that the motion seeks reconsideration of the court's summary judgment ruling, the motion is DENIED as untimely.

## CONCLUSION

For the reasons set forth above, the motion (document no.91) is GRANTED in part and DENIED in part.  The motion is GRANTED to the extent that it seeks to consolidate the issues of liability and damages for trial.  The motion is DENIED to the extent that it seeks reconsideration of the court's ruling on the motion for summary judgment.

It is so ordered this 7th day of September, 2005 at Hartford, Connecticut.

```
          _____/s/_____
              Alfred V. Covello
              United States District Judge
```