UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MOUNTAIN WEST HELICOPTERS, LLC,: \
LONG-LINE LEASING, LLC, \
HELOG AG and HELI-AIR ZAGEL \
LUFTTRANSPORT AG,

        Plaintiffs,

vs.

        CASE NO. 3:01-CV-1746 (AVC)

KAMAN AEROSPACE CORPORATION \
and JOHN DOES I THROUGH V,

        September 30, 2005

        Defendants.

## KAMAN AEROSPACE CORPORATION'S MOTION FOR ENFORCEMENT OF SANCTION AWARD

Kaman Aerospace Corporation ("Kaman") respectfully moves the Court for an order compelling plaintiffs to comply with the Court's February 11, 2005 sanction award. In support of this motion, Kaman states as follows:

1. On July 1, 2004, the Court issued an order directing the parties to complete discovery on the issue of damages by August 6, 2004.

2. Having received no documents in response to its discovery requests as of December 23, 2004, in spite of repeated efforts, Kaman moved the Court, in part, to compel plaintiffs' to produce all responsive documents by a date certain.

3. By order dated February 11, 2005 (Exh. A hereto), the Court directed plaintiffs to produce all outstanding documents and also awarded Kaman expenses associated with having to make the motion to compel.

4. On February 16, 2005, Kaman supplied plaintiffs' counsel with a statement of the expenses incurred by Kaman (Exh. B hereto).

5. Since February, counsel for Kaman has made repeated requests of plaintiffs' counsel to pay the sanction award.

6. On August 12, 2005, Kaman's counsel again sent a letter to plaintiffs' counsel in an effort to secure compliance with the sanction award (Exh. C hereto). No response to this letter was received.

WHEREFORE, Kaman respectfully requests that the Court enter an order:

1. Directing plaintiffs to comply with the February 11, 2005 sanction award; and

2. Awarding Kaman its costs and fees incurred in connection with this motion.

**DEFENDANT**
**KAMAN AEROSPACE CORPORATION**

By: _____
Timothy A. Diemand (ct 18075)
Aaron D. Singer (ct25515)
Wiggin and Dana LLP
One CityPlace
Hartford, CT 06103-3402
phone: (860) 297-3700
fax: (860) 525-9380
e-mail: tdiemand@wiggin.com
asinger@wiggin.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent by first class mail this 30th day of September, 2005, to:

Robert S. Young, Esq.
Law Offices of Robert S. Young
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Timothy A. Bishop, Esq.
Bishop & Jackson, LLC
80 Ferry Blvd., Suite 103
Stratford, CT 06615

                                                                                         Timothy A. Diemand

\14658\2\555549.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MOUNTAIN WEST HELICOPTER,
LLC, LONG-LINE LEASING, LLC,
HELOG AG and HELI-AIR ZAGEL
LUFTTRANSPORT AG,
   Plaintiffs,

2005 FEB 11 P 2: 55

U.S. DISTRICT COURT
HARTFORD, CT.

vs.

Civil No. 3:01CV1746(AVC)

KAMAN AEROSPACE CORP. and
JOHN DOES I THROUGH V,
   Defendants.

**RULING ON THE DEFENDANT'S
MOTION TO COMPEL AND TO STRIKE**

This is an action for damages brought pursuant to the Connecticut Products Liability Act ("CPLA") and common law tenents concerning breach of warranty. The plaintiffs, Mountain West Helicopter, LLC, Long-Line Leasing, LLC, Helog AG, and Heli-Air Zangel Lufttransport AG, (collectively the "logging companies"), allege that the defendant, Kaman Aerospace Corporation ("Kaman"), designed, manufactured and sold them defective helicopter clutches that subsequently caused two helicopters to crash.

Kaman has filed the within motion "to strike and for other relief in light of plaintiffs' failure to produce documents" (document no.64). Specifically, Kaman asks the court to "order that all outstanding documents be produced by a date certain" and "award Kaman all costs associated with its efforts to get plaintiffs to comply with their discovery obligations." In addition, Kaman argues that the court should "strike plaintiffs' Supplemental Memorandum" in support of summary judgment and "allow

1

Kaman to file a final brief in support of its motion for summary judgment after the plaintiffs' documents are received."

In response, the logging companies ask the court to deny Kaman's motion and award the logging companies "their expenses in opposing the motion" pursuant to Fed. R. Civ. P. 37(a)(4)(B).

For the reasons set forth below, Kaman's motion (document no.64) is GRANTED in part and DENIED in part. The logging companies' request for expenses (document no.67) is DENIED.

### FACTS

On March 9, 2004, the court denied Kaman's motion to dismiss (document no.31). In the order, the court noted that it need not "identify which claims for damages are proper and which are not." Rather, the court left the determination of recoverable damages for "another day."

On June 23, 2004, the parties filed a joint motion asking the court to allow the parties to "conduct limited damage discovery and then file cross-motions for summary judgment to determine the damages Plaintiffs can seek to recover"(document no.37).

On June 29, 2004, the court granted the joint motion (document no.40). Specifically, the order stated that "all discovery relating to the issue of damages shall be completed by August 6, 2004."

Over five months after this discovery deadline, the logging companies admit that they have failed to produce documents that the defendants requested.

On December 23, 2004, Kaman filed the within motion to strike and to compel discovery (document no. 64). On January 18, 2005, the logging companies filed their memorandum in opposition (document no. 67).

## DISCUSSION

### I. Motion to Compel

Federal Rule of Civil Procedure 37(a)(2)(A) provides in relevant part: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A). The logging companies admit that they failed to disclose documents that Kaman requested during discovery. Accordingly, the court orders the logging companies to produce the documents by February 22, 2005.

### II. Expenses Incurred in Making Motion to Compel

When a court grants a motion to compel, Rule 37 mandates, "the court *shall* . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(4)(A)(emphasis added).

The court, however, will not award such expenses if it finds either that 1) the moving party filed the motion "without the movant's first making a good faith effort to obtain the . . . discovery without court action," or 2) "that the opposing party's nondisclosure . . . was substantially justifiable . . ." Fed. R. Civ. P. 37(a)(4)(A).

The logging companies argue that the court should not award Kaman expenses in connection with the motion to compel because 1) Kaman did not make a good faith effort to obtain the documents before seeking court action, 2) the logging companies' failure to produce the documents is substantially justifiable, and 3) "sanctions" are not appropriate because the logging companies have not failed to comply with "an order compelling discovery." The court finds these arguments unpersuasive for the reasons set forth below.

### A. Good Faith Effort

The logging companies first argue that Kaman is not entitled to expenses because Kaman failed to make a good faith effort to obtain the discovery without court action. The court disagrees. Kaman provided the court with copies of the multiple letters that Kaman sent the logging companies seeking the documents. Accordingly, the court declines to find that Kaman is not entitled to expenses on this basis.

### B. Substantially Justifiable

The logging companies next argue that the court should not award expenses to Kaman because the failure to disclose the documents "is substantially justified by discussions with [Kaman's] counsel." Specifically, the logging companies argue that they made a "continuing offer to extend the briefing deadlines" to Kaman's counsel and he "gave no indication of any need to review those documents."

The court does not agree that the failure to produce the documents "is substantially justifiable." Kaman has repeatedly sent letters to the logging companies asking for the documents at issue. The logging companies have had five months to provide the documents, but they have repeatedly failed to do so. Accordingly, the court declines to find that Kaman is not entitled to expenses on this basis.

### C. Rule 37(b) Sanctions

The logging companies next argue that the "sanctions Kaman seeks . . . are neither justified nor contemplated" by Rule 37(b).[1] Specifically, the logging companies argue that the court has not issued an order compelling discovery and that Rule 37(b) only contemplates the "imposition of sanctions when a party fails to comply with . . . [an] order compelling discovery."

The logging companies' arguments regarding the limitations on Rule 37(b) sanctions are inapplicable because Kaman does not request sanctions pursuant to Rule 37(b). Rather, Kaman requests expenses pursuant to Rule 37(a). Rule 37(a) specifically mandates that the court "shall" require the logging companies, as the party "whose conduct necessitated the motion," to pay Kaman "reasonable expenses incurred in making the motion [to compel], including attorney's fees." Rule 37(a)(4)(A).

---

[1] Federal Rule of Civil Procedure 37(b) provides, in part, that when "a party fails to obey and order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure that are just . . ." Fed. R. Civ. P. 37(b).

Accordingly, the court orders the logging companies to pay Kaman "the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(4)(A).

### III. Additional Relief

In addition to granting the motion to compel and awarding expenses, Kaman argues that the court should 1) "strike plaintiffs' Supplemental Memorandum" in support of summary judgment in support of summary judgment, and 2) "allow Kaman to file a final brief in support of its motion for summary judgment after the plaintiffs' documents are received."

The court concludes that granting the motion to compel and awarding expenses is a sufficient to remedy the logging companies' failure to produce the documents. Accordingly, the motion to strike the logging companies supplemental memorandum is DENIED.

After Kaman has received the requested documents, Kaman may file a supplemental memorandum in support of its motion for summary judgment. The memorandum shall address only issues related to the new documents.

## CONCLUSION

The motion (document no. 64) is GRANTED in part and DENIED in part. Specifically, the motion to compel the requested documents is GRANTED. The court orders the logging companies to produce the requested documents by February 22, 2005. The logging companies shall also pay the reasonable expenses that the defendants incurred in making the within motion including attorney's fees.

Kaman's motion to strike the logging companies' supplemental memorandum is DENIED. Kaman, however, shall have to and including March 7, 2005 to file a supplemental memorandum addressing only issues related to the new documents.

Because the court has granted the motion to compel, the logging companies' motion for "expenses in opposing the motion" is DENIED.

It is so ordered, this 11th day of February, 2005 in Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.

Wiggin and Dana LLP  
One City Place  
185 Asylum Street  
Hartford, Connecticut  
06103-3402  
www.wiggin.com

Timothy A. Diemand  
860.297.3738  
860.525.9380 fax  
tdiemand@wiggin.com

# WIGGIN AND DANA
*Counsellors at Law*

VIA FACSIMILE AND REGULAR MAIL

February 16, 2005

Robert S. Young, Esq.  
The Law Offices of Robert S. Young, L.C.  
800 McIntyre Building  
68 South Main Street  
Salt Lake City, UT 84101

Re:   Mountain West/Helog v. Kaman, 01 CV 1746 (AVC)

Dear Rob:

As ordered by the Court in its February 11, 2005 Ruling on the Defendant's Motion to Compel and to Strike (copy attached), plaintiffs are to pay the expenses Kaman incurred in making its December 23, 2004 Motion. Kaman incurred $2,324.00 in attorneys' fees in connection with the Motion. This represents a total of 9.4 hours of attorney time (my time and Aaron Singer's time preparing the Motion and reviewing your January 17, 2005 opposition). In addition, Kaman incurred $1.75 for messenger expenses for filing the Motion.

Please have a check in the amount of $2,325.75 made payable to "Wiggin and Dana, Trustee for Kaman Aerospace Corporation" sent to my attention.

Sincerely,

Timothy A. Diemand

TAD/kjp  
Enclosure

cc:   Tim Bishop, Esq.

\14658\2\502017.2

**EXHIBIT C**



Wiggin and Dana LLP
One City Place
185 Asylum Street
Hartford, Connecticut
06103-3402
www.wiggin.com

Timothy A. Diemand
860.297.3738
860.525.9380 fax
tdiemand@wiggin.com

# WIGGIN AND DANA

*Counsellors at Law*

August 12, 2005

Robert S. Young, Esq.
The Law Offices of Robert S. Young, L.C.
800 McIntyre Building
68 South Main Street
Salt Lake City, UT 84101

Re:   <u>Mountain West/Helog v. Kaman</u>, 01 CV 1746 (AVC)

Dear Rob:

It has been almost six months since the court ordered plaintiffs to pay Kaman's fees incurred in making its December 23, 2004 motion. Enclosed please find a copy of my February 16, 2005 letter requesting payment. I enclose (as you requested) redacted copies of the bills representing the 9.4 hours of time incurred in connection with the motion.

This matter has remained outstanding for far to long Rob. Therefore, please have a check in the amount of $2,325.75 made payable to "Wiggin and Dana, Trustee for Kaman Aerospace Corporation," sent to me by August 29, 2005.

Sincerely,

Timothy A. Diemand

TAD/kjp
Enclosures

\14658\2\502017.8

*New Haven   Stamford   New York   Hartford   Philadelphia*